UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID PAKTER,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION f/k/a BOARD OF EDUCATION OF
THE CITY SCHOOL DISTRICT OF NEW YORK;
and JOEL I KLEIN, as Chancellor of the CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS THE
COMPLAINT**

## MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-314
New York, N.Y. 10007-2601

*Of Counsel:* Larry R. Martinez
*Telephone:* (212) 227-3153

Matter No. 2008-031238

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT ......................................................................................................... 4

POINT I ......................................................................................................... 4

PLAINTIFF'S FEDERAL CLAIMS ARE
BARRED, IN PART, BY THE APPLICABLE
STATUTE OF LIMITATIONS................................................. 4

A.  Time-Barred § 1983, Title VI, FLSA and FCA
Claims. ............................................................................ 4

B.  Time-Barred Title VII & ADEA Claims............................. 5

POINT II ....................................................................................................... 7

PLAINTIFF'S STATE LAW CLAIMS ARE
BARRED, IN PART, BY THE APPLICABLE
STATUTE OF LIMITATIONS................................................. 7

POINT III...................................................................................................... 8

PLAINTIFF'S NLRA CLAIMS MUST BE
DISMISSED. ............................................................................ 8

POINT IV...................................................................................................... 9

PLAINTIFF'S TITLE VI CLAIMS MUST BE
DISMISSED. ............................................................................ 9

POINT V ..................................................................................................... 11

PLAINTIFF'S FCA CLAIMS MUST BE
DISMISSED. .......................................................................... 11

POINT VI.................................................................................................... 14

PLAINTIFF'S TITLE VII & ADEA CLAIMS
MUST BE DISMISSED. ......................................................... 14

A.  Plaintiff's Title VII Claims Must Be Dismissed
For Lack of Subject Matter Jurisidction ............................ 14

B.   No Individual Liability Under Titles VI and
VII .......................................................................................................... 16

C.   Plaintiff's ADEA Claims Must Be Dismissed. .................................. 16

POINT VII ...................................................................................................... 18

PLAINTIFF'S NYSHRL & NYCHRL
RETALIATION CLAIMS MUST BE
DISMISSED. .......................................................................................... 18

POINT VIII...................................................................................................... 19

PLAINTIFF'S NEW YORK STATE LABOR
LAW CLAIMS MUST BE DISMISSED. ............................................... 19

POINT IX......................................................................................................... 21

PLAINTIFF'S CIVIL SERVICE LAW § 75-B
CLAIMS MUST BE DISMISSED. ......................................................... 21

POINT X........................................................................................................... 22

PLAINTIFF'S COMPLAINT MUST BE
DISMISSED AS PROLIX ...................................................................... 22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

DAVID PAKTER,

                                                    Plaintiff,

                        -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION f/k/a BOARD OF EDUCATION OF          08-CV-7673 (DAB)(KNF)
THE CITY SCHOOL DISTRICT OF NEW YORK;
and JOEL I KLEIN, as Chancellor of the CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK,

                                                    Defendants.

---------------------------------------------------------------------------x


**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

        David Pakter ("Plaintiff") commenced this action on September 2, 2008 alleging

that, since August 2003, he has been subjected to various acts of employment discrimination and

a hostile work environment on the basis of age. Plaintiff also alleges that he has been retaliated

against for opposing race discrimination in the Department of Education's ("DOE") educational

programs.  The claims are brought under numerous federal and state laws, including, *inter alia,*

Titles VI and VII of the Civil Rights Act of 1964 ("Title VI" and "Title VII),  42 U.S.C. § 1983

("1983"),  the Age Discrimination in Employment Act ("ADEA"); the National Labor Relations

Act ("NLRA"), the False Claims Act ("FCA"), the Fair Labor Standards Act ("FLSA"), New

York Labor Law, and New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL" respectively).

Defendants now move, pursuant to Rule 12(b)(1), (2), (4), (5) and (6) of the Federal Rules of Civil Procedure ("FRCP") to dismiss the complaint. First, plaintiff's state and federal claims are barred, in part, by the applicable statute of limitations. Second, plaintiff's Title VI claims must be dismissed because plaintiff lacks standing to sue and otherwise fails to state a cause of action upon which relief can be granted. Third, the Court lacks subject matter jurisdiction over plaintiff's unfair labor practice claims brought under the NLRA. Fourth, plaintiff's FCA claims must be dismissed based on plaintiff's failure to comply with various statutory prerequisites, failure to state a claim and failure to plead fraud with sufficient particularity. Fifth, plaintiff's Title VII and ADEA claims must be dismissed based on plaintiff's failure to exhaust administrative remedies. Sixth, plaintiff's NYSHRL and NYCHRL claims must be dismissed based on plaintiff's election of remedies. Seventh, plaintiff's New York Labor Law § 740 and § 741 claims must be dismissed for failure to state a claim upon which relief can be granted and based on plaintiff's election of remedies. Finally, plaintiff's N.Y. Civil Service Law § 75-b claims must be dismissed for failure to state a claim and failure to exhaust administrative remedies.

