In the Matter of the Claim of

DAVID PAKTER,

                Claimant,

-against-

DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, and JOEL I. KLEIN, as Chancellor
of the DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,

                Respondents,

(Pursuant to Education Law §3813).

**VERIFIED
NOTICE OF CLAIM**

TO:    BOARD OF EDUCATION OF THE CITY
        SCHOOL DISTRICT OF THE CITY OF NEW YORK
        Office of the Corporation Counsel of the City of New York
        100 Church Street, 4th Floor
        New York, New York 10007

        JOEL I. KLEIN, as Chancellor of the
        DEPARTMENT OF EDUCATION
        OF THE CITY OF NEW YORK
        Office of the Corporation Counsel of the City of New York
        100 Church Street, 4th Floor
        New York, New York 10007

        PLEASE TAKE NOTICE that DAVID PAKTER ("Claimant"), a tenured teacher employed by the Respondents referred to above, hereby asserts and gives notice of, pursuant to Section 3813 of the Education Law, his claim against the Respondents based upon the facts as asserted below:

1. The post office address of the Claimant is:

   900 Park Avenue, Apartment 27D
   New York, New York 10075-0231

2. The name and address of the attorney for the Claimant is:

   JAMES R. SANDNER, ESQ.
   New York State United Teachers
   By: Christopher M. Callagy, Of Counsel
   52 Broadway, 9th Floor
   New York, New York 10004
   (212) 533-6300

3. Nature of the claim:

   The deliberate and knowing violation of the Claimant's rights by the Respondents of the United States Constitution and the New York State Constitution, including but not limited to: Claimant's civil rights under 42 U.S.C. §1983; Claimant's First Amendment rights to freedom of speech; Claimant's federal and state "Whistleblower" protection laws and labor codes; Claimant's Fourteenth Amendment rights to due process of law; Claimant's rights as afforded pursuant to the New York State Labor Law; Claimant's rights as afforded pursuant to the New York State Civil Service Law; Claimant's rights pursuant to the Taylor Law; Claimant's rights under the Equal Protection Clause of the First Amendment; and Claimant's rights pursuant to the contract ("Agreement") between The Board of Education of the City School District of the City of New York and United Federation of Teachers.

4. Claimant, DAVID PAKTER, is a tenured teacher in the employ of the Board of Education of the City School District of the City of New York, presently styling itself the New York City Department of Education (The "Department"), and was assigned to the High School of Fashion Industries in Manhattan.

5. As a result and direct benefit of Claimant's profession, he is and has at all times relevant been a member of the labor union known as United Federation of Teachers ("UFT").

6. On or about November 22, 2006, Claimant was ordered to leave the aforementioned school and to report to a "reassignment center" operated by Respondents and located at 388 West 125th Street, 6th Floor, New York, New York, and ordered to continue to report to this location daily, until further notice.

7. On or about October 23, 2007, charges were preferred against Claimant pursuant to *Education Law* § 3020-a. Said charges seek the Claimant's termination. Those charges form the basis for this Notice of Claim.

8. The basis for the charges which seek the termination of the Claimant is an article that was published in the UFT union newspaper, entitled *"Whistle-blower axed - again. Exonerated at 3020-a and medical arbitration, but* DOE *persists with new charges"* and was written by Jim Callaghan, a reporter for the UFT newspaper: New York Teacher.

9. The Respondents have repeatedly targeted the Claimant, arbitrarily and capriciously, thus infringing on his constitutional rights.

10. After the publication of the aforementioned article in the union newspaper, which was circulated amongst its members, charges were preferred against the Claimant relating to that trade article. Specifically, the Respondents charged:

> "SPECIFICATION 6:
>
> Respondent's actions caused widespread negative publicity and notoriety to the High School of Fashion Industries and the New York City Department of Education in general when his unprofessional behavior was referenced in a UFT Newspaper."

11. Respondents, in their unwavering scrutiny of Claimant, seek to punish Claimant for having his story published in the union-authored newspaper which raised a number of matters of public concern in violation of Claimant's constitutional rights.

WHEREFORE, as a result, the Claimant seeks monetary damages in the amount of THIRTY ($30,000,000.00) MILLION DOLLARS. The items of damage are: infringement upon the Claimant's Federal and State Constitutional rights, including but not limited to Claimant's civil rights; his right to free speech; his "Whistleblower" rights; his rights under the Labor Law; his rights under the Taylor Law; his rights under the Civil Service Law; his Equal Protection rights under the First Amendment; his rights under the Agreement, and compensation for his loss of professional standing and pain and suffering.

Therefore, this Claim is presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE, that by reason of the foregoing, upon default of the Respondents to pay said claim to Claimant within the time limited for compliance with said demand by the applicable statute(s), Claimant intends to commence and action against the Respondents to recover said damages, along with interest, costs and attorneys' fees.

Dated: New York, New York
       January 14, 2008

By:                JAMES R. SANDNER
                    Attorney for Claimant
                    52 Broadway, 9th Floor
                    New York, NY 10004
                    (212) 533-6300

                    CHRISTOPHER M. CALLAGY
                    Associate Senior Counsel

# VERIFICATION

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF NEW YORK   )

DAVID PAKTER, being duly sworn, deposes and says that:

deponent is the claimant in the within claim; that deponent has read the foregoing Notice of Claim and knows the contents thereof; and that the same is true to deponent's own knowledge; except as to matters therein stated to be alleged upon information and belief; and that as to those matters deponent believes them to be true.

_____
DAVID PAKTER
900 Park Avenue, Apartment 27D
New York, New York 10075-0231

Sworn to before me this
14 day of January, 2008

_____
NOTARY PUBLIC
DIANNE DUGAN
Notary Public, State of New York
No. 01DU4734555
Qualified in New York County
Commission Expires 3/30/2011

.NYC-Legal:113048v1

5