"His MMPI-2 clinical and content scales are within normal limits. No clinical symptoms were reported".

Immediately on being notified of the claim of the Medical Office Director Dr. Audrey Jacobson that Pakter was not "fit for duty", David attempted to avail himself of the remedy specified in Dr. Jacobson's letter: that he "may request an independent evaluation by a medical arbitrator." His NYSUT attorney sent a certified letter to Dr. Jacobson memorializing Pakter's demand for medical arbitration and the United Federation of Teachers simultaneously filed in a timely manner. To obtain another opinion on his fitness to teach, David and his NYSUT attorney sought and obtained the services of the eminent Forensic Psychiatrist, Dr. Alberto M. Goldwaser, M.D., D.F.A.P.A. After a lengthy and expert evaluation, and also careful study of hundreds of pages of documents including the documents and reports utilized by Dr. Jacobson in making her own evaluation, Dr. Alberto Goldwaser concluded that there was no scientific evidence whatsoever to substantiate the claim of the Medical Office that Pakter was not "fit for duty".

But David also wanted another opinion from the Medical Office, and asked the UFT for help in getting another evaluation. He finally received notice from the Medical Office that they had arranged an appointment with their "independent medical arbitrator," Dr. Charles E. Schwartz, M.D., to take place at Montefiore Hospital on Dec. 21, 2005 at 5:15 PM. Due to a transportation strike, the appointment was delayed until Jan. 11, 2006, with the physician named above. David was accompanied at the medical arbitration by Dr. Alberto Goldwaser, as well as a reporter and journalist (Betsy Combier). Near the end of the two-and-a-half-hour medical arbitration meeting, Dr. Schwartz agreed and concurred with Dr. Goldwaser that there was no scientific evidence to support the claim of Dr. Audrey Jacobson, Director of the Medical Office, that Pakter was not "fit for duty".

Six months later, David sent me this email:
"The Director of The New York City Dept of Education Medical Office, Dr. Audrey Jacobson, has admitted in a signed letter sent to David Pakter, that her office made a mistake in claiming Mr. Pakter was not "fit for duty" on August 16, 2005.

In a tersely worded letter dated June 5, 2006, DOE Medical Office director, Dr. Jacobson stated:

"The independent medical arbitrator has upheld your appeal, and has declared that the Medical, Leaves & Benefits Office was incorrect in deeming you unfit for duty as of August 16, 2005. The findings of the medical arbitrator are equally binding on you and the Department of Education. A copy of the arbitrator's decision has been sent to your physician."

This is believed to be the first instance in more than a quarter of a century that a New York City teacher, having been found "unfit" by the Department of Education Medical Office, was able to have such a charge overturned."

I filed a freedom of information request to obtain information on charges against David:

From: Betsy [betsy@parentadvocates.org]
Sent: Tuesday, September 05, 2006 12:25 AM
To: Holtzman Susan
Cc: Arons Elizabeth Dr.; Best Michael (Legal Services); Cantor David; Caputo Virginia; MCardozo@law.nyc.gov; Longoria Carragher Arlene; TCrane@law.nyc.gov;　　　　　　　　　　betsy@parentadvocates.org; Solarmedia@aol.com; Feinberg Marge; RFreeman@dos.state.ny.us; JFriedla@law.nyc.gov; AbGolden@law.nyc.gov; Greenfield Robin;

Kicinski Christine J; Klein Joel I.; LKoerner@law.nyc.gov; Onek Matthew; NorScot@aol.com
Subject: Press FOIL Request from The E-Accountability Foundation

The E-Accountability Foundation
Parentadvocates.org
Betsy Combier, President and Campaign Sponsor
betsy@parentadvocates.org September 5, 2006
Ms. Susan W. Holtzman
Central Records Access Officer
Office of Legal Services
New York City Department of Education
52 Chambers Street
New York, NY 10007

SHoltzm@schools.nyc.gov

Dear Ms. Holtzman:

Under the provisions of the New York Freedom of Information Law, Article 6 of the Public Officers Law, I hereby request to purchase records or portions thereof pertaining to:

1) all Technical Assistance Conference memoranda ("TAC memos") that were authored by personnel assigned to the Office of Legal Services, and which mention David Pakter

2) all Technical Assistance Conference memoranda ("TAC memos") that were authored by personnel assigned to the Office of Appeals and Reviews, and which mention David Pakter.

If any record has been redacted or denied, please identify which categories of information have been redacted or denied, and cite the relevant statutory exemption.

I would prefer to receive the requested records by E-mail.

If you have any questions relating to the specific records or portion(s) being sought, please phone me so that we may discuss them.

You may not deny access to inter-agency or intra-agency records that are not "final agency policy or determinations" if they contain "statistical or factual tabulations or data" (or other material subject to production) within them, unless statutory exemptions different from FOIL §87(2)(g) are applicable. Both you and Mr. Best were previously in error for denying access to records on the sole ground that they were not "final agency policy or determinations."

RELEVANT JUDICIAL DECISIONS

Xerox Corporation v. Town of Webster (65 NY2d 131)

New York 1 News v. Office of the Borough President of Staten Island (647 NYS2d 270, affirmed 231 AD2d 524)

Gould v. New York City Police Department (89 NY2d 267)

RELEVANT ADVISORY OPINION
FOIL-AO-13952

As you know, the Freedom of Information Law requires that an agency respond to a request within five business days of receipt of a request. Therefore, I would appreciate a response as soon as possible and look forward to hearing from you shortly. If for any reason any portion of my request is denied, please inform me of the reasons for the denial in writing and provide the name and address of the person or body to whom an appeal should be directed.

Sincerely,
Betsy Combier

David's first 3020a hearing began Nov. 30, 2005, and lasted many months. Then he waited for the decision another several months. Hearing Officer Martin Scheinman heard witnesses at David's 3020a that David was an excellent teacher, so he fined David $15,000 for "insubordination".

In September 2006 David was assigned to the High School of Fashion Industries. He wrote "The AP of Supervision, Giovanni Raschilla, admitted to a reporter that even before I was reassigned to that school, following my first 3020-a trial, the school Principal, Hilda Nieto, had received specific marching orders from the NYC DOE to target me as soon as I arrived at the school and 'get something on Pakter'. An outrageous state of affairs in which I had literally been ordered into a hostile work place environment where I was already targeted as "guilty" before I even walked in the schoolhouse door. And I fully suspected this would be the case but had I not reported to the new assignment the DOE would have charged me with being AWOL. Thus it was a catch-22, no win situation for me."

He was there only a few weeks when removed once again to the rubber room, this time at West 125th Street.

Here is the re-assignment letter:

November 22, 2006

David Pakter
Teacher
C/o 02M600

Dear Mr. Pakter:

Please be advised that an allegation has been made against you and pending the outcome of this investigation you are being reassigned to 388 125th Street, 6th floor. Effective Monday, November 27, 2006, you are to report to 388 125th Street,
6th floor and continue to report to the location until further notice.

Sincerely,

Philip Crowe
Human Resources Director (Manhattan)

C: Michael LaForgia
Local Instructional Superintendent

Hilda Nieto
Principal

David's explanation: "For the record it should be noted that the two specific issues that arose with the principal in the short time I had been assigned to HS Fashion Industries are as follows:

1) The school attempted to place a letter in my file that I had purchased two plants for the lobby of the school without Principal Nieto's written permission. This is obvious harassment as I have been decorating school lobbies for over 30 years and never needed permission.

2) As an incentive to improve student achievement I offered to allow students with a 90 % average or higher on their report card to select a fashion accessory watch from my corporate website www.DAVIDPAKTERWATCHES.COM