UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID PAKTER,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION f/k/a BOARD OF EDUCATION OF
THE CITY SCHOOL DISTRICT OF NEW YORK;
and JOEL I KLEIN, as Chancellor of the CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK, <u>et al.</u>,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

## MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-314
New York, N.Y. 10007-2601

*Of Counsel:*  Larry R. Martinez
*Telephone:*  (212) 227-3153

Matter No. 2008-031238

# TABLE OF CONTENTS

**<u>Pages</u>**

TABLE OF AUTHORITIES: ................................................................................................. iii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ...................................................................................................2

    A.    Plaintiff's History at the DOE: 2003-2007. ...........................................................2

    B.    Procedural History ...............................................................................................4

ARGUMENT

    POINT I

        PLAINTIFF'S FEDERAL CLAIMS ARE TIME-
        BARRED. .........................................................................................................6

        A.    Time-Barred § 1983 and FCA Claims. .................................................6

        B.    Time-Barred Title VII & ADEA Claims...............................................7

    POINT II

        PLAINTIFF'S STATE LAW CLAIMS MUST BE
        DISMISSED. ....................................................................................................9

        A.    No Timely Notice of Claim. ..................................................................9

        B.    Time-Barred NYSHRL, NYCHRL and
            Intentional Tort Claims .......................................................................12

        C.    Plaintiff's Claims of Slander and Defamation
            Must Be Dismissed...............................................................................14

    POINT III

        PLAINTIFF'S RETALIATION CLAIMS MUST
        BE DISMISSED. ...........................................................................................15

        A.    No First Amendment Retaliation. ........................................................15

        B.    No FCA Retaliation..............................................................................19

        C.    No Title VII or ADEA Retaliation.......................................................20

POINT IV

PLAINTIFF'S HOSTILE WORK
ENVIRONMENT CLAIMS MUST BE
DISMISSED. ............................................................................................22

CONCLUSION...........................................................................................................25

# TABLE OF AUTHORITIES

**Cases**             **Pages**

Amorosano-Lepore v. Generoso,
   No. 06 Civ. 01223, 2008 U.S. Dist. LEXIS 55641 (S.D.N.Y. July 18, 2008)........................16

Amorosi v. S. Colonie Indep. Sch. Dist.,
   9 N.Y.3d 367 (2007) ...................................................................................................12

Batista v. City of New York,
   2007 U.S. Dist. LEXIS 71905 (S.D.N.Y. 2007)....................................................................14

Brown v. State,
   250 A.D.2d 314 (3d Dep't 1998)......................................................................................7

Burlington Indus., Inc. v. Ellerth,
   524 U.S. 742 (1998)......................................................................................................20

Cortec Indus., Inc. v. Sum Holding L.P.,
   949 F.2d 42 (2d Cir. 1991)
   cert denied, 503 U.S. 960 (1992) .................................................................................3

Delaware State Coll. v. Ricks,
   449 U.S. 250 (1980)........................................................................................................8

Diaz v. Weill Med. College,
   No. 02 Civ. 7380, 2004 U.S. Dist. LEXIS 2054 (S.D.N.Y. Feb. 13, 2004),
   aff'd, 138 Fed. Appx. 362 (2d Cir. 2005)......................................................................18

Dillon v. City of New York,
   261 A.D.2d 34 (1st Dep't 1999) ...........................................................................14, 15

Farias v. Instructional Sys., Inc.,
   259 F.3d 91 (2d Cir. 2001)...........................................................................................12

Goonewardena v. New York,
   475 F. Supp. 2d 310 (S.D.N.Y. 2007).............................................................................20

Grant v. Hazelett Strip-Casting Corp.,
   880 F.2d 1564 (2d Cir. 1989).......................................................................................20

Griffith v. Gallagher,
   33 Fed. Appx. 15, 16 (2d Cir. 2002) ...............................................................................9

Harris v. Forklift Sys., Inc.,
   510 U.S. 17, 114 S. Ct. 367 (1993).................................................................................22

**Cases**                                                                                           **Pages**

Hollander v. American Cyanamid Co.,
    895 F.2d 80 (2d Cir. 1990)..................................................................................18

Howley v. Town of Stratford,
    217 F.3d 141 (2d Cir. 2000)................................................................................22

Hutchins v. Wilenz,
    253 F.3d 176 (3d Cir. 2001)...............................................................................19

Int'l Audiotext Network v. American Tel. & Tel. Co.,
    62 F.3d 69 (2d Cir. 1995) ....................................................................................2

Khan v. Reade,
    7 A.D.3d 311 (1st Dep't 2004) ...........................................................................13

Manoharan v. Columbia U. Coll. of Phys & Surg.,
    842 F.2d 590 (2d Cir. 1988)...............................................................................17

Markovic v. New York City Sch. Constr. Auth.,
    2002 U.S. Dist. LEXIS 214 (S.D.N.Y. 2002).......................................................18

McAllan v. Von Esson,
    517 F. Supp. 2d 565 (S.D.N.Y 2007)..................................................................19

McKenna v. Senior Life Mgmt.,
    429 F. Supp. 2d 695 (S.D.N.Y. 2006)..................................................................6

Moore v. County of Rockland,
    192 A.D.2d 1021 (3d Dep't 1993).......................................................................12

Nat'l Railroad Passenger Corp. v. Morgan,
    536 U.S. 101 (2002)..........................................................................................8, 9

Nussenzweig v. di Corcia,
    9 N.Y.3d 184...................................................................................................12

Oncale v. Sundowner Offshore Servs.,
    523 U.S. 75 (1998)............................................................................................22

Oscar Mayer & Co. v. Evans,
    441 U.S. 750 (1979)...........................................................................................7

Parochial Bus Sys. v. Bd. of Educ.,
    60 N.Y.2d 539 (1983)........................................................................................10

**Cases**                                                                              **Pages**

Pearl v. City of Long Beach,
   296 F.3d 76 (2d Cir. 2002).................................................................6, 16

Qureshi v. St. Barnabas Hosp. Ctr.,
   430 F. Supp. 2d 27 (S.D.N.Y. May 8, 2006) ...........................................14

Raniola v. Bratton,
   243 F.3d 610 (2d Cir. 2001)....................................................................17

Rattingan v. Gonzales,
   503 F. Supp. 2d 56 (D.D.C. May 31, 2007)..............................................23

Rodriguez v. Int'l Leadership Charter Sch.,
   No. 08-Civ-1012 (PAC), 2009 U.S. Dist. LEXIS 26487
   (S.D.N.Y. Mar. 30, 2009) ........................................................................10

Rosen & Bardunias v. County of Westchester,
   158 A.D.2d 679 (2d Dep't 1990) .............................................................12

Rure Assoc., Inc. v. Dinardi Construc. Corp.,
   917 F.2d 1332 (2d Cir. 1990)...................................................................11

Simpson v. Cook Pony Farm Real Estate, Inc.,
   12 A.D.3d 496 (2d Dep't 2004)................................................................14

Soto v. Brooklyn Correctional Facility,
   80 F.3d 34 (2d Cir. 1996) ..........................................................................7

Terry v. Ashcroft,
   336 F.3d 128 (2d Cir. 2003)......................................................................9

Tewksbury v. Ottaway Newspapers,
   192 F.3d 322 (2d Cir. 1999).....................................................................7, 8

Thomas v. iStar Fin., Inc.,
   No. 05 CV 606, 2006 U.S. Dist. LEXIS 46938 (S.D.N.Y. July 7, 2006)...............20

Tomka v. Seiler Corp.,
   66 F.3d 1295 (2d Cir. 1995).....................................................................20

Torres v. Pisano,
   116 F.3d 625 (2d Cir. 1997).....................................................................22

**Cases**                                                                                          **Pages**

Wanczowski v. New York,
    186 A.D.2d 397 (1st Dep't 1992) .........................................................................12

Washington v. County of Rockland,
    373 F.3d 310 (2d Cir. 2004).........................................................................15, 16

Yeary v. Goodwill Industries- Knoxville,
    107 F.3d 443 (6th Cir. 1997) .............................................................................21

**Statutes**

42 U.S.C. § 1983 ..............................................................................................1, 6, 7

42 U.S.C. § 2000e-5(e)(1) .......................................................................................7

CPLR § 215(3) .......................................................................................................12

CPLR § 3016(a) (2008) ..........................................................................................14

Education Law § 3028-d ...................................................................................10, 12

Education Law § 3813 ............................................................................................10

Educ. Law § 3813(1)...........................................................................................9, 10

Fed. R. Civ. Pro 12(b)(1), (2), (5) and (6) ..............................................................1

Fed. R. Civ. Pro 15(c) .............................................................................................7

N.Y. Education Law § 2568 .....................................................................................4

N.Y. Education Law §3020-a ...................................................................................4

N.Y. Education Law §3813(2)(b) .......................................................................10, 12

## PRELIMINARY STATEMENT

Plaintiff, David Pakter, commenced this action on September 2, 2008 alleging that, since October 2003, he has been subjected to various acts of employment discrimination and a hostile work environment on the basis of age. Plaintiff also alleges that he has been retaliated against for opposing race discrimination in the Department of Education's ("DOE") educational programs. The claims are brought under numerous federal and state laws, including, *inter alia,* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983 ("1983"), the Age Discrimination in Employment Act ("ADEA"), the False Claims Act ("FCA"), and the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL" respectively).

Defendants now move, pursuant to Rule 12(b)(1), (2), (5) and (6) of the Federal Rules of Civil Procedure ("FRCP") to dismiss the complaint.[1] First, plaintiff's state and federal claims are barred, in part, by the applicable statute of limitations. Second, plaintiff's state and city law claims must be dismissed because this Court does not have subject matter jurisdiction over these claims based on plaintiff's failure to comply with various statutory prerequisites. Third, plaintiff's § 1983, Title VII and ADEA retaliation and discrimination claims must be dismissed for failing to state a cause of action. Finally, plaintiff's hostile work environment claim asserted under Title VII and ADEA must be dismissed because plaintiff has failed to plead facts establishing that he was subjected to "one unlawful employment practice."

---

[1] The Office of the Corporation Counsel represents all individually named defendants with the exception of Harold Mason and Dr. Richard Shuster. Dr. Shuster is not a DOE employee. Harold Mason is no longer an employee of the DOE and apparently has not been served. Accordingly, and with the exception of Dr. Shuster and Harold Mason, this motion to dismiss is filed on behalf of all individually named defendants.

**STATEMENT OF FACTS** [2]

**A.     Plaintiff's History at the DOE: 2003-2007.**

Plaintiff, a white sixty-four year old DOE teacher of commercial art, filed the instant Complaint asserting various claims of discrimination and retaliation based on race and age. Plaintiff alleges that since 2003, while working at the High School of Art and Design ("A&D"), he has been subjected to various forms discrimination because of his age and retaliation based on his opposition to race discrimination in the school's educational programs. See Complaint ("Compl."), Exhibit ("Ex.") A, ¶ 27-71.[3] Specifically, plaintiff alleges that in October 2003 he discovered and "blew the whistle" on: (1) "changes in the school curriculum that removed music (as well as other courses) from the courses available to his minority students"; (2) $75,000 that was being "improperly …diverted by persons in his school" that he suspected was "specifically allocated" to the discontinued music program; and (3) "certain false claims" that were made regarding window repairs done at the school that plaintiff believed were unnecessary. Id. ¶¶ 27-30, 47.

Plaintiff wrote to Chancellor Klein in October 2003 to inform him of the situation but was allegedly reprimanded for his communication. Id. ¶¶ 33, 47; see also Letter from David Pakter, dated October 2, 2003, Ex. B.[4] Plaintiff alleges that since he openly opposed what he

---

[2] The material factual allegations set forth in the complaint are deemed to be true solely for the purposes of this motion to dismiss.

[3] All exhibits are annexed to the Declaration of Assistant Corporation Counsel Larry R. Martinez, dated June 26, 2009 ("Martinez Decl."), submitted herewith in support of defendants' motion.

[4] Defendants have annexed to the Martinez Decl. certain documents that the complaint references but does not annex. The Court may consider these documents because they are incorporated by reference into the complaint. See Int'l Audiotext Network v. American Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," and the Court may

purports was racial discrimination in federal programs, he has been subjected to various forms of retaliation and age discrimination by the DOE and the individually named defendants. <u>See</u> Compl., Ex A, ¶¶ 121-143.

Specifically, plaintiff claims that the following discrete acts are evidence of age discrimination and were taken in retaliation for his alleged participation in protected activities:

1. During the 2003-2004 school year Assistant Principals (AP), Mary Ann Geist-Deninno ("Deninno"), Harold Mason ("Mason") and John Lachky ("Lachky") issued plaintiff several disciplinary letters to file based on: (a) the unlicensed teaching of French during his Commercial Art class; (b) the unauthorized selling of French books to his students and; (c) plaintiff's incessant latenesses; <u>Id</u>. ¶¶ 27-40; <u>See also</u> letter from AP Mason dated September 26, 2003, Ex. C (unauthorized sale of materials to students); letter from AP Lachky dated October 1, 2003, Ex. D (lateness); letter from AP Mason dated October 2, 2003, Ex. E (misconduct); letter from AP Deninno dated October 8, 2003, Ex. F (unlicensed teaching of French); letter from AP Francesca Burack, dated October 9, 2003, Ex. G (parent complaint); letter from AP Mason dated October 22, 2003, Ex. H (misconduct); letter from AP Lachky dated December 18, 2003, Ex. I (lateness); letter from AP Lachky dated February 5, 2004, Ex. J (lateness);

2. In June 2004, plaintiff received an "unsatisfactory" annual evaluation rating from Principal Madeline Appell ("Appell") and Local Instructional Superintendant ("LIS") Michael LaForgia ("LaForgia") for the 2003-2004 school year based on his excessive latenesses and absences; Compl. ¶ 49; <u>see</u> Annual Professional Performance Review, dated June 28, 2004, Ex. K;

3. In September 2004, Principal Appell and AP Lachky with the approval of DOE Deputy Director of Human Resources ("HR Director"), Judith Rivera ("Rivera"), removed plaintiff from A&D after he gained unauthorized access to Public School 59 and illegally videotaped various children in their classrooms; Compl. ¶¶ 51-65; <u>see also</u> letter from Judith Rivera, dated September 24, 2004, Ex. L; letter from Principal Appell, dated September 28, 2004, Ex. M;

4. In January 2005, AP Lachky and Deninno commenced an internal investigation regarding the finding of pornography on plaintiff's classroom computer; Compl. ¶¶ 72-74.

5. In April 2005, disciplinary charges raising eleven (11) counts of misconduct were issued to plaintiff by LIS Alexis Penzell ("Penzell") pursuant to N.Y. Education Law §3020-a

consider such documents when deciding a motion to dismiss without converting the motion to one for summary judgment) (quoting <u>Cortec Indus., Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 47 (2d Cir. 1991), <u>cert. denied</u>, 503 U.S. 960 (1992)).

charging him with excessive lateness, absences and insubordination; Id. ¶ 102; see also Disciplinary Charges dated April 4, 2005 ("2005 § 3020-a Charges"), Ex. N;

6. On June 21, 2005, Lachky and LIS Penzell referred plaintiff to the DOE Medical Offices for a psychiatric evaluation pursuant to N.Y. Education Law § 2568; Compl. ¶¶ 80-100; see also Letter from Deputy Executive Director of the DOE's Medical, Leaves and Benefits Office, Edna Wells Handy, dated June 21, 2005, Ex. O;

7. From June to August of 2005, plaintiff was psychologically evaluated by Doctors Ann Garner ("Garner"), Eliane Meyer ("Meyer"), Audrey Jacobson ("Jacobson") and Richard Schuster ("Shuster") even though plaintiff alleges "they all knew that plaintiff Pakter was in fact fit for duty"; Compl. ¶¶ 80-100; see also Employee Medical Review, dated July 14, 2005, Ex. P;

8. On August 16, 2005, plaintiff was found temporarily medically "unfit for duty"; Compl. ¶ 89; see also letter from Dr. Jacobson dated August 16, 2005, Ex. Q;

9. On August 31, 2006, plaintiff was found guilty by the New York State Education Department ("NYSED") of eight counts of misconduct raised in plaintiff's 2005 § 3020-a charges and was issued a two month suspension as a penalty; ¶ 102; See Decision of NYSED Hearing Officer Martin F. Schienman dated August 31, 2006 ("2005 § 3020-a Decision"), Ex. R;

10. During the 2006-2007 school year, while at the High School of Fashion Industries ("Fashion Industries"), plaintiff received two disciplinary letters to file based on his unauthorized donation of gifts to female students; ¶¶ 103-120; see Letters from AP Giovanni Raschilla ("Raschilla") dated November 2, 2006 and November 13, 2006, Ex. S;

11. On November 22, 2006, Principal Hilda Nieto ("Nieto") with the approval of the DOE Director of Human Resources, Philip Crowe, removed plaintiff from the High School of Fashion Industries to the DOE reassignment center based on allegations of "serious" professional misconduct. ¶ 110; see also letter from Philip Crowe, dated November 22, 2006, Ex. T; and

12. On October 26, 2007, plaintiff was issued disciplinary charges pursuant to N.Y. Education Law §3020-a, charging him with several acts of misconduct including the sale and gifting of watches to female students at Fashion Industries. ¶¶ 110-120; see also Disciplinary Charges, dated October 26, 2007 ("2007 § 3020-a Charges"), Ex. U.

## B.    Procedural History

On March 6, 2007, more than three months after he was removed from Fashion

Industries and four years after he "blew the whistle" at A&D, plaintiff filed a notice of claim

alleging that the aforementioned events were the result of, *inter alia,* age discrimination and whistleblower retaliation. See Notice of Claim, filed March 6, 2007, Ex. V.

On January 15, 2008, almost three months after being served with the October 26, 2007 disciplinary charges and five years after he "blew the whistle" at A&D, plaintiff filed a notice of claim alleging that the charges were filed in violation of plaintiff's state and federal constitutional rights. See Notice of Claim, filed January 15, 2008, Ex. W. Plaintiff did not raise allegations of age discrimination in this notice of claim. Id.

On August 15, 2008, plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("SDHR") and the Equal Employment Opportunity Commission ("EEOC") See SDHR Complaint, Ex. X ¶¶ 2-3. Plaintiff alleged that since October 2003 he has "been subject to an ongoing pattern of discriminatory practices." Id. ¶¶ 3 through 5.

On September 2, 2008, plaintiff filed the original complaint in this action raising various claims of retaliation and discrimination against the DOE and Chancellor Klein. See Original Complaint, Docket Entry No. 1. On October 22, 2008, defendants moved to dismiss the complaint on several grounds including: (1) lack of subject matter jurisdiction over plaintiff's ADEA and Title VII claims based on plaintiff's failure to obtain a Right-to-Sue Letter ("RTS letter") and (2) prolixity. See Docket Entry No. 5.

On November 17, 2008, plaintiff received the RTS letter from the EEOC. See RTS Letter, dated November 17, 2008, Ex. Y. On November 28, 2008, plaintiff's SDHR Complaint was dismissed for "administrative convenience" based on plaintiff's pending federal complaint. See Determination and Order Of Dismissal, dated November 28, 2008, Ex. Z.

On April 1, 2009, before the Court issued a decision on defendants' motion, plaintiff filed the First Amended Complaint adding fifteen (15) individually named defendants to

this action. <u>See</u> First Amended Complaint, Docket Entry No. 19. However, the defendants were never personally served with this complaint.

On May 1, 2009, the Court issued an Order dismissing the Original and First Amended Complaints as prolix and granted plaintiff 30 days to re-file. <u>See</u> Order Dated May 1, 2009, Docket Entry No. 70. On June 1, 2009, plaintiff filed the Second Amended Complaint raising ten causes of action against the DOE and fourteen individual defendants.

<u>ARGUMENT</u>

<u>POINT I</u>

<b>PLAINTIFF'S FEDERAL CLAIMS ARE <u>TIME-BARRED.</u></b>

**A. Time-Barred § 1983 and FCA Claims.**

Plaintiff's § 1983 and FCA claims are all subject to a three year statute of limitations and accrue when a plaintiff knows or has reason to know of the injury which forms the basis of his action. <u>See</u> <u>Pearl v. City of Long Beach,</u> 296 F.3d 76, 79 (2d Cir. 2002) (stating limitations period for 1983 actions); <u>see also</u> <u>McKenna v. Senior Life Mgmt.,</u> 429 F. Supp. 2d 695, 697 (S.D.N.Y. 2006)(stating limitations period for FCA claims).

In this case, plaintiff alleges that he has been discriminated against since October 2003. <u>See</u> Compl., Ex. A, ¶¶ 27-120. Therefore, all discrimination and retaliation claims against the DOE and Chancellor Klein based on discrete acts that accrued on or before **September 2, 2005,** or three years before plaintiff filed this action, are time-barred. The time-barred claims include, but are not limited to, all claims based on: (a) the disciplinary letters to file issued to the plaintiff at A&D by AP Lachky, Mason, and Deninno during the 2003-2004 school year; (b) the unsatisfactory evaluation rating issued to the plaintiff at A&D by Principal Appell and LIS LaForgia on June 28, 2004; (c) claims against Principal Appell, AP Lachky and HR Director

- 6 -

Rivera based on plaintiff's September 24, 2004 reassignment from A&D; (d) claims against AP Lachky and Deninno based on their investigation into pornography found on plaintiff's classroom computer in January 2005; (e) claims against LIS Penzell based on the filing of disciplinary charges against the plaintiff on April 4, 2005; (f) claims against Doctors Garner, Meyer, and Jacobson based on their evaluations and the August 16, 2005 finding that plaintiff was temporarily unfit for duty; and (g) all claims based on the August 31, 2006 § 3020-a decision finding plaintiff guilty of eight counts of misconduct. See e.g. Compl., Exhibit A, ¶¶ 27-40; 49; 51-65; 72-74; 80-102; see also Ex. B – R. [5]  Therefore, all § 1983 and FCA claims based on these discrete acts must be dismissed.[6]

## B.      Time-Barred Title VII & ADEA Claims

Title VII and ADEA claims brought in New York are subject to a 300 day statute of limitations for filing with the EEOC or a state agency with the authority to grant relief from such practice.  Oscar Mayer & Co. v. Evans, 441 U.S. 750, 762 (1979); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325 (2d Cir. 1999); 42 U.S.C. § 2000e-5(e)(1).

---

[5] The Original Complaint, which asserted claims against the DOE and Chancellor Klein only, was filed on September 2, 2008.  Plaintiff filed the Second Amended Complaint on June 1, 2009 adding defendants LaForgia, Penzell, Rivera, Appell, Lachky, Deninno, Mason, Nieto, Raschilla, Stuart, Jacobson, Meyer, Garner and Shuster as individual defendants. However, all claims against these defendants do not "relate back" to the filing of the original complaint because plaintiff failed to give them notice of the action "within 120 days of the original filing date." See FRCP 15(c); see also Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 35 (2d Cir. 1996). Therefore, plaintiff's section 1983 and FCA retaliation claims against all individually named defendants based on discrete acts that accrued on or before **June 1, 2006**, or three years before plaintiff filed the Second Amended Complaint, must be dismissed as time-barred.

[6] The three year statute of limitations also applies to plaintiff's claims brought under the New York State Constitution.  See Brown v. State, 250 A.D.2d 314, 319 (3d Dep't 1998) (finding that a three-year statute of limitations applies in actions brought under 42 U.S.C. § 1983). Therefore, plaintiff's claims asserted under the New York State Constitution based on the aforementioned discrete acts must also be dismissed as time-barred.

The SDHR has authority to remedy allegations of employment discrimination in violation of the NYSHRL and NYCHRL. See Tewksbury, 192 F.3d at 325. Moreover, pursuant to a work share agreement, a plaintiff can elect to simultaneously file federal retaliation and discrimination charges with the EEOC with his SDHR complaint. Id. However, any Title VII or ADEA claims which accrued more than 300 days prior to the filing of the charge of discrimination with the SDHR are barred by the statute of limitations. Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002). The 300-day period starts to run when the claimant receives notice of the allegedly discriminatory conduct, not when the allegedly discriminatory decision takes effect. Delaware State Coll. v. Ricks, 449 U.S. 250, 258 (1980). The Supreme Court has mandated "strict adherence" to the statute of limitations. See Morgan, 536 U.S. at 1080 (citation omitted).

In this case, plaintiff filed a SDHR Complaint on August 15, 2008 which was dually filed with the EEOC. See SDHR Complaint, Ex. X ¶¶ 2-3. In his SDHR Complaint, plaintiff alleges that since October 2003 he has "been subject to an ongoing pattern of discriminatory practices." Id. ¶¶ 3 - 5.

Therefore, pursuant to the 300-day statute of limitations, all Title VII and ADEA discrimination and retaliation claims arising from discrete acts occurring prior to **October 20, 2007**, or 300 days before plaintiff filed his charge on August 15, 2008, must be dismissed as time-barred. See SDHR Complaint, Ex. X. The time-barred claims include, but are not limited to: (a) the disciplinary letters to file issued to the plaintiff by AP Lachky, Mason, and Deninno during the 2003-2004 school year; (b) the unsatisfactory evaluation rating issued to the plaintiff by Principal Appell and LIS LaForgia on June 28, 2004; (c) claims against Principal Appell, AP Lachky and HR Director Rivera based on plaintiff's September 24, 2004 reassignment from Art

& Design High School; (d) claims against AP Lachky and Deninno based on their investigation into the pornography found on plaintiff's classroom computer in January 2005; (e) claims against LIS Penzell based on the filing of disciplinary charges against the plaintiff on April 4, 2005; (f) claims against Doctors Garner, Meyer, and Jacobson based on their evaluations and the August 16, 2005 finding that plaintiff was temporarily unfit for duty; (g) all claims based on the August 31, 2006 NYSED decision finding plaintiff guilty of misconduct; (h) claims against AP Raschilla based on the November 2, 2006 and November 13, 2006 disciplinary letters; and (i) all claims against Principal Nieto based on plaintiff's November 22, 2006 removal from Fashion Industries. See e.g. Compl., Ex. A, ¶¶ 27- 40; 49; 51-65; 72-74; 80-120; see also Exs. B – T. [7]

Finally, as each of these actions is a discrete act, they are not subject to the continuing violation doctrine. See Morgan 536 U.S. at 114. Therefore, all Title VII and ADEA claims based on the aforementioned acts must be dismissed.

## POINT II

### PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED.

**A.      No Timely Notice of Claim.**

Plaintiff's state and city law claims must be dismissed for failing to file a timely notice of claim. Pursuant to Education Law § 3813(1), a notice of claim must be filed prior to bringing any suit against the DOE. The notice of claim provision states in pertinent part:

> No action or special proceeding, **for any cause whatever** . . . shall be prosecuted or maintained

---

[7] Furthermore, all ADEA claims against the individually named defendants must be dismissed to the extent plaintiff failed to include them in his EEOC Charge. See Terry v. Ashcroft, 336 F.3d 128, 151 (2d Cir. 2003); Griffith v. Gallagher, 33 Fed. Appx. 15, 16 (2d Cir. 2002) (Claims under the ADEA must first be alleged in the EEOC discrimination charge in order to be alleged in a federal court action). Therefore, plaintiff's claims against the individually named defendants must be dismissed for failing to exhaust administrative remedies.

> against any board of education . . . unless it shall
> appear by and as an allegation in the complaint or
> necessary moving papers that a written verified
> claim upon which such action or special proceeding
> is founded was presented to the governing body of
> said district or school **within three months** after the
> accrual of such claim . . . .

Educ. Law § 3813(1) (2008) (emphasis added). Thus, in order to maintain a cause of action against the DOE, a notice of claim must be presented to the board within three months after the accrual of the claim, and a complaint failing to allege compliance with Education Law § 3813 is fatally defective. Parochial Bus Sys. v. Bd. of Educ., 60 N.Y.2d 539, 547-48 (1983); see also Rodriguez v. Int'l Leadership Charter Sch., No. 08-Civ-1012 (PAC), 2009 U.S. Dist LEXIS 26487, at *15-16 (S.D.N.Y. Mar. 30, 2009) ("'[F]ulfillment of the statutory requirements for filing a notice of claim is a condition precedent to bringing an action against a school district or a board of education and, moreover, failure to present a claim within the statutory time limitation … is a fatal defect.'")(internal citation omitted).

In this case, plaintiff has not pled that he complied with Education Law § 3813 at any time prior to commencing this action. Plaintiff's failure to allege compliance mandates dismissal of all state and city law claims. This includes all NYSHRL, NYCHRL, intentional tort, state constitutional law claims, and retaliation claims raised under Education Law § 3028-d. See Compl., Ex. A, Counts VI – X, ¶¶ 178-206.

Assuming the Court excuses plaintiff's pleading defect, plaintiff's state and city law claims must nonetheless be dismissed because plaintiff has not filed a timely notice of claim. In this case, plaintiff filed two notices of claim purporting to place the DOE on notice of his intent challenge various actions as discriminatory. See Notices of Claim, Ex. V and W. Specifically, on March 6, 2007, plaintiff filed a notice of claim alleging that all disciplinary actions occurring from October 2, 2003 through March 6, 2007 were the result of, *inter alia,* age

discrimination and whistleblower retaliation. <u>See</u> Ex. V. However, this notice was untimely because it was filed more than three months after plaintiff's claims accrued and, in some cases, more than three years after the statute of limitations on some of the claims had expired. <u>Compare</u> Ex. V <u>with</u> Ex. C through T; <u>see also</u> <u>Rure Assoc., Inc. v. Dinardi Construc. Corp.</u>, 917 F.2d 1332, 1335 (2d Cir. 1990).

In <u>Rure Assoc., Inc.</u>, a subcontractor, filed a notice of claim against the DOE more than two years after the termination of the original contractor's services. <u>Id.</u> at 1335. The Second Circuit held that under Education Law § 3813 the subcontractor's claims accrued on the date his damages became ascertainable, that is, on the date of the original contractor's termination. <u>Id</u>. Therefore, the notice of the subcontractor's claim, filed more than two years after the termination, was held to be untimely and the Court dismissed his state law claims. <u>Id.</u>

Like the plaintiff in <u>Rure Assoc.</u>, plaintiff filed the March 6, 2007 notice of claim more than three years after he was removed from A&D and more than three months after he was removed from Fashion Industries. <u>Compare</u> Ex. V <u>with</u> Ex. A-T. Plaintiff's claim based on these events accrued on the date they occurred. Indeed, plaintiff concedes that he was aware of the alleged discriminatory nature of each challenged act on the date it occurred. <u>See</u> <u>e.g</u> Compl., Ex A ¶¶ 60; 66; 77; 96; 112; 131. Accordingly, plaintiff's March 6, 2007 notice of claim was untimely and plaintiff's state law claims against the DOE must be dismissed in their entirety.

On January 15, 2008, almost three months after he was served with the October 26, 2007 disciplinary charges, plaintiff filed a second notice of claim alleging that these charges were filed in violation of plaintiff's state and federal constitutional rights and in retaliation for his 2003 whistle blowing activities. <u>See</u> Notice of Claim, filed January 15, 2008, Ex. W, ¶¶ 3, 8. Plaintiff specified that the sole challenge raised in this notice of claim was a challenge to the

October 2007 disciplinary charges based on misconduct during his tenure at Fashion Industries. See Ex. W, ¶ 7. Furthermore, unlike his March 6, 2007 notice of claim, plaintiff did not raise allegations of age discrimination or Education Law § 3028-d retaliation claims. Id. Therefore, plaintiff's attempt to assert claims and causes of action in his Complaint that were not expressly incorporated in the January 2008 notice must be dismissed. These claims include, but are not limited to, NYSHRL & NYCHRL retaliation, discrimination and hostile work environment claims based on age and all retaliation claims based on Education Law section 3028-d. See Moore v. County of Rockland, 192 A.D.2d 1021, 1023, (3d Dep't 1993)(Claimant may not raise in the complaint causes of action or legal theories that "were not directly or indirectly mentioned in the notice of claim or that change the nature of the earlier claim."); see also Rosen & Bardunias v. County of Westchester, 158 A.D.2d 679, 680-81 (2d Dep't 1990) (causes of action for assault, unlawful imprisonment or conversion not adequately described in the notice of claim and therefore should be dismissed); Wanczowski v. New York, 186 A.D.2d 397 (1st Dep't 1992).

**B.     Time-Barred NYSHRL, NYCHRL and Intentional Tort Claims**

Plaintiff's sixth, eighth, and tenth causes of action raise various intentional tort claims as well as claims under the State and City Human Rights Laws.  An action brought against a school district alleging unlawful discriminatory practices in violation of the New York State and City Human Rights Laws are subject to a one year statute of limitations under N.Y. Education Law §3813(2)(b). Amorosi v. S. Colonie Indep. Sch. Dist., 9 N.Y.3d 367, 369 (2007); See Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001).  Similarly, claims of slander, defamation and intentional infliction of emotional distress ("IIED") are also subject to a one  year statute of limitations. See CPLR § 215(3); see also Nussenzweig v. di Corcia, 9 N.Y.3d 184, 188 (Slander and defamation claims subject to one year statute of limitations that accrues on

the date of publication or utterance of the defamatory statement); <u>Khan v. Reade,</u> 7 A.D.3d 311, 312 (1st Dep't 2004) (Defamation and IIED claims subject to one year statute of limitations).

Plaintiff filed the original complaint in this action on or about September 2, 2008. <u>See</u> Docket Entry No. 1. Therefore, to the extent plaintiff bases his state and city discrimination and intentional tort claims against the DOE and Chancellor Klein on discrete acts occurring prior to **<u>September 2, 2007</u>**, these claims are time-barred. The time-barred claims include, but are not limited to, any state or city discrimination or retaliation claims arising from (a) the disciplinary letters to file issued to the plaintiff by AP Lachky, Mason, and Deninno during the 2003-2004 school year; (b) the unsatisfactory evaluation rating issued to the plaintiff by Principal Appell and LIS LaForgia on June 28, 2004; (c) claims against Principal Appell, AP Lachky and HR Director Rivera based on plaintiff's September 24, 2004 reassignment from A&D; (d) claims against AP Lachky and Deninno based on their investigation into the pornography found on plaintiff's classroom computer in January 2005; (e) claims against LIS Penzell based on the filing of disciplinary charges against the plaintiff on April 4, 2005; (f) claims against Doctors Garner, Meyer, and Jacobson based on their evaluations and the August 16, 2005 finding that plaintiff was temporarily unfit for duty; (g) all claims based on the August 31, 2006 NYSED decision finding plaintiff guilty of misconduct; (h) claims against AP Raschilla based on the November 2, 2006 and November 13, 2006 disciplinary letters; and (i) all claims against Principal Nieto based on plaintiff's November 22, 2006 removal from Fashion Industries. <u>See e.g.</u> Compl., Ex. A, ¶¶ 27- 40; 49; 51-65; 72-74; 80-120; <u>see</u> <u>also</u> Ex. B – T. [8]    Therefore, all NYSHRL, NYCHRL and intentional tort claims based on these acts must be dismissed. [9]

---

[8] As discussed in note 5 above, all claims raised in the Second Amended Complaint against the individually named defendants do not relate back to the date of the original complaint. As such,

**C.     Plaintiff's Claims of Slander and Defamation Must Be Dismissed.**

        Section 3016(a) of the CPLR requires that in a defamation action, "the particular words complained of shall be set forth in the complaint . . . ." CPLR § 3016(a) (2008). See also Dillon v. City of New York, 261 A.D.2d 34, 38 (1st Dep't 1999); Qureshi v. St. Barnabas Hosp. Ctr., 430 F. Supp. 2d 27 (S.D.N.Y. May 8, 2006). Furthermore, the complaint must allege "the time, place and manner of the false statement and specify to whom it was made." Dillon, 261 A.D.2d at 38 (citations omitted).   A defamation action that fails to comply with these special pleading requirements or that fails "to state the particular person or persons to whom the allegedly defamatory statements were made" warrants dismissal. Simpson v. Cook Pony Farm Real Estate, Inc., 12 A.D.3d 496, 497 (2d Dep't 2004).

        Plaintiff's tenth cause of action contains the vague contention that "defendants" made "false, malicious and/or reckless allegations about Plaintiff including … (i) that he was mentally unfit to continue his role as an educator, (ii) that he was incompetent; (iii) that he was insubordinate; (iv) that he used pornographic materials; (v) that he showed students films improper for their age; (vi) that he was habitually tardy; (vii) that he was trying to bribe students and (vii) that he was a danger to the students and the school environs." See Compl., Ex A,  ¶ 201.

        Plaintiff's  claims  must  be  dismissed  because  he  has  failed  to  satisfy  the heightened pleading requirements set forth in Section 3016(a) of the CPLR.   First, plaintiff has not specified the "particular words complained of ...." CPLR 3016(a).  Instead, plaintiff sets forth a litany of vague and conclusory statements made by some unidentified individuals. See Compl.,

---

plaintiff's  NYSHRL,  NYCHRL,  and  intentional  tort  claims  against  the  individually  named defendants based on acts accruing prior to **June 1, 2008**, must be dismissed as time-barred.

[9] Alternatively, plaintiff's IIED claims asserted against the DOE must be dismissed because "public policy bars claims for intentional infliction of emotional distress against government entities." Batista v. City of New York, 2007 U.S. Dist. LEXIS 71905, at *26 (S.D.N.Y. 2007).

Ex. A, ¶ 201.  Second, plaintiff has not specified the "time, place and manner of the false statements." <u>Dillon</u>, 261 A.D.2d at 38.  Instead, plaintiff merely asserts that some unknown "defendants" made false and malicious "allegations" without identifying who the "defendant" is and what he or she specifically said. <u>See</u> Compl., Ex A, ¶¶ 200-206.  Third, plaintiff has not pled with requisite specificity to whom the alleged defamatory and slanderous statements were published to.  Plaintiff merely states that the "reckless allegations" were published to other teachers and students. <u>Id.</u> ¶ 202. However, knowing the identities of the speaker and the recipient is important because otherwise defendants are not in a position to determine whether a publication occurred and, if so, whether the statements were qualifiedly privileged. Therefore, plaintiff has failed to satisfy the pleading requirements applicable to his state law claims of slander and defamation requiring that they be dismissed in their entirety.

<b><u>POINT III</u></b>

<b>PLAINTIFF'S RETALIATION CLAIMS MUST BE DISMISSED.</b>

**A.    No First Amendment Retaliation.**

Plaintiff's first cause of action asserts a claim of First Amendment Retaliation. <u>Id.</u> ¶¶ 144-149.  In order to state a *prima face* case of First Amendment retaliation plaintiff must plead facts that establish that:  "(1) his or her speech was constitutionally protected; (2) he or she suffered an adverse employment action; and (3) a causal connection exists between the speech and the adverse employment action so that it can be said that the speech was a motivating factor in the determination."  <u>Washington v. County of Rockland</u>, 373 F.3d 310, 320 (2d Cir. 2004) (internal citation omitted).

Assuming, *arguendo*, that plaintiff has pled facts establishing the first two elements of a First Amendment claim, plaintiff must plead facts that establish a causal

connection between his speech and the employer's action to establish the third element of such a claim.  Washington, 373 F.3d at 320.  To establish causation in the Second Circuit, a plaintiff must show that "the protected speech was a substantial motivating factor in the adverse employment action."  Amorosano-Lepore v. Generoso, No. 06 Civ. 01223, 2008 U.S. Dist. LEXIS 55641, at *23 (S.D.N.Y. July 18, 2008) (internal citation omitted). A plaintiff can indirectly show a causal connection by demonstrating that the retaliatory action was close in time to the protected activity.  Amorosano-Lepore, 2008 U.S. Dist. LEXIS 55641, at *23. While "there is no bright line beyond which a temporal relationship is too attenuated to establish a retaliatory motive for adverse employment action . . . courts in this Circuit have found that lapses of time from 3 months to one year are too attenuated to establish a retaliatory motive." Amorosano-Lepore, 2008 U.S. Dist. LEXIS 55641, at *23-24 (citations omitted).

On October 2, 2003, plaintiff wrote a letter to Chancellor Klein allegedly "blowing the whistle" on what he believed was intentional race discrimination against the students at A&D during the 2003-2004 school year.  See Letter dated Oct. 2, 2003, Ex. B. Plaintiff alleges that "approximately one week after" writing to Chancellor Klein, defendants began retaliating against him in violation of his First Amendment rights. See Compl., Ex. A, ¶¶ 32-33.  However, plaintiff's claims must be dismissed because plaintiff cannot establish a causal connection between his speech and any adverse employment action.

First, as discussed in Point I (A) above, plaintiff's claims against the DOE and Chancellor Klein based on discrete acts that accrued on or before **September 2, 2005,** or three years before plaintiff filed the instant Complaint, are time-barred. See Pearl, 296 F.3d at 79.[10] Therefore, the only actions that plaintiff can challenge in this case are those based on: (1) the

August 31, 2006 decision by NYSED Hearing Officer Martin Schienman which found plaintiff guilty of misconduct during his time at A&D; (2) the November 2nd and 13th disciplinary letters to file issued to plaintiff by AP Raschilla during his time at Fashion Industries; (3) plaintiff's November 24, 2006 removal from Fashion Industries based on his inappropriate behavior with female students; and (4) the October 27, 2007, disciplinary charges issued to the plaintiff based on, *inter alia*, his inappropriate behavior at Fashion Industries during the 2006-2007 school year. See Ex. R through S.

Second, plaintiff cannot establish a *prima facie* case of retaliation on the theory that he was disciplined at A&D during the 2003-2004 school year for having sent the October 2, 2003 letter to chancellor Klein. To be actionable, the protected activity must precede the actions which plaintiff claims were retaliatory. See Raniola v. Bratton, 243 F.3d 610, 624 (2d Cir. 2001); Manoharan v. Columbia U. Coll. of Phys & Surg., 842 F.2d 590, 593 (2d Cir. 1988). In this case, plaintiff was issued disciplinary letters to file on September 26th, October 1st and October 2, 2003 based on various acts of misconduct, lateness and insubordination. See letter from AP Mason dated September 26, 2003, Ex. C (unauthorized sale of materials to students); letter from AP Lachky dated October 1, 2003, Ex. D (lateness); letter from AP Mason dated October 2, 2003, Ex. E (misconduct). To the extent these actions precede the protected activity, plaintiff cannot ascribe any retaliatory animus to them. As such, plaintiff's First Amendment retaliation claims must be dismissed in their entirety.

Third, plaintiff cannot establish a causal connection between his speech on October 2, 2003 and any discipline that occurred on or after September 2, 2005 or June 1, 2006. Here, the: (1) August 31, 2006 decision finding plaintiff guilty of 8 counts of misconduct at

_____

[10] As discussed in note 5 above, claims against all individually named defendants based on

A&D; (2) the November 2nd and 13th 2006 disciplinary letters to file issued to plaintiff by AP Raschilla during his time at Fashion Industries; (3) plaintiff's November 22, 2006 removal from Fashion Industries; and (4) the October 27, 2007, disciplinary charges issued to the plaintiff based on, *inter alia*, his inappropriate behavior at Fashion Industries during the 2006-2007 school year cannot be ascribed any retaliatory animus. <u>See</u> Ex. R through S. The timing of these actions is far too attenuated to establish a retaliatory motive to establish a causal connection between any of them and plaintiff's participation in any protected activity during the 2003-2004 school year. <u>See Hollander v. American Cyanamid Co</u>., 895 F.2d 80, 84-86 (2d Cir. 1990) (finding three and one-half month period between the protected activity and the alleged retaliatory act was insufficient to establish causal nexus); <u>Diaz v. Weill Med. College</u>, No. 02 Civ. 7380, 2004 U.S. Dist. LEXIS 2054, at *76-78 (S.D.N.Y. Feb. 13, 2004), <u>aff'd,</u> 138 Fed. Appx. 362 (2d Cir. 2005) (collecting cases to find that the five and a half months between the protected activity and the adverse employment action "is not the 'very close' proximity sufficient to raise an inference of causality") (citations omitted). Accordingly, because plaintiff has failed to plead facts establishing causation his First Amendment retaliation claim must be dismissed in its entirety.[11]

---

discrete acts that accrued on or before **June 1, 2006**, are time-barred. <u>See</u> Exs. A through U.

[11] Plaintiff's ninth cause of action asserting "free speech" violations under Article 1, § 8 of the New York State Constitution must also be dismissed because New York State free speech claims are governed by the same standards applicable to plaintiff's First Amendment claims. <u>Markovic v. New York City Sch. Constr. Auth.</u>, 2002 U.S. Dist. LEXIS 214 at *27 (S.D.N.Y. 2002) (dismissing a public employee's free speech claim pursuant to Art. I, § 8 of the New York State Constitution for the "same reasons that the SCA Defendants' motion is granted with respect to the First Amendment claim.")

## B.    No FCA Retaliation.

Plaintiff's fifth cause of action asserts a retaliation claim under the FCA.  <u>See</u> Compl., Ex. A, ¶¶ 165-177.  To state a cause of action for retaliation under the FCA, plaintiff must plead facts that establish that: (1) plaintiff engaged in conduct protected under the FCA; (2) the defendants knew that plaintiff engaged in such conduct; and (3) defendants discharged, discriminated or otherwise retaliated against plaintiff because of the protected conduct.  <u>See</u> <u>McAllan v. Von Esson</u>, 517 F. Supp. 2d 672, 685 (S.D.N.Y 2007).  Plaintiff's FCA retaliation claims must be dismissed because he fails to plead facts establishing the first and third elements of his claim.

First, plaintiff has not alleged that he engaged in conduct protected under the FCA. To state a FCA claim, plaintiff must plead facts that establish that his "actions sufficiently furthered an action filed or to be filed under the FCA… " <u>McAllan</u>, 517 F. Supp 2d at 565 (quoting <u>Hutchins v. Wilenz</u>, 253 F.3d 176, 187 (3d Cir. 2001).  In this case plaintiff does not plead that he filed an FCA claim or engaged in activities that "sufficiently furthered an action" to be filed under the FCA.  Instead, plaintiff merely alleges that he "called … false certification of programs and misuse of funds and resources . . . to the attention of the Defendants and supervising authorities…." <u>See</u> Compl., Ex. A, ¶ 172.

Specifically, plaintiff claims he engaged in protected activity based on two communications he made to the DOE while at A&D.  The first, was the October 2, 2003 letter that plaintiff wrote to Chancellor Klein complaining about changes to the school's curriculum. <u>Id.</u> ¶¶ 27-30; 47.  The second, was a 2003 complaint to the DOE Special Commissioner of Investigations claiming that $75,000, allegedly earmarked for the school's music program, was being improperly diverted by "persons in his school" to other programs and unnecessary window repairs. <u>Id.</u>  However, these allegations simply do not establish that he furthered any FCA action

and, as such, plaintiff has failed to establish that he engaged in activity protected under the statute. Accordingly, plaintiff's FCA retaliation claims must be dismissed.

Second, assuming plaintiff can establish that he engaged in activity protected under the FCA, his retaliation claim must nevertheless dismissed. For the reasons discussed in Point III (A) above, plaintiff cannot establish that he was retaliated against *because* he participated in any protected activities. Therefore, plaintiff's FCA retaliation claim must be dismissed in its entirety.

**C.    No Title VII or ADEA Retaliation.[12]**

Plaintiff's third and fourth causes of action assert retaliation claims Title VII and the ADEA. Id. ¶¶ 158-164, 165-168. Specifically, plaintiff alleges that he has been retaliated against for openly opposing what he purports was intentional race discrimination at A&D during the 2003-2004 school year. Id. ¶¶ 32-71. As an alternative theory, plaintiff makes the bald allegation that he was retaliated against because he "opposed defendants' illegal acts of age discrimination…" Id. ¶¶ 160.

To establish a *prima facie* case of retaliation under Title VII and the ADEA, plaintiff must show (1) participation in a protected activity; (2) knowledge by his employer of such activity; (3) that he suffered a materially adverse action; and (4) that there is a causal connection between the protected activity and the materially adverse action. Thomas v. iStar Fin., Inc., No. 05 CV 606, 2006 U.S. Dist. LEXIS 46938, at *35 (S.D.N.Y. July 7, 2006); see also Grant v. Hazelett Strip-Casting Corp., 880 F.2d 1564, 1570 (2d Cir. 1989). Plaintiff's Title

---

[12] Under Title VI and VII, individual employees and supervisors can not be held liable. Therefore, all Title VI and VII claims against the individually named defendants in this case must be dismissed. See Tomka v. Seiler Corp., 66 F.3d 1295, 1314, 1317 (2d Cir. 1995) (abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998)); see also Goonewardena v. New York, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007).

VII and ADEA retaliation claims must be dismissed because plaintiff has failed to plead facts establishing each element of his causes of action.

First, as discussed in Point I (B) above, plaintiff's Title VII and ADEA claims based on discrete acts that accrued on or before **October 20, 2007,** or 300 days before plaintiff filed his EEOC charge on August 15, 2008, must be dismissed as time-barred. <u>See</u> SDHR Compl., Ex. X. Therefore, the only actions that plaintiff can challenge in this case are those based on the October 27, 2007, disciplinary charges issued to the plaintiff based on, *inter alia*, his inappropriate behavior at Fashion Industries during the 2006-2007 school year. <u>See</u> Exs. R through S.

Second, with respect to his ADEA claim, plaintiff fails to establish a *prima facie* case of retaliation because plaintiff completely fails to identify participation in an ADEA protected activity. Stated differently, plaintiff has not alleged any facts to establish that he voiced any opposition to age discrimination. If anything, plaintiff bases his retaliation claims exclusively on the allegation that the DOE retaliated against him for voicing concerns in 2003 regarding what he believed was intentional race discrimination at A&D. <u>See</u> Compl., Ex. A, ¶¶ 27 – 71. Plaintiff's conclusory allegations are fatal to his ADEA retaliation claims which must be dismissed in their entirety.

Third, for the reasons discussed in Point III (A) above, plaintiff cannot establish that he was retaliated against *because* he participated in any activities protected under Title VII or the ADEA. Specifically, plaintiff has failed to plead sufficient facts establishing a causal connection between the October 27, 2007 disciplinary charges and his alleged participation in activities protected under Title VII or the ADEA. Without more, plaintiff's vague and conclusory

allegations fail to establish his retaliation claims requiring that his ADEA and Title VII retaliation claims be dismissed in their entirety.

**POINT IV**

### PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS MUST BE DISMISSED.

Plaintiff asserts that defendants have subjected him to a hostile work environment on the basis of his age and based on his opposition to alleged race discrimination at A&D. In order to establish a claim of hostile work environment, a plaintiff must show that the workplace was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Torres v. Pisano, 116 F.3d 625, 630-31 (2d Cir. 1997) (quoting, Harris v. Forklift Sys., Inc., 510 U.S. 17,21, 114 S. Ct. 367 (1993). Plaintiff must plead facts establishing that the harassment complained of was *based on plaintiff's membership in a protected class*. See generally Harris v. Forklift Systems, 510 U.S.17, 21 (1993); see also Oncale v. Sundowner Offshore Servs., 523 U.S. 75 (1998); Yeary v. Goodwill Industries- Knoxville, 107 F.3d 443, 445 (6th Cir. 1997). A hostile work environment is determined by "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it unreasonably interferes with an employee's work performance." Howley v. Town of Stratford, 217 F.3d 141, 153 (2d Cir. 2000).

First, plaintiff's hostile work environment claim must be dismissed because plaintiff has not pled facts establishing that the harassment he complains of was based on his age. As discussed in Point III (c) above, plaintiff bases his claims of retaliation and discrimination exclusively on the allegation that the DOE retaliated and harassed him for voicing concerns in 2003 regarding what he believed was intentional *race discrimination* at A&D. See Compl., Ex A,

¶¶ 27-71. Accordingly, plaintiff's vain attempt to assert a hostile work environment claim on the basis of age must be dismissed in its entirety.

Second, plaintiff's hostile work environment claims must be dismissed because the allegations on which he relies to state his claim are the same, unrelated, discrete acts which form the basis of his retaliation and discrimination claims. In <u>Rattingan v. Gonzales</u>, plaintiff asserted a Title VII hostile work environment claim based in part on the same discrete acts which formed the basis of his discrimination claims. 503 F.Supp 2d 56, 82 (D.D.C May 31, 2007). In dismissing the hostile work environment claims, the court held that:

> Discrete acts constituting discrimination or retaliation claims . . . are different in kind from a hostile work environment claim that must be based on severe and pervasive discriminatory intimidation or insult." "[T]he dangers of allowing standard disparate treatment claims to be converted into a contemporaneous hostile work environment claim are apparent. Such an action would significantly blur the distinctions between both the elements that underpin each cause of action and the kinds of harm each cause of action was designed to address. A hostile work environment under Title VII must be based on "one unlawful employment practice" of pervasive, insulting, discriminatory conduct that makes the plaintiff's day-to-day work environment severely "abusive." **Therefore, cobbling together a number of distinct, disparate acts will not create a hostile work environment.**

503 F.Supp 2d at 82 (internal citations omitted)(emphasis added).

As in <u>Rattingan</u>, plaintiff cannot state a claim for hostile work environment as the incidents he relies upon do not constitute "one unlawful employment practice of intimidation, insult and ridicule permeating plaintiff's day-to-day working life." <u>See</u> <u>Morgan</u>, 536 US at 117. Indeed, in attempting to state hostile work environment claim plaintiff simply "cobbles" together numerous discrete, unrelated acts which occurred over a six year period. Specifically, plaintiff

stakes his claim on events that occurred at four separate DOE facilities: A&D, Fashion Industries and two reassignment centers. Additionally, plaintiff baldly attempts to link the actions of 14 individuals including one non-DOE employee, who worked in different facilities and interacted with the plaintiff in different capacities. <u>See</u> Compl., Ex. A., ¶¶ 27-40; 49065; 72-74; 80-100; 102-120; <u>see also</u> Exs. C through U. Ultimately, plaintiff has not pled specific facts establishing how these acts and the individuals responsible for them formed one unlawful practice. Plaintiff's attempt to stake his claim on every incident that occurred over the last six years is precisely the conduct condemned by the Court in <u>Rattingan</u>. Accordingly, plaintiff's hostile work environment claims based on Title VII and the ADEA must be dismissed in their entirety.

## CONCLUSION

**WHEREFORE**, defendants respectfully request that this motion to dismiss be granted in all respects, that the Second Amended Complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           June 26, 2009

                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-314
                                        New York, New York 10007-2601
                                        (212) 227-3153
                                        lmartine@law.nyc.gov

                              By:     _**ECF**_____/s/_____
                                        Larry R. Martinez,
                                        Assistant Corporation Counsel

**KATHLEEN M. COMFREY,**
**LARRY R. MARTINEZ**
         *Of Counsel*