UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X    (ECF CASE)

DAVID PAKTER,

                               Plaintiff,    : 08-cv-7673 (DAB)(KNF)

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION
    f/k/a BOARD OF EDUCATION OF THE CITY
    SCHOOL DISTRICT OF THE CITY OF NEW YORK;
    et al
                               Defendants.
------------------------------------------------------------------------ X

**DECLARATION OF JOY HOCHSTADT ESQ. IN SUPPORT OF PLAINTIFF PAKTER'S SEPT. 1st NOTICE OF CROSS MOTION FOR MISCELLANEOUS RELIEF**

Joy Hochstadt, hereby declares and says:

1. I am plaintiff's counsel and I make this declaration in support of Plaintiff's Sept. 1, 2009 Notice of Cross Motion for Miscellaneous Relief including (i) an Order pursuant to FRCP Rules 16 and 42 consolidating the Motions by and all pleadings related to Defendants NYC DOE and Klein (Doc. # 84) and Defendant Mason (Doc. # 100) and Defendant Schuster (Doc. # 95); (ii) An Order denying the Consolidated Motions by Defendants NYC DOE & Klein (Doc. # 84) and Defendant Mason (Doc. # 100); (iii) An Order entering Default against individual Defendants Garner, Rivera, Raschilla, Penzell, Nieto, LaForgia, Lachky, Jacobson and Geist-Deninno for failure to file answers or pleading in response to Plaintiff's' Second Amended Complaint (Doc. # 72), or in the alternative directing that said Defendants file their individual answers or responsive pleadings before the Court rules upon the pending Motions (Doc. #s 84, 95 & 100); and (iv) for such other and further relief as the Court deems just and equitable.

2. For some reason, I am not getting the electronic "bounces" or service from the Court's ECF system and am therefore doing filings manually and electronically.

1

3. By way of example, I was not served electronically with the Defendant Mason's Motion to Dismiss (Doc. # 95) and I did not even know that it had been filed until I received the hard copy that was served on me after August 18, 2009.

4. And, I did not even know of the Court's August 27, 2009 Order until I discovered it through a periodic check of the docket.

5. I will be checking with the ECF clerk to find out what is happening and how to fix it and hopefully that can be resolved within the next week.

6. In the meantime, I am filing this Notice of Cross Motion, for which I respectfully submit that no response is actually due until later this week.

## Introduction

7. My client has been out of the country and has been recovering from certain medical conditions, which prevented me from having the opportunity to fully interview him and prepare a supplemental response. Therefore, it is my intention to supplement the issues raised in this Notice of Cross Motion and Declaration in my reply to whatever papers the Defendants may file and I respectfully reserve my right to do so.

8. I have learned from my client that one of the Defendants, specifically Defendant Judith Rivera, made certain admissions under oath and quite unexpectedly in early August 2009 during the ongoing disciplinary hearings to which Plaintiff has been subjected. Those admissions are relevant to the issues in this case and it is my intention to make a separate submission based on those admissions.

### Procedural Posture of Pending Motions, Parties Served, Parties Who Have Appeared Before the Court and Parties Who Have Filed Pleadings in Response to Plaintiff's Second Amended Complaint (Doc. # 72)

9. The only parties who have had counsel make an appearance in this matter to date are Defendants NYC DOE, Klein, Mason and Schuster. See Docket.

10. The only parties who have answered, moved or otherwise pleaded in response to Plaintiff's Second Amended Complaint (Doc. # 72) are Defendants NYC DOE, Klein, Mason and Schuster.

11. In its Memorandum of Law dated July 23, 2009, counsel for Defendants NYC DOE and Klein admitted that the Notice of Motion (Doc. # 84) filed on July 1, 2009, did not include or specify that the relief being sought was in fact on behalf of any other individual defendant. See Exh. 1 – Doc. # 91, page 7.

12. Counsel for Defendants NYC DOE and Klein said that the *"Notice of Motion inadvertently omitted the names of the individually named defendants, that omission can be easily cured through the filing of an Amended Notice of Motion"*. See *Exh. 1 – Doc. # 91, page 7.*

13. Despite the admission by Counsel for Defendants NYC DOE and Klein that their Notice of Motion (Doc. # 84) was defective and did not include the names of the individual defendants on whose behalf he purported to represent and could be cured through the filing of an "Amended Notice of Motion", no such Amended Notice of Motion has ever been filed.

14. Defendant Garner was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 74). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Garner was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant Garner. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's' Second Amended Complaint was requested or granted.

15. Defendant Rivera was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 76). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Rivera was due to be filed by July 10, 2009. Defendant Rivera's Answer or pleading in response to Plaintiff's Second Amended Complaint was due to be filed by July 10, 2009. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint was requested or granted.

16. Defendant Raschilla was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 77). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Raschilla was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant Raschilla. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint was requested or granted.

17. Defendant Penzell was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 78). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Penzell was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant Penzell. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint was requested or granted.

18. Defendant Nieto was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 79). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Nieto was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant Nieto. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint was requested or granted.

19. Defendant LaForgia was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 80). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant LaForgia was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant LaForgia. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint was requested or granted.

20. Defendant Lachky was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 81). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Lachky was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant Lachky. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint was requested or granted.

21. Defendant Jacobson was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 82). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Jacobson was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant Jacobson. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint was requested or granted.

22. Defendant Geist-Deninno was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 83). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Geist-Deninno was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant Geist-Deninno. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint was requested or granted.

23. The Notice of Motion filed by Defendants NYC DOE and Klein (Doc. # 84) was made only on behalf of Defendants NYC DOE and Klein. *See Exhibit 2.*

24. The Declaration filed by counsel for Defendants NYC DOE and Klein on July 1, 2009 in support of their Notice of Motion states

> *"I am an Assistant Corporation counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants the New York City Board of Education ("DOE") and Joel I. Klein of the New York City Board of Education in the above referenced action. I submit this declaration in support of defendants' motion to*

> dismiss the Second Amended Complaint, pursuant to Rule 12 (b) (1) (2),
> (5) and (6) of the Federal Rules of Civil Procedure."
>
> See Exhibit 3 - Doc. # 85, ¶ 1.

25. The Declaration filed by counsel for Defendants NYC DOE and Klein on July 23, 2009 states:

> "I am an Assistant Corporation counsel in the office of Michael A.
> Cardozo, Corporation Counsel of the City of New York, attorney for
> defendants the New York City Board of Education ("DOE") and Joel I.
> Klein as Chancellor of the New York City Board of Education, Audrey
> Jacobson, Judith Rivera, Michael LaForgia, Philip Crowe, Sonia Stewart,
> Alexis Penzell, Madeline Appell, Mary Ann Geist-Deninno, John Lachky,
> Hilda Nieto, Giovanni Raschilla, Ann Garner and Eliane Meyer
> (collectively "defendants") in the above referenced action. I submit this
> declaration in support of defendants' motion to dismiss the Second
> Amended Complaint, pursuant to Rule 12 (b) (1) (2), (5), (6) of the
> Federal Rules of Civil Procedure and in opposition to plaintiff's motion to
> strike pursuant to Rule 12 (f) ."
>
> See Exhibit 4 - Doc. # 92, ¶ 1.

26. At no time after the service of Plaintiff's Second Amended Complaint on the individual defendants and until August 18, 2009 did any of the individual defendants formally plead, answer or otherwise move in response to the Second Amended Complaint.

27. At no time after the service of Plaintiff's Second Amended Complaint on the individual defendants and until August 18, 2009 did any of the individual defendants have counsel for NYC DOE and Klein enter an appearance on their behalf with regard to the Second Amended Complaint.

28. While the notation in the docket (which Defendant NYC DOE and Klein were describing as the filing) suggests that the Motion as filed on July 1, 2009 (Doc. # 84) by Defendants NYC DOE and Klein was purportedly on behalf of New York, City Department of

7

Education, Joel Klein, Michael LaForgia, Judith Rivera, Philip Crowe, Sonia Stuart, Alexis Penzell, Madeleine Appell, Mary Ann Geist – Deninno, John Lachky, Hilda Nieto, Giovanni Raschilla, Audrey Jacobson, Ann Garner, Elienne Meyer – that is not what the filed document states. The Notice of Motion and supporting papers were made on behalf of Defendants NYC DOE and Klein only and Plaintiff did not have proper notice that any of the individual Defendants had moved in response to Plaintiff's Second Amended Complaint.

29. The Second Amended Complaint includes causes of action against the individual defendants for *ultra vires* and other acts for which the individual Defendants can, are and should be held liable individually and personally.

30. Defendants Garner, Rivera, Raschilla, Penzell, Nieto, LaForgia, Lachky, Jacobson, Geist-Deninno, Appell and Stuart have never answered, moved or pleaded in response to Plaintiff's Second Amended Complaint.

31. The Motion by Defendants NYC DOE and Klein (Doc. # 84) and the Motion by Defendant Mason (Doc. # 100) are identical and raise the same factual and legal issues and alleged defenses.

32. The Motion by Defendant Schuster (Doc. # 100) raises the same factual and legal issues and alleged defenses as those raised in the Motion filed by Defendants NYC DOE and Klein (Doc. # 84) and Defendant Mason (Doc. # 100).

33. Each of the Motions raises jurisdictional defenses for which jurisdictional discovery should be granted, and for which a separate motion to permit this limited jurisdictional discovery related to the jurisdictional defenses raised by these Defendants is being filed.

34. Each of the Motions raises factual and legal issues and alleged defenses that are common to all the motions.

35. Plaintiff's response to Defendant Schuster's Motion to Dismiss is due on September 11, 2009.

36. The Defendants appear to be interested in engaging in piece-meal litigation and motion practice.

37. The Defendants' pending Motions (Docs. # 84, 95 and 100) and all pleadings in response or in opposition thereto, including but not limited to Plaintiff's Motion to Strike and Plaintiff's Motion for Limited Jurisdictional Discovery (to address the threshold jurisdictional issues raised by Defendants NYC DOE, Klein, Mason and Schuster) and other relief that is being prepared and will be filed, should be consolidated as is the Court's power pursuant to FRCP 16 and 42 (a).

38. A consolidation of the Motions and opposition will promote judicial economy and orderly prosecution of the case, avoid burden on the Court, potentially inconsistent results from piece meal litigation or motion practice and will conserve judicial resources.

### Incorporation of Plaintiff's Prior Declarations and Memoranda of Law

39. In further support of Plaintiff's Notice of Cross Motion, Plaintiff is incorporating by reference and/or will be filing as Exhibits to this Declaration the following Declarations and Memoranda of Law:

    a. Doc. # 90 – July 16, 2009 Motion to Strike by Plaintiff Pakter;

    b. Exhibit 1 to Doc. # 90 - July 16, 2009 Declaration of Plaintiff Pakter;

    c. Doc. # ___ – July 16, 2009 Letter Memorandum of Law by Plaintiff Pakter;

    d. Docs. # 93 & 94 – July 31, 2009 Memorandum of Law by Plaintiff Pakter *(See Exhibit 5)* [1]; and

---

[1] Plaintiff Pakter respectfully submits that the Court erred in striking the July 31, 2009 Memorandum because the Court believed that it was filed out of time or in violation of the Court's rules. The July 31,

9

e. Docs. # 21 – 43 and 59 – 68 – Appendices of Exhibits to Prior Second Amended Complaint all of which support the allegations of Plaintiff Pakter's Second Amended Complaint and the issues presented in these Motions [2].

**Conclusion**

40. In view of the foregoing, Plaintiff prays that the relief sought in his Notice of Cross Motion be granted in its entirety.

Dated: New York, New York
September 1, 2009

/s/ electronically signed
Joy Hochstadt Esq. (JH-0935)
JOY HOCHSTADT, P.C.
300 Central Park West, Suite 2 - E
New York, New York 10024
Tel. (212) 580-9930
Plaintiff's Counsel

---

2009 Memorandum of Law and supporting documents are relevant to the issues presented in this case – purportedly by all individual Defendants as purportedly represented by Corporation Counsel but who – as yet – other than Defendant Mason have yet to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint. The July 31, 2009 Memorandum of Law is therefore being re-filed in response to the August 18, 2009 Motion by Defendant Mason. The issues presented therein are relevant and common to all pending Motions as filed by Defendants NYC DOE, Klein, Mason and Schuster and should be considered by the Court to insure fair and complete adjudication of the issues based on the facts and applicable law.

[2] These Appendices have already been filed with the Court and due to their volume, are not being re-filed. Copies were also previously delivered to the Honorable Deborah A. Batts USDJ for her individual consideration. Therefore, these Appendices are being incorporated by reference.