## STATEMENT OF FACTS[1]

Plaintiff, a sixty-three year old teacher of commercial art with the DOE, filed the instant Complaint asserting various claims of race and age discrimination. Plaintiff alleges that since 2003, while working at the High School of Art and Design ("A & D"), he has been subjected to various forms discrimination because of his age and his opposition to race

---

[1] The material factual allegations set forth in the complaint are deemed to be true solely for the purposes of this motion to dismiss.

discrimination in the school's educational programs.  See Complaint, Exhibit A, ¶ 23-32.[2] Specifically, plaintiff alleges that in 2003 he noticed that the "curriculum at A & D had been narrowed and made shallow in a number of areas . . . Music was also gone from the curriculum though plaintiff knew that . . . $75,000 was allocated in the school's annual budget for the discontinued music program . . ." Id.  Plaintiff claimed that a portion of the second floor which housed the high school music program intended to benefit students of "tan, brown or black skin" had been annexed to an elementary school which abutted the high school. Id. Plaintiff alleges that the elementary school was comprised of students who were "white, affluent [and] lived in the surrounding Upper East Side of Manhattan." Id. ¶ 28. Plaintiff alleges that "almost all white children [were] benefiting from what used to be the space of A & D." ¶¶ 29.

Plaintiff wrote to Chancellor Klein in October 2003 to inform him of the situation but was allegedly reprimanded for his communication. ¶ 33.  Plaintiff alleges that since he openly opposed what he purports was "racial discrimination in federal programs" he has been subjected to various forms of retaliation and age discrimination. ¶ 131.

Specifically, plaintiff claims that the following discrete acts were discriminatory: (a) plaintiff received an "unsatisfactory" annual evaluation rating for the 2003/2004 school year based on his excessive lateness and absences; (b) plaintiff was reassigned from A & D in September 2004 pending an internal investigation regarding the finding of pornography on his classroom computer;  (c) plaintiff was found medically "unfit for duty" in August of 2005; (e) N.Y. Education Law §3020-a disciplinary charges were issued to the plaintiff in April 2005 charging him with excessive lateness, absences and insubordination; (f) plaintiff was found

---

[2] Unless otherwise noted, all exhibits are annexed to the Declaration of Assistant Corporation Counsel Larry R. Martinez, dated October 19, 2008 ("Martinez Decl."), submitted herewith in support of defendants' motion.

guilty of the charges and suspended for two months in August 2006; and (g) in November 2006 plaintiff was reassigned from Fashion Industries High School. See Complaint, Exhibit A; ¶¶ 23-32; 35; 39; 53-65; 96 -101; 114 - 120; 145 - 153;  162; 163 -170.

On August 15, 2008, plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("SDHR") and the Equal Employment Opportunity Commission ("EEOC").  Plaintiff filed the instant federal complaint less than three weeks later, on September 2, 2008.

## ARGUMENT

## POINT I

### PLAINTIFF'S FEDERAL CLAIMS ARE BARRED, IN PART, BY THE APPLICABLE STATUTE OF LIMITATIONS.

**A.      Time-Barred § 1983, Title VI, FLSA and FCA Claims.**

Plaintiff's § 1983, Title VI, FLSA, and FCA claims are all subject to a three (3) year statute of limitations and accrue when a plaintiff knows or has reason to know of the injury which forms the basis of his action. See Pearl v. City of Long Beach, et al., 296 F.3d 76, 79 (2d Cir. 2002) (stating limitations period for 1983 actions); see also Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); Mussington v. St. Kukes Roosevelt Hosp. Ctr., 824 F. Supp. 427, n 4 (S.D.N.Y 1993) (stating limitations period of Title VI actions); Kelly v. City of Mt. Vernon, 344 F. Supp. 2d 395, 405 (S.D.N.Y. 2004)(stating limitations period for FLSA actions); McKenna v. Senior Life Mgmt., 429 F. Supp. 2d 695, 697 (S.D.N.Y. 2006)(stating limitations period for FCA claims).

In this case, plaintiff alleges that he has been discriminated against since August of 2003. See Complaint, Exhibit A, ¶¶ 136 through 207.   Therefore, all discrimination and retaliation claims based on discrete acts that accrued on or before September 2, 2005, or three

years before plaintiff filed the instant Complaint, are time-barred. The time barred claims include, but are not limited to: (a) Title VI claims based on discrete acts occurring in 2003; (b) plaintiff's 2004 "unsatisfactory" evaluation rating; (c) plaintiff's reassignment from Art & Design High School in September 2004; (d) the August 2005 determination which found plaintiff medically "unfit for duty"; and (e) the § 3020-a disciplinary charges issued to the plaintiff in April 2005. See e.g. Complaint, Exhibit A, ¶¶ 23-32; 35; 39; 53-65; 145-153; 155 – 162; 163 – 170. Therefore, all § 1983, Title VI, FLSA and FCA claims based on these discrete acts must be dismissed.

**B.      Time-Barred Title VII & ADEA Claims**

Title VII and ADEA claims brought in New York are subject to a 300 day statute of limitations for filing with the EEOC or a state agency with the authority to grant relief from such practice. Oscar Mayer & Co. v. Evans, 441 U.S. 750, 762 (1979); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325 (2d Cir. 1999); Butts v. New York City Dep't of Housing Preservation & Dev., 990 F.2d 1397, 1408 (2d Cir. 1993); 42 U.S.C. § 2000e-5(e)(1).

The SDHR has authority to remedy allegations of employment discrimination in violation of the NYSHRL and NYCHRL. See Tewksbury, 192 F.3d at 325. Moreover, pursuant to a work share agreement, a plaintiff can elect to simultaneously file federal retaliation and discrimination charges with the EEOC with his SDHR complaint. Id. However, any Title VII or ADEA claims which accrued more than 300 days prior to the filing of the charge of discrimination with the SDHR are barred by the statute of limitations. Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002); Butts, 990 F.2d 1402-03. The 300-day period starts to run when the claimant receives notice of the allegedly discriminatory conduct, not when the allegedly discriminatory decision takes effect. Delaware State Coll. v. Ricks, 449 U.S. 250, 258

(1980). The Supreme Court has mandated "strict adherence" to the statute of limitations. <u>See</u> <u>Morgan</u>, 536 U.S. at 1080 (citation omitted).

In this case, plaintiff filed a SDHR Complaint on August 15, 2008 which was dually filed with the EEOC. <u>See</u> SDHR Complaint, Exhibit B ¶¶ 2-3. Plaintiff alleges that since August 2003 he has "been subject to an ongoing pattern of discriminatory practices." <u>Id.</u> ¶¶ 3 through 5.

Therefore, pursuant to the 300-day statute of limitations, all Title VII and ADEA discrimination and retaliation claims arising from discrete acts occurring prior to October 20, 2007, or 300 days before plaintiff filed his EEOC charge on August 15, 2008, must be dismissed as time-barred. <u>See</u> SDHR Complaint, Ex. B. The time barred claims include, but are not limited to: (a) claims based on discrete acts occurring on or before October 20, 2007; (b) plaintiff's 2004 "unsatisfactory" evaluation rating; (c) plaintiff's reassignment from A & D in September 2004; (d) the August 2005 determination which found plaintiff medically "unfit for duty"; (e) the 3020-a disciplinary charges issued to the plaintiff in April 2005; (f) the August 2006 decision which found plaintiff guilty of the 3020-a charges; and (g) plaintiff's November 2006 reassignment from Fashion Industries High School. <u>See</u> <u>e.g.</u> Complaint, Exhibit A, ¶¶ "23-32; 35; 39; 53-65; 96 -101; 114 - 120; 145 - 153 - 162; 163 -170.

Finally, as each of these actions are "discrete acts", they are not subject to the continuing violation doctrine. <u>See</u> <u>Morgan</u> U.S. 536 U.S. at 114 ; <u>see</u> <u>also</u> <u>Ledbetter v. Goodyear</u> <u>Tire & Rubber Co., Inc.</u>, __ U.S. __, 127 S. Ct. 2162 (2007)("The time for filing a charge of employment discrimination with the … (EEOC) begins when the discriminatory act occurs. This rule applies to any discrete act of discrimination, including, but not limited to, discrimination in

termination, failure to promote, denial of transfer, and refusal to hire."). Therefore, all Title VII and ADEA claims based on the aforementioned acts must be dismissed.

**POINT II**

**PLAINTIFF'S STATE LAW CLAIMS ARE BARRED, IN PART, BY THE APPLICABLE STATUTE OF LIMITATIONS.**

An action brought against a school district alleging unlawful discriminatory practices in violation of the New York State and City Human Rights Laws are subject to a one year statute of limitations under N.Y. Education Law §3813(2)(b). Amorosi v. S. Colonie Indep. Sch. Dist., 9 N.Y.3d 367, 369 (2007).[3] Retaliation claims brought under New York Labor Law § 740, 741 and Civil Service Law § 75-b are also subject to a one year statute of limitations. See N.Y. Labor Law § 740(4)(a), § 741(3); N.Y. Civil Service Law §75-b(3)(c); see also generally McKenna, 429 F. Supp. 2d at 695.[4]

Plaintiff filed his complaint in this action on or about September 2, 2008. See generally Complaint, Ex. "A." Therefore, to the extent plaintiff bases his discrimination claims on discrete acts occurring prior to September 2, 2007, these claims are time-barred. The time-barred claims include, but are not limited to, any discrimination or retaliation claims arising from (a) claims based on discrete acts occurring in September 2, 2007; (b) plaintiff's 2004 "unsatisfactory" evaluation rating; (c) plaintiff's reassignment from A & D in September 2004; (d) the August 2005 determination which found plaintiff medically "unfit for duty"; (e) 3020-a

---

[3] This one year statute of limitations also applies to plaintiff's claims brought under the New York City Human Rights Law § 8-107(1), as these provisions mirror those of the NYSHRL and are analyzed under the same standards. See Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305 n. 3 (2004).

[4] These claims must also be dismissed in their entirety for reasons stated in Points VII, VIII, and IX below.

disciplinary charges issued to the plaintiff in April 2005; (f) the August 2006 decision finding plaintiff guilty of the disciplinary charges; and (g) plaintiff's November 2006 reassignment from Fashion Industries High School. See e.g. Complaint, Exhibit A, ¶¶ 23-32; 35; 39; 53-65; 96 -101; 114 - 120; 145 - 153 -  162; 163 -170.  Therefore, all NYSHRL, NYCHRL, Labor Law § 740, 741 and Civil Service Law § 75-b claims based on these acts must be dismissed.[5]

## POINT III

### PLAINTIFF'S NLRA CLAIMS MUST BE DISMISSED.

Plaintiff has asserted unfair labor practice claims under section 8 of the NLRA. See Complaint, Exhibit A, ¶¶ 155 through 162.  However, the Court lacks subject matter jurisdiction over plaintiff's claims because the National Labor Relations Board ("NLRB") has exclusive jurisdiction over all NLRA claims. See San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959).  In Garmon the Supreme Court held that, "[w]hen activity is arguably subject to. . .§ 8 of the [NLRA], the States as well as the federal court must defer to the exclusive competence of the [NLRB] . . ." San Diego Bldg. Trades Council, 359 U.S. at 245; see also LoPresti v. Merson, 00 Cv. 4255, 2001 U.S. Dist. LEXIS 1606, at *[] (S.D.N.Y. Sept. 21, 2001)(finding that "Garmon recognizes that Congress conferred primary jurisdiction over disputes that fall within section 7 and section 8 of the NLRA on the National Labor Relations Board ("NLRB") to ensure uniform interpretation of the NLRA.") .

In this case, plaintiff alleges that he cooperated in writing an article regarding his disciplinary history at the DOE that was published in his union newspaper. See Complaint, Exhibit A, ¶¶ 157-160.  Plaintiff claims that after the article was published in March 2007 he was "brought up on disciplinary charges for embarrassing his school and the DOE by

---

[5] These claims also must be dismissed for the reasons stated in Point VI below.

cooperating with the writer of [the] article . . ." Id.  Plaintiff alleges that  "[f]or an employer to restrain, coerce, or interfere with union communications to its membership, or take action against individual members for participating in such activities is an unfair labor practice under 29 U.S.C. § 158." Id.  To the extent that plaintiff asserts a claim under section 8 of the NLRA, plaintiff's claims must be dismissed because the Court lacks subject matter jurisdiction. See Commer v. Am. Fed'n of State, Cty. & Mun. Employees, 272 F. Supp. 2d 332, 339 (S.D.N.Y. 2003)(finding that "the Court does not have jurisdiction over action under § 8 of the NLRA.").

Assuming, *arguendo*, that the Court did have jurisdiction, plaintiff's claims must nevertheless be dismissed as time-barred.  Claims alleging violations of the NLRA are subject to a six month statute of limitations. See 29 U.S.C. § 160(b); see also NLRB v. Fant, 360 U.S. 301, 305 (1959).  As plaintiff filed his complaint on or about September 2, 2008, all NLRA claims which accrued on or before March 2, 2008 are time-barred and must be dismissed.

## POINT IV

### PLAINTIFF'S TITLE VI CLAIMS MUST BE DISMISSED.

Plaintiff has asserted claims of discrimination under Title VI of the 1964 Civil Rights Act. See Complaint, Exhibit A, ¶¶ 23 – 34, 145 - 153. Plaintiff claims that, in violation of Title VI, the DOE retaliated against him for voicing concerns about an allegedly discriminatory reallocation of school space and funds from a diverse high school to a non-diverse elementary school. Id. However, plaintiff's claims must be dismissed because plaintiff lacks standing to sue.

To have standing to assert a Title VI claim, a plaintiff must allege that: (1) defendants received federal financial assistance; (2) plaintiff was an intended beneficiary of the program or activity receiving the assistance; and (3) defendants discriminated against plaintiff on the basis of race, color, or national origin in connection with the program or activity." See

Commodari v. Long Island Univ., 89 F. Supp. 2d 353, 378 (E.D.N.Y. 2000). "In short, plaintiff must allege a 'logical nexus' between a federally funded program or activity and the employment discrimination he allegedly suffered." Commodari, 89 F. Supp. 2d at 378.

In this case, plaintiff's allegations fall woefully short from establishing the "logical nexus" between his discipline and a federally-funded program at the DOE. While plaintiff does plead the first standing element, his allegations nonetheless fail to establish the remaining two. See Complaint, Exhibit A, ¶¶ 23 – 34, 145- 153.

To establish the second standing element of a Title VI claim, plaintiff must allege that "the primary objective of the federal program is to provide employment." Murphy v. Middletown Enlarged City Sch. Dist., 525 F. Supp. 678, 709 (S.D.N.Y. 1981). In addition plaintiff must allege that he was an "intended beneficiar[y] of the federal spending program." Scelsa v. City Univ. of N.Y., 806 F. Supp. 1126, 1140 (S.D.N.Y. 1992). In this case, the Complaint not only fails to identify the DOE program whose "primary objective" is to provide employment, but also, fails to specify that plaintiff was an intended beneficiary of the program. Rather plaintiff alleges that in 2003, he "noticed that part of the second floor of A & D was no longer readily accessible to the high school operations . . . the curriculum at A & D had been narrowed. . [and] . . . [m]usic was gone from the curriculum [but] [p]laintiff also knew that $75,000 was allocated in the school's annual budget for the discontinued program; what were those funds being diverted to?" See Complaint, Exhibit "A, " ¶¶ 23-26. Plaintiff's allegations are speculative, conclusory and wholly without support and assuming for purposes of this motion that they are true, they do not establish that plaintiff was an intended beneficiary of the music program. Indeed, plaintiff's title VI challenge is limited to his opposition to the administrative

decision to narrow the school's curriculum, a decision that had no effect on him as the school's commercial art teacher. Complaint, Exhibit "A," ¶ 150.

Finally, plaintiff has failed to plead facts which establish the third element of standing, that is, that *plaintiff* was discriminated against on the basis of his race, color, or national origin in connection with the program or activity." <u>See</u> <u>Commodari</u>, 89 F. Supp. 2d 353 at 378. Indeed, plaintiff is hard pressed to set forth *any fact* that even remotely suggests that *he* was discriminated against on the basis of his race, gender or national origin. Rather plaintiff alleges that "because of [his] opposition to discriminatory acts [that] he ***observed***" he was "removed from his position and sent to 'reassignment detention.'" <u>See</u> Complaint, Exhibit A, ¶ 150 (emphasis added). Plaintiff's allegations do not establish that defendants discriminated against plaintiff on the basis of his race, color, or national origin. As such, plaintiff's Title VI claims must be dismissed in their entirety.

**POINT V**

**PLAINTIFF'S FCA CLAIMS MUST BE DISMISSED.**

Plaintiff's Complaint alleges that the DOE "repeatedly and falsely certified that all of its programs were in compliance with Title VI . . . [and] that funds were being spent as allocated to improve the education of low income students . . ." in violation of the FCA. <u>See</u> Complaint, Exhibit A, ¶ 165. Plaintiff's claims must be dismissed because they have been improperly asserted and because plaintiff fails to state a cause of action under the FCA.

An FCA action may be commenced in one of two ways. The U.S. Attorney may bring a civil action against the alleged false claimant or a private person (a "relator") may bring a *qui tam* civil action "for the person and for the United States Government" against the alleged

false claimant, "in the name of the Government." <u>See</u> § 3730(a)(b)(1); <u>see</u> <u>also</u> <u>Vt. Agency of</u> <u>Nat. Resources v. U.S. ex rel. Stevens</u>, 529 U.S. 765, 843 (2000).

To properly initiate a *qui tam* FCA action, the relator must bring the lawsuit in the name of the United States. <u>See</u> 31 U.S.C. § 3730(b)(2). The Complaint must be filed in camera under seal and must remain under seal for at least 60 days. <u>Id.</u> The Complaint "shall not be served on the defendant until the court so orders." <u>Id.</u> The relator must then deliver a copy of the Complaint pursuant to FRCP Rule 4 with "written disclosure of substantially all material evidence and information the person possesses" to the U.S. Attorney who then has 60 days to intervene in the action. <u>See</u> <u>id.</u> §§ 3730(b)(2),(4). If the federal government intervenes, it assumes primary responsibility for prosecuting the action. <u>Id.</u> § 3730(c)(1). If the U.S. Attorney declines to intervene within the 60-day period, only then will the relator have the exclusive right to conduct the action. <u>Id.</u> § 3730(b)(4).

In this case, plaintiff has ignored the aforementioned statutory requirements and his non-compliance requires the dismissal of his FCA claims. First, plaintiff has not filed the complaint in the name of the United Stated, rather, the caption clearly indicates that the plaintiff has filed the instant action in his individual capacity. <u>See</u> <u>generally</u> Complaint, Exhibit A. Second, the complaint was not filed under seal and has not remained under seal for at least 60 days. Indeed, the complaint was filed and served on defendants on the same day, September 2, 2008. Third, plaintiff has not alleged that he has served or otherwise given the U.S. Attorney an opportunity to assume jurisdiction over plaintiff's claims. Given plaintiff's blatant disregard for these statutory procedures, which are conditions precedent to suit, plaintiff's FCA claims must be dismissed in their entirety.

Assuming, *arguendo*, that he did initiate a proper *qui tam* FCA action, plaintiff's FCA claims must nonetheless be dismissed. In order to state a claim under the FCA, plaintiff must show that defendants: (1) made a claim; (2) to the United States government, (3) that is false or fraudulent; (4) knowing of its falsity; and (5) seeking payment from the federal treasury. See Mikes v. Strauss, 274 F.3d 687, 695 (2d Cir. 2001). Furthermore, allegations arising under the FCA must meet the heightened pleading requirements of FRCP Rule 9(b). See Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476 (2d Cir. 1995). Under the heightened pleading requirement, a complaint alleging fraud must: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. U.S. ex rel. DeCarlo Kiewit/AFC Enterprises, 937 F. Supp. 1039, 1049 (S.D.N.Y. 1996); see also Raghavendra v. The Trustees of Columbia Univ., 06 Civ. 6841 (PAC)(HBP), 2008 U.S. Dist LEXIS 51995, at *30 (S.D.N.Y. July 7, 2008)("In order to sufficiently state an FCA claim, a plaintiff must allege that the very purpose of making the false statement must be to defraud the government.").

In Raghavendra, plaintiff, an employee of Columbia University's Institutional Real Estate Department, filed a complaint raising FCA claims in his individual capacity against the university and several individual defendants. Plaintiff alleged, *inter alia,* that Columbia had "been receiving over $550 Million Dollars every year by defrauding the government and or by pretending to offer 'Equal Opportunity' when in fact there is no Equal Opportunity (beyond any fake racial tokens and or [sic] strategic window dressing." Raghavendra, 2008 U.S. Dist LEXIS 51995, at *29-*31. In dismissing plaintiff's FCA claims the Court held that:

> [Plaintiff's] allegation lacks the requisite specificity
> and detail, and fails to state when or how the
> University defrauded the government, who made
> the false statements to the government, and what

false information those statements contained. As the Supreme Court recently made clear in *Allison Engine Co. v United States,* "it is insufficient for a plaintiff asserting [an FCA claim] to show merely that [a] false statement's use resulted in obtaining. . . payment." 128 S.Ct. 2123 (2008).

Id.

Like the plaintiff in <u>Raghavendra</u>, plaintiff's complaint in this case fails to satisfy the heightened pleading requirements necessary to state a FCA claim. Plaintiff alleges that some unidentified individuals at the DOE "repeatedly and falsely certified that all of its programs were in compliance with Title VI." <u>See</u> Complaint, Exhibit A, ¶ 165. Plaintiff did not reveal the identity of the speaker did not specify where and when the statements were made, did not explain why the statements are fraudulent and did not allege that the very purpose of making the false statements was to defraud the government. Plaintiff's utter lack of specificity is fatal to his FCA claim. The mere fact that the DOE may receive federal funds coupled with the allegation of mistreatment of minority students simply does not establish an FCA claim. As the Court in <u>Raghavendra</u> held:

> It simply is not the law, therefore, that any disgruntled employee who works for an entity receiving federal dollars can adequately plead an FCA claim by [merely] stating that the employer accepted federal dollars and treated its workers unfairly.

<u>Id.</u> at * 31. Therefore, plaintiff's FCA claims must be dismissed in their entirety.

## POINT VI

## PLAINTIFF'S TITLE VII & ADEA CLAIMS MUST BE DISMISSED.

**A.**   **Plaintiff's Title VII Claims Must Be Dismissed For Lack of Subject Matter Jurisdiction**

It is well settled that a plaintiff seeking to raise a Title VII claim must receive a right-to-sue ("RTS") letter from the EEOC before filing a lawsuit in federal court. See 42 U.S.C. § 2000e-5(f)(1); see also Hodge v. New York College of Podiatric Medicine, 157 F.3d 164, 168 (2d Cir. 1998)  Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74 (2d Cir. 2003). Courts have determined that the receipt of a RTS goes to the question of whether a federal court has subject matter jurisdiction over plaintiff's Title VII claims. See Tsaganea v. City Univ. of New York, 05 Civ. 15366 (DAB)(JCF), 2007 U.S. Dist LEXIS 74355 at *11-13 (S.D.N.Y. Oct. 5, 2007).

In the Complaint, plaintiff alleged that "[o]n or about August 29, 2008, the EEOC issued a Notice of Right to Sue to plaintiff, which notice was received by plaintiff on or about September 2, 2008." See Complaint, ¶ 136.  However, plaintiff did not attach the RTS letter to the Complaint.  Moreover, the EEOC has confirmed that it has *not* issued a right to sue letter to the plaintiff. See Martinez Decl., ¶¶ 2-5. [6]  The EEOC has also confirmed that if the SDHR is currently investigating plaintiff's state claims, it would not have issued a RTS letter. See id. Therefore, because no RTS letter has been issued by the EEOC in this case, the Court lacks subject matter jurisdiction requiring the dismissal of plaintiff's Title VII claims.

---

[6] On a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the court may consider matters outside the pleadings, such as affidavits, documents, and testimony. See, e.g., Antares Aircraft v. Fed. Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), *aff'd on remand*, 999 F.2d 33 (2d Cir. 1993); Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986); John Street Leasehold, LLC v. Capital Mgmt. Res., L.P., 154 F. Supp. 2d 527 (S.D.N.Y. 2001). Thus, the standard used to evaluate a Rule 12(b)(1) motion is similar to that used for summary judgment under Fed. R. Civ. P. 56. See Kamen, 791 F.2d at 1011. The plaintiff has the ultimate burden of proving the Court's jurisdiction by a preponderance of the evidence. See Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 762 (2d Cir. 1983); see also Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (when subject matter jurisdiction is challenged under Rule 12, plaintiff must bear burden of persuasion); Martin v. Reno, 1999 U.S. Dist. LEXIS 11104, No. 96 Civ. 7646, (S.D.N.Y. July 22, 1999).

Assuming, that the Court has jurisdiction and to the extent plaintiff raises "discrimination" claims in violation of Title VII, plaintiff's claims must be dismissed. See Complaint, Exhibit A, ¶ 154. To establish a *prima facie* case of discrimination under Title VII, plaintiff must show: (1) he was in a protected group; (2) he was performing his job duties satisfactorily; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). Plaintiff has not identified membership in any protected class and has therefore failed to establish a *prima facie* case of Title VII discrimination. Indeed, plaintiff has failed to allege sufficient facts even remotely establishing that *he* was discriminated against on the basis of his race, gender, religion or national origin. Therefore, any claim suggesting that plaintiff has been discriminated against in violation of Title VII must be dismissed.

**B.    No Individual Liability Under Titles VI and VII**

Under Title VI and VII, individual employees and supervisors can not be held liable. Therefore, all Title VI and VII claims against the individually named defendants in this case must be dismissed. See Tomka v. Seiler Corp., 66 F.3d 1295, 1314, 1317 (2d Cir. 1995) (abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998)); see also Goonewardena v. New York, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007).

**C.    Plaintiff's ADEA Claims Must Be Dismissed.**

Plaintiff's ADEA claims must be dismissed for failing to exhaust his administrative remedies. It is well settled that "[n]o civil action may be commenced by an individual under this section until 60 days *after* a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." See 29 U.S.C. § 626(d) (emphasis added); see also Hodge v. N.Y. College of Podiatric Medicine, 157 F. 3d 164, 168 (2d

Cir. 1998).  In an action raising ADEA claims, a plaintiff will be deemed to have exhausted his administrative remedies by withdrawing agency charges after they have been pending with the EEOC for at least 60-days.  See Hodge, 157 F.3d at 168.

In this case, plaintiff filed his ADEA claims with the EEOC on August 15, 2008.  See SDHR Complaint, Exhibit "B."  Two weeks later, on September 2, 2008, plaintiff prematurely filed the instant Complaint.  See Complaint, Exhibit "A."  Moreover, plaintiff does not allege that he has withdrawn his claims from either the SDHR or the EEOC.  Therefore, because plaintiff commenced the instant action less than eighteen (18) days after he filed his claims with the EEOC, plaintiff's ADEA claims must be dismissed for failure to exhaust administrative remedies.

Finally, assuming that plaintiff has exhausted his administrative remedies, plaintiff's ADEA retaliation claims must be dismissed.  Plaintiff makes the bald allegation that he has been retaliated against because of his ". . . his opposition to defendants' acts of . . . age discrimination."  See Complaint, Exhibit "A" ¶ 133.    To establish a *prima facie* case of retaliation, plaintiff must show "[1] participation in a protected activity, [2] knowledge by his employer of such activity, [3] that he suffered a materially adverse action, and [4] that there is a causal connection between the protected activity and the materially adverse action."  Thomas v. iStar Fin., Inc., No. 05 CV 606, 2006 U.S. Dist. LEXIS 46938, at *35 (S.D.N.Y. July 7, 2006). In this case, plaintiff fails to establish a *prima facie* case of retaliation because plaintiff does not even remotely attempt to identify participation in a protected activity.  Stated differently, plaintiff has not alleged sufficient facts to establish that he voiced any opposition to age discrimination.  Indeed, plaintiff has not alleged sufficient facts to establish any of the remaining elements of the *prima facie* case.  If anything, plaintiff basis his retaliation claims almost

exclusively on the allegation that the DOE retaliated against him for voicing concerns in 2003 about an allegedly discriminatory reallocation of school space and funds from a diverse high school to a non-diverse elementary school. See Complaint, Exhibit A, ¶¶ 23 – 34, 145 - 153. Plaintiff's conclusory allegations are fatal to his ADEA retaliation claims which must be dismissed in their entirety.

## POINT VII

### PLAINTIFF'S NYSHRL & NYCHRL RETALIATION CLAIMS MUST BE DISMISSED.

Plaintiff has raised retaliation claims based on his alleged opposition to age and race discrimination under New York State Labor Law § 740 and § 741 ("§ 740" and "741" respectively), NYSHRL and NYCHRL. See Complaint, Exhibit A, ¶¶ 171- 185.    Plaintiff's retaliation claims must be dismissed because "[w]hen a plaintiff commences an action asserting a claim for relief pursuant to N.Y. Labor Law § 740, he waives all claims that arise out of the same retaliatory action on which the § 740 claim is based." See Rohlehr v. Brookdale Univ. Hosp. & Med. Ctr., 390 F. Supp. 2d 207, 211 (E.D.N.Y. 2005).  Moreover, "[d]ismissal of the §740 claim does not negate the §740(7) waiver." Rohlehr, 390 F. Supp. 2d at 211.

N.Y. Labor Law § 740(7) establishes an election of remedies for individuals seeking to redress retaliation claims under this statutory provision.  Specifically, where an individual seeks to invoke the protections of § 740, all causes of action for retaliation raised under separate statutes, including the NYSHRL and NYCHRL, which arise out of the same set of facts on which the § 740 claim is based must be dismissed.  Indeed, Section 740(7) explicitly provides that:

> The institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract,

> collective bargaining agreement, law, rule, or
> regulation or under the common law.

<u>See</u> N.Y. Labor Law § 740(7).

The purpose of the election is to prevent N.Y. Labor Law § 740 from being used as an adjunct to other litigation, which is precisely what plaintiff is trying to do in this case. <u>See</u> <u>McGrane v. Readers Digest</u>, 92 Civ. 8132 (VLB), 1993 U.S. Dist LEXIS 17790, at *6 (S.D.N.Y. December 13, 1993), *aff'd without opinion*, 60 F.3d 811 (2d Cir. 1995). Therefore, because plaintiff has elected to redress his retaliation claims under N.Y. Labor Law § 740, his retaliation claims brought under the NYSHRL and NYCHRL must be dismissed in their entirety. <u>See</u> <u>Reddington v. Staten Island Univ. Hosp.</u>, 373 F. Supp. 2d 177, 188 (E.D.N.Y. 2005)(finding that the waiver provision of § 740(7) may apply to NYSHRL and NYCHRL retaliation claims); <u>see</u> <u>also</u> <u>Owitz v. Beth Israel Med. Ctr.</u>, 1 Misc.3d 912A (N.Y. Cty. January 29, 2004)(dismissing NYSHRL and NYCHRL retaliation claims in state action raising a § 740 retaliation claim).

## <u>POINT VIII</u>

### PLAINTIFF'S NEW YORK STATE LABOR LAW CLAIMS MUST BE DISMISSED.

As stated in Point VII above, plaintiff has asserted retaliation claims under the New York State Labor Law § 740 and § 741. <u>See</u> Complaint, Exhibit A, ¶¶ 176-183. However, plaintiff's Labor Law retaliation claims must be dismissed because by filing a retaliation claim under the False Claims Act, plaintiff has forfeited any claim he might have brought under § 740. <u>See</u> <u>United States ex rel. Mikes v. Straus</u>, 853 F. Supp. 115, 120 (S.D.N.Y. 1994). Moreover, plaintiff's retaliation claims under §741 must be dismissed because that provision applies only to health care employees.; <u>McKenna v. Senior Life Mgmt.</u>, 429 F. Supp. 2d 695, 698 (S.D.N.Y. 2006) ("designed to protect against substantial and specific danger to public health and safety"); <u>see</u> <u>also</u> N.Y. Lab. Law § 740(2), §741(1)(a).

In Straus, plaintiff filed a *qui tam* FCA action against his physician employers alleging that defendants improperly conducted diagnostic tests paid for by Medicare and failed to withhold required payroll taxes for certain employees who were improperly treated as independent contractors. See Straus, 853 F. Supp. at 119. Plaintiff alleged that, to the extent he had been terminated for opposing defendants' actions, he had been retaliated against in violation of the FCA and N.Y. Labor Law § 740. Id. In dismissing plaintiff's § 740 claim, the Court determined that the election of remedies provision contained in § 740(7) prevents a plaintiff from asserting a § 740 claim in a federal action raising retaliation claims under the FCA. See Straus, 853 F. Supp. at 120-121. The Court determined that because the waiver provision contained in § 740(7) raised federalism concerns, namely whether it applied to the federal statute, retaliation claims raised under both § 740 and the FCA could not be raised in the same federal action. Indeed, the Court held that:

> It is thus impossible for [a] Labor Law 740 claim to be pursued in this case [and] it cannot be included in any amended complaint.

See Straus, 853 F. Supp. at 121.

Like the plaintiff in Straus, the plaintiff in this case has asserted both an FCA and a § 740 retaliation claim. See Complaint, Exhibit A, ¶¶ 163-170; 176-183. As these causes of action are incompatible in a federal complaint, plaintiff's §740 claims must be dismissed if he is permitted to pursue a federal retaliation claim. Alternatively, to the extent plaintiff's FCA *qui tam* action is dismissed, the Court should not assert supplemental jurisdiction over plaintiff's state claim which should be pursued in state court.[7]

---

[7] It need only be emphasized that the "[d]ismissal of the §740 claim does not negate the §740(7) waiver." Rohlehr, 390 F. Supp. 2d at 211.

Finally, plaintiff's retaliation claims brought under N.Y. Lab. Law § 741 must be dismissed because that section applies only to employees who "perform health care services." See N.Y. Lab. Law §741(1)(a); see also Reddington, 373 F. Supp. 2d at 177 (finding that plaintiff failed to state a retaliation claim under § 741 because the statute applied only to health care worker."). Here, as plaintiff was employed by the DOE as a commercial art teacher, his § 741 claims must be dismissed in their entirety. See Complaint, Exhibit A, ¶ 9, 11.

### POINT IX

### PLAINTIFF'S CIVIL SERVICE LAW § 75-B CLAIMS MUST BE DISMISSED.

Plaintiff has raised retaliation claims pursuant to New York Civil Service Law § 75-b. See Complaint, Exhibit A, ¶¶ 176- 183. These claims must be dismissed because plaintiff failed to exhaust his administrative remedies.

New York Civil Service Law § 75-b explicitly states that only employees who lack the protection of a collective bargaining agreement grievance procedure may pursue an action in court under this statute. See N.Y. Civil Serv. Law § 75-b(3); see also Munafo v. Metropolitan Transportation Auth., 98 Civ. 4572, 2003 U.S. Dist. LEXIS 13495, at *93-94 (E.D.N.Y. Jan. 22, 2003).

In this case, plaintiff is subject to the collective bargaining agreement ("CBA") between his union, the United Federation of Teacher ("UFT"), and the DOE. Specifically, Article 22 of the UFT/DOE contract indicates that a teacher can commence a grievance alleging "that there has been as to him/her a violation, misinterpretation or inequitable application of any of the provisions of this Agreement . . ." See Articles 2 and 22 of the 2003-2007 & 2007-2009 DOE/UFT CBA, Exhibit C. Moreover, Article 2 of the CBA protects DOE employees against all forms of employment discrimination. See Exhibit C, Article 2 at p. 1. In this case, because

plaintiff could have grieved his retaliation claims, his Civil Service Law § 75-b claims must be dismissed in their entirety. See Singh v. City of New York, 418 F. Supp. 2d 390 (E.D.N.Y. 2005)(City employee's § 75-b retaliation claim failed as a matter of law because the employee had failed to avail himself of the grievance and arbitration provisions in their collective bargaining agreement with New York City.); see also Obot v. NYSDOCS, 89 N.Y.2d 883 (1996) (finding that a claim that disciplinary charges are retaliation for discrimination is a defense to the disciplinary charges and should be brought in the arbitration. Plaintiff cannot use claim to seek to vacate award if didn't raise it before the arbitrator.).

## POINT X

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PROLIX

Finally, defendants move to dismiss the complaint in its entirety as prolix under FRCP Rules 8 and 12(e). The complaint does not set forth "a short and plain statement of the claim. . ." and is not simple, concise or direct. See Rule 8(a) and (c); Jones v. National Communications and Surveillance Networks, et al., 2008 U.S. App. LEXIS 3669, *5 (2nd Cir. 2008)(affirming denial of motion to amend a complaint on grounds that it was prolix).

The complaint in this case is over forty-four (44) pages and two-hundred and nine (209) paragraphs long. Plaintiff's factual allegations consist of "unnecessary prolixity. . .[which places] an unjustified burden on the court and the party who must respond to it. . .." Fitzgerald v. Kellner, et al. 2006 U.S. Dist. LEXIS 79877, *7 (N.D.N.Y. 2006)(internal brackets omitted)(ordering plaintiffs to file an amended complaint without unnecessary detail and setting forth the claims they intend to bring); see also generally Exhibit "A."

Answering plaintiff's complaint and any proposed amendment thereto would place an undue burden on defendants by requiring its counsel to, again, go through each and

every factual allegation with agency counsel and, again, "interview[]. . .employee[s] identified in the complaint in an attempt to admit or deny the dozens . . . of factual allegations." <u>Novak v. New York State Electric and Gas Corp., et al.</u>, 2006 U.S. Dist. LEXIS 73031, *7 (N.D.N.Y. 2006)(ordering plaintiff to re-plead action in a complaint that complies with the Federal Rules.). Therefore, should defendants' motion be denied, the Court should not require defendants to respond to such a complaint and, if plaintiff feels compelled to amend his complaint, defendants respectfully requests that plaintiff be ordered to amend the complaint to conform to Rule 8 of the Federal Rules of Civil Procedure.

## CONCLUSION

**WHEREFORE**, defendants respectfully request that this motion to dismiss be granted in all respects, that the complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             October 22, 2008

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-314
New York, New York 10007-2601
(212) 227-3153
lmartine@law.nyc.gov

By:      **ECF**      /s/
             Larry R. Martinez,
             Assistant Corporation Counsel

**KATHLEEN M. COMFREY,**
**LARRY R. MARTINEZ**
    *Of Counsel*