08-CV-7673 (DAB)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID PAKTER,

                              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION f/k/a BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW YORK; and JOEL I KLEIN, as Chancellor of the CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, et al.,

                              Defendants.

**CITY DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S CROSS
MOTION FOR MISCELLANEOUS RELIEF**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-314
New York, N.Y.  10007-2601

*Of Counsel:*   Larry R. Martinez
*Telephone:*    (212) 227-3153

Matter No. 2008-031238

**TABLE OF CONTENTS**

**Pages**

TABLE OF CONTENTS ................................................................................................... I

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 2

      A.   Plaintiff Files the Second Amended Complaint ................................. 2

      B.   City Defendants' Move to Dismiss. .................................................... 2

      C.   Ms. Hochstadt Files an Unauthorized Sur-Reply. ............................. 3

      D.   Defendant Dr. Richard Shuster Files a Motion to Dismiss the Second Amended Complaint. ............................ 4

      E.   Harold Mason Appears and Ms. Hochstadt Files The Instant "Cross-Motion." ................................................ 4

ARGUMENT .................................................................................................................... 6

      POINT I ............................................................................................................. 6

      THE CROSS-MOTION MUST BE DISMISSED IN ITS ENTIRETY .......................................................................... 6

      A.   The Cross-Motion is Procedurally Deficient. .................................... 6

      B.   Ms. Hochstadt's Request for Reconsideration Must Be Denied ................................................................. 8

      C.   Ms. Hochstadt's Request For Consolidation Must Be Denied ................................................................. 9

      D.   Ms. Hochstadt's Request for a Default Must Be Denied ................................................................ 11

      POINT II .......................................................................................................... 13

      MS. HOCHSTADT'S ACTIONS MERIT THE IMPOSITION OF SANCTIONS PURSUANT OT 28 U.S.C. 1927 ............................................................................. 13

CONCLUSION ............................................................................................................... 17

## PRELIMINARY STATEMENT

On September 2, 2009, plaintiff's counsel, Ms. Hochstadt filed the instant Cross-Motion seeking various forms of "miscellaneous" relief, including: (1) entry of default against various individually named defendants; (2) an order consolidating the pending motions to dismiss; (3) an order dismissing the motions to dismiss; and (4) the reconsideration of the August 27, 2009 Order, striking plaintiff's memorandum of law as an untimely and unauthorized sur-reply. For the reasons discussed below, the Cross-Motion should be denied in its entirety.

First, the cross-motion is procedurally deficient. Specifically, Ms. Hochstadt has elected not to file a memorandum of law or to cite a single case in support of her claims for relief. Second, Ms. Hochstadt's *second* attempt to obtain a default judgment is as baseless as was her first. Specifically, no default has occurred. However, in the unlikely event that the Court determines that one or more of the individual defendants failed to respond on a timely basis to the complaint, City defendants contend that: (1) the default was not willful; (2) they have asserted a meritorious defense to the underlying action; and (3) no prejudice has occurred as a result of what can only be fairly characterized as an inadvertent, clerical omission in City defendants' notice of motion.

Third, Ms. Hochstadt's request for the consolidation of the motions filed by City defendants and Dr. Richard Shuster is little more than a ruse to justify the unauthorized re-filing of the memorandum of law stricken by this Court a month ago

Fourth, Ms. Hochstadt has not proffered any basis for her motion for reconsideration let alone make a showing of "exceptional circumstances," the standard applicable to such a motion.

Finally, Ms. Hochstadt's re-filling of the memorandum of law that was stricken by this Court on August 27th is her latest act of defiance of the Federal Rules, Local Rules, and

the authority of this Court. Through her troubling behavior, Ms. Hochstadt has provided this Court with sufficient grounds for dismissal of this action, or in the alternative, the imposition of attorney's fees as a deterrent to future acts of vexatious litigation.

## STATEMENT OF FACTS[1]

**A.  Plaintiff Files the Second Amended Complaint.**

On June 1, 2009, plaintiff filed the Second Amended Complaint raising ten causes of action against the DOE and fourteen individual defendants. See Docket Entry 72. On June 15, 2009, plaintiff filed certificates of service of the Summons and Second Amended Complaint on all defendants except: (1) Sonia Stuart; (2) Madeline Appell; and (3) Harold Mason. See Docket Entries 73 - 83.

On June 15, 2009, Ms. Hochstadt, was informed that the Office of the Corporation Counsel represented defendants Stewart, Appell and Jacobson and would accept service of process on their behalf. See E-Mail from Larry Martinez to Joy Hochstadt, dated June 15, 2009, which is annexed to the Declaration of Assistant Corporation Counsel, Larry R. Martinez, filed July 23, 2009, as Exhibit "AAA," Docket Entry 92.  To date, Ms. Hochstadt has not served this Office on behalf of defendants Appell and Stewart. See generally Docket Sheet.

**B.  City Defendants' Move to Dismiss.**

On July 1, 2009, the Office of the Corporation Counsel moved to dismiss the Second Amended Complaint on behalf of all the individually named defendants ("City defendants") with the exception of Harold Mason and Dr. Richard Shuster. See Docket Sheet Entry 84.  Defendants' notice of motion listed the Department of Education ("DOE") and Joel

---

[1] As plaintiff's Cross-Motion seeks various forms relief stemming from procedural events occurring since June 2009, this statement of facts begins with the filing of the Second Amended Complaint on June 1, 2009.

Klein as defendants, but inadvertently omitted the names of the individually named defendants. <u>Id.</u> However, both the docket sheet and defendants' memorandum of law expressly noted that the motion was being made on behalf of City defendants. <u>See</u> <u>generally</u> Docket Sheet; <u>see also</u> Defendants' Memorandum of Law In Support of Their Motion to Dismiss The Second Amended Complaint, Docket Entry 86, fn. 1.

Pursuant to Local Rule 6.1(b), plaintiff's opposition to City defendants' motion was due on July 16, 2009, with defendants' reply due on July 23, 2009. <u>See</u> Notice of Motion, Docket Entry 84. On July 16th, instead of filing an opposition to City Defendants' motion, Ms. Hochstadt filed a motion to strike the motion to dismiss. <u>See</u> Docket Entry 90. The motion to strike contained a declaration from the plaintiff as well as a five-page letter brief that addressed <u>both</u> the motion to strike and opposed City defendants' motion to dismiss. <u>Id.</u>

On July 23, 2009, City defendants timely filed their "Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint and in Opposition to Plaintiff's Motion to Strike." <u>See</u> Docket Entries 91 & 92.  Accordingly, City defendants' motion to dismiss was fully submitted on July 23, 2009.  All that remained was for plaintiff to file a reply to City defendants' opposition to the motion to strike by the July 30, 2009.

**C.    Ms. Hochstadt Files an Unauthorized Sur-Reply.**

On August 2, 2009, more than one week after City defendants' motion was fully submitted, and more than three days after the July 30th return date on the motion to strike, Ms. Hochstadt filed a "Memorandum of Law in Opposition to Defendants' Motion to Dismiss"("plaintiff's memorandum"). <u>See</u> Docket Entry 93. On August 3, 2009, City defendants moved to strike plaintiff's memorandum as an untimely, unauthorized sur-reply. On August 27, 2009, the Court issued an Order, *inter alia,* striking plaintiff's memorandum "as an un-

authorized sur-reply and for violations of the Local Rules and the Court's Individual Practice Rules." See Order Dated August 27, 2009, Docket Entry 102.

**D.     Defendant Dr. Richard Shuster Files a Motion to Dismiss the Second Amended Complaint.**

On July 7, 2009, Jonathan Rubin and Dennis Dozis, counsel for defendant Dr. Richard Shuster, filed a notice of appearance on his behalf. See Docket Entries 87-88. On July 8, 2009, the Court granted Dr. Shuster's request for an enlargement of time to respond to the Complaint until August 10, 2009. Id.

On August 10, 2009, Dr. Shuster filed a motion to dismiss the Second Amended Complaint. See Docket Entries 96-98. Dr. Shuster's motion raised various defenses, including, lack of state action based on the fact that Dr. Shuster is not a DOE employee and was retained by the DOE "as a consulting psychologist in order to conduct an independent psychological evaluation of the plaintiff . . . ." See Memorandum of Law in Support of Motion to Dismiss on Behalf of Defendant Richard Shuster, Ph.D, Docket Entry 97 at p. 15. Plaintiff's opposition to Dr. Shuster's motion was due, September 11, 2009. See Order Dated August 27, 2009, Docket Entry 102. To date, plaintiff has not filed papers in opposition to Dr. Shuster's motion.

**E.     Harold Mason Appears and Ms. Hochstadt Files The Instant "Cross-Motion."**

On August 18, 2009, the Office of the Corporation Counsel was retained as counsel for Defendant Harold Mason and filed a notice of appearance on his behalf. See Docket Entry 99. Although Mr. Mason, a former DOE employee who now resides in Massachusetts, had not been served with a copy of the Summons and Complaint, Mr. Mason authorized this Office to accept service of the Complaint on his behalf. See Docket Entry 101. Mr. Mason also asked "to join the Motion to Dismiss the Second Amended Complaint" that was filed by City

defendants on July 1, 2009 ("Me Too Motion"). See Docket Entry 102. Mr. Mason did not raise any new arguments in his application to join the City defendants' motion.

On September 1, 2009, Ms. Hochstadt filed a Notice of Motion seeking "miscellaneous relief" including: (1) reconsideration of the Court's August 27th Order pursuant to Fed. R. Civ. P. 60(b) and Local Civil Rule 6.3; (2) an order "consolidating" the motions of City Defendants and Dr. Shuster pursuant to Rules 16 and 42; (3) an order denying the parties motions to dismiss and; (4) an order entering "[d]efault against Individual Defendants Garner, Rivera, Raschilla, Penzell, Nieto, LaForgia, Lachky, Jacobson, and Geist-Deninno." See Docket Entry 103.

On September 2, 2009, Ms. Hochstadt filed a declaration in support of her Cross-Motion. See Declaration of Joy Hochstadt, filed September 2, 2009 ("Hochstadt Decl."), Docket Entry 104. Without any authorization from this Court, Ms. Hochstadt re-filed the Memorandum of Law which was stricken by the Court on August 27, as an Exhibit to the declaration. See Hochstadt Decl., Exhibit 5 n. 1. Ms. Hochstadt attempted to excuse this contemptuous action with the statement that "The July 31, 2009 Memorandum of Law is therefore being re-filed in response to the August 18, 2009 ["Me Too"] Motion by Defendant Mason." Id. In the same footnote, she argued that the "Court erred in striking" the memorandum, but did not identify what matters or controlling decisions she believed the Court had overlooked . See Id. at fn. 1.

# ARGUMENT

## POINT I

### THE CROSS-MOTION MUST BE DISMISSED IN ITS ENTIRETY [2]

**A.     The Cross-Motion is Procedurally Deficient.**

Ms. Hochstadt's cross-motion must be dismissed because she has failed to include a memorandum of law in violation of the Local Rules and the Individual Practice Rules of this Court.  First, Local Civil Rule 7.1 makes clear that:

> Except as otherwise permitted by the court, all motions…shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of…the motion…Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion…by default.

See Local Rule 7.1; See also Burroughs v. Chase Manhattan Bank, No. 01 Civ. 1929, 2004 U.S. Dist. LEXIS 2765 at * 6 (S.D.N.Y. Feb. 25, 2004)(A declaration "alone will not satisfy the requirements of Local Rule 7.1.").

Second, motions for reconsideration are governed by Local Civil Rule 6.3 which provides, *inter alia*, that a

> notice of motion for reconsideration…of a court order . . . shall be served . . . with . . . a memorandum setting forth concisely the matters or

---

[2] Ms. Hochstadt has warned that she intends to "supplement the issues raised in this Notice of Cross Motion and Declaration in [her] reply to whatever papers the Defendants may file…" See Hochstadt Decl. ¶ 7. Ms. Hochstadt should be reminded that any attempt to inject new issues in her reply is a violation of the Federal Rules and Second Circuit precedent. See Ernst Haas v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999) ("[N]ew arguments may not be made in a reply brief.")(internal citations omitted). Should Ms. Hochstadt fail to heed this warning, City defendants respectfully request that any new issues raised in her reply be stricken in their entirety.

> controlling decisions which counsel believes the court has overlooked . . . ."

Local Rule 6.3; see also Bennet v. Watsion Wyatt & Co., 156 F.Supp. 2d 270, 273 (S.D.N.Y. 2001). Moreover, it is well settled that the requirements of Local Rule 6.3 will be "strictly construed." See United States v. Gross, No. 98 CR 0159, 2002 U.S. Dist. LEXIS 28159, at * 3 (E.D.N.Y. Dec. 5, 2002). Indeed, the Individual Practice Rules of this Court echo the expectation that a memorandum accompany all motions by stating that all "Memoranda of Law in support of…motions [be] limited to 25 pages…" See Individual Practice Rules of the Honorable Deborah A. Batts, Rule "C."

In violation of the aforementioned Rules, Ms. Hochstadt has failed to file a memorandum of law in support of her cross-motion. Indeed, the only supporting document that she has filed is a ten page declaration that does not even set "forth the points and authorities relied upon in support of…the motion." See Local Rule 7.1. Indeed, Ms. Hochstadt's declaration fails to cite a single case which she alleges supports her claims for relief. See generally Hochstadt Decl. By failing to set forth any authorities to support her motion, Ms. Hochstadt has improperly "placed on the court the burden of conducting the initial legal analysis that is properly the responsibility of [] counsel." Burroughs v. Chase Manhattan Bank, No. 01 Civ. 1929, 2004 U.S. Dist. LEXIS 2765 at * 6 (S.D.N.Y. Feb. 25, 2004), citing Wenzhou Wanli Food Co. v. Hop Chong Trading Co., No. 98 Civ. 5045, 2000 U.S. Dist. LEXIS 9554, at *3 (S.D.N.Y. July 11, 2000). This alone warrants dismissal of the cross-motion.

Furthermore, the portion of Ms. Hochstadt's declaration which seeks reconsideration of the August 27, 2009 Order completely fails to identify any "matters or controlling decisions which counsel believes the court has overlooked." See Local Rule 6.3. Instead, Ms. Hochstadt alleges only that the Court "erred" in striking the memorandum of law

"because the Court believed that it was filed out of time or in violation of the Court's rules. See Hochstadt Decl., at fn. 1. That argument, moreover, is buried in a footnote to a declaration, the submission of which is explicitly prohibited by Rule 6.3. As further discussed below, Ms. Hochstadt's bald allegations do not meet the standard applicable to motions for reconsideration. Plaintiff's back door re-filing of the stricken memorandum of law under the guise of responding to Mr. Mason's Me Too Motion is a willful violation of the Court's August 27th Order and Local Rules 6.3 and 7.1. Accordingly, the motion should be denied." See Local Rule 7.1(a).

**B.     Ms. Hochstadt's Request for Reconsideration Must Be Denied.**

Ms. Hochstadt's request for reconsideration of the August 27 Order must be denied. Pursuant to Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment or order for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable, neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. See Namaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986); see also Fed. R. Civ. P. 60(b). Since 60(b) allows extraordinary judicial relief, it may be invoked only upon a showing of "exceptional circumstances." Id. Ms. Hochstadt's haphazard excuses and subjective disagreement with the Court's Order falls woefully short of meeting the standard applicable to Rule 60(b) motions.

As stated above, all that Ms. Hochstadt proffers in support of her request for reconsideration is contained in a footnote which states her opinion that the

> Court erred in striking the July 31, 2009 Memorandum because the Court believed that it was filed out of time or in violation of the Court's rules. The July 31, 2009 Memorandum of Law and supporting documents are relevant to the issues in this case-purportedly by all Individual Defendants…

See Hochstadt Decl., at fn. 1.

Ms. Hochstadt has not pointed to any controlling decisions or evidence that this Court overlooked in striking her untimely sur-reply. In addition, she fails to argue that she is entitled to relief from the Court's order due to mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or some other exceptional or extraordinary circumstance. Ms. Hochstadt's bald allegations amount to nothing more than her disagreement with the Court's determination. It is well settled that "[m]ere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds" for reconsideration of an Order. See Namaizer, 793 F.2d at 62.

Ms. Hochstadt made a deliberate and calculated choice to unilaterally grant herself a nine day extension within which to file an untimely and unauthorized sur-reply. She was well aware of the consequences of her actions as this Court had previously stricken her previous memorandum of law that was also untimely filed. See Endorsed Order, dated February 25, 2009, Docket Entry 18. Therefore, she was on notice of the consequences of a failure to comply with the rules of this Court. Accordingly, her motion for reconsideration should be denied in its entirety. See Tucker v. Banknorth, 333 F Supp 2d 50, 55 (E.D.N.Y. 2004) quoting Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 250 (2d Cir. 1997) (Attorney's mistake or omission and failure to follow rules and deadlines are "not the basis for relieving a party from a final judgment or order.").

**C.     Ms. Hochstadt's Request For Consolidation Must Be Denied.**

Citing Rule 42(a) of the Federal Rules, Ms. Hochstadt requests that the motions filed by "NYC DOE and Klein," "Defendant Mason" and "Defendant Shuster" must be consolidated because they raise "the same factual…legal and alleged defenses." See Hochstadt Decl. ¶¶ 31-38.

Mr. Mason has not filed a motion that presents any new grounds for the dismissal of the action. Instead, on August 18, 2009, Mr. Mason filed a "Me Too" Motion seeking to join the motion to dismiss that was previously filed by City defendants on July 1, 2009. See Docket Entries 99-101. Therefore, as a practical matter, only two motions to dismiss are before the Court, one filed by City defendants on July 1, 2009 and the second filed by Dr. Shuster on August 10, 2009. See Docket Entries, 84, 95, and 100.

Federal Rule 42(a) states where

> **actions** before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue **in the actions**; consolidate the **actions**; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a)(emphasis added).. On its face Rule 42(a) applies only to the consolidation of "actions."  Black's Law Dictionary defines  an action as "[a] civil or criminal judicial proceeding." See Black's Law Dictionary p. 12 (2d Pocket ed. 2001).  To the extent motions to dismiss are not actions, Ms. Hochstadt's reliance on Rule 42(a) for the proposition that the City defendants' and Dr. Shuster's motions to dismiss should be consolidated is misplaced.

Assuming that Rule 42(a) could be construed as allowing for the consolidation of two motions to dismiss, Ms. Hochstadt's request should nevertheless be denied.  The motions that were filed by the City defendants and Dr. Shuster present independent grounds for dismissal of the action. For example, Dr. Schuster's motion raises a subject matter jurisdiction issue which is unique to him.   Dr. Shuster, moreover, is not a DOE employee and has been dragged into this lawsuit apparently just because the DOE retained him to conduct an independent psychological evaluation of the plaintiff.  As cogently argued in his motion to dismiss, Dr. Shuster is not a state actor and therefore not subject to most, if not all, of the claims raised in the Complaint.  See Memorandum of Law in Support of Motion to Dismiss on Behalf of Defendant Richard Shuster,

Ph.D, Docket Entry 97 at p. 14-15. Ms. Hochstadt's request for consolidation of the pending motions amounts to nothing more than another attempt to circumvent this Court's August 27th Order striking her untimely and unauthorized sur-reply to City defendants' motion. In her Declaration, Ms. Hochstadt admits as much when she argues that the "issues presented therein are relevant and common to all pending Motions as filed by Defendants DOE, Klein, Mason and Schuster and should be considered by the Court to insure fair and complete adjudication of the issues . . . ." Therefore, Ms. Hochstadt's pointless request for consolidation must be denied in its entirety.

**D.    Ms. Hochstadt's Request for a Default Must Be Denied.**

In deciding whether to grant a default judgment pursuant to Fed. R. Civ. P. 55, courts consider "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." See Robertson v. Dept. of Educ., No. 05 Civ. 7046, 2008 U.S. Dist LEXIS 47860 at *10 (S.D.N.Y. June 19, 2008); see also Fed. R. Civ. P. 55. In assessing these factors, the Second Circuit has made clear "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 97 (2d Cir. 1993).

Ms. Hochstadt is hard pressed to establish entitlement to the entry of a default judgment. First, Ms. Hochstadt has failed to establish that the alleged default was willful. Willfulness "requires a showing of bad faith or deliberate default on the part of the defaulting party and does not include careless or negligent errors." See Am. Alliance Co. v. Eagel Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996)(emphasis added). On July 1, 2009 the Office of the Corporation Counsel moved on behalf of all the individually named defendants with the exception of Dr.

- 11 -

Shuster and Harold Mason. On August 18, 2009, Mr. Mason appeared in this case and joined City defendants' motion.

Ms. Hochstadt makes much of the fact that City defendants' original Notice of Motion inadvertently omitted the names of individual defendants Garner, Rivera, Raschilla, Penzell, Nieto, LaForgia, Lachky, Jacobson, and Geist-Deninno. See Docket Entry 84. However, this error simply does not entitle her to the entry of a default judgment. See Am. Alliance Co., 92 F.3d at 61. Indeed, as discussed in City defendants' opposition to Ms. Hochstadt's motion to strike, this omission can be cured through the filing of an amended notice of motion which, for the Court's convenience and Ms. Hochstadt's peace of mind, will be filed with these papers. See City defendants' Memorandum of Law in Further Support of Their Motion to Dismiss and in Opposition to Plaintiff's Motion to Strike, dated July 22, 2009, Docket Entry 91 at p. 2.

Second, no default should be entered because, as discussed in their motion to dismiss, City defendants have raised several meritorious defenses to the baseless allegations raised in plaintiff's complaint. See Docket Entries 84-86, 91; see also Am. Alliance, 92 F.3d at 61 ("The defense need not be ultimately persuasive at this stage. A defense is meritorious if it is good at law so as to give the factfinder some determination to make.").

Finally, Ms. Hochstadt has failed to identify any prejudice that her client has suffered due to City defendants' omission. Moreover, Ms. Hochstadt's disingenuous allegation that "Plaintiff did not have proper notice that any of the individual defendants had moved in response to Plaintiff's Second Amended Complaint" strains credulity. City defendants' memorandum of law in support of their motion made abundantly clear that:

> The Office of the Corporation Counsel represents all individually named defendants with the

> exception of Harold Mason and Dr. Richard Shuster. Dr. Shuster is not a DOE employee. Harold Mason is no longer an employee of the DOE and apparently has not been served. Accordingly, and with the exception of Dr. Shuster and Harold Mason, **this motion to dismiss is filed on behalf of all individually named defendants.**

<u>See</u> City defendants' Memorandum of Law in Support of Their Motion to Dismiss, Docket Entry 85, at fn.1 (emphasis added). Accordingly, because Ms. Hochstadt's has not established any prejudice, or any other factor in favor of the entry of a default judgment, her request must be dismissed in its entirety. <u>See</u> <u>Halo v. City of N.Y.</u>, No. 04 Civ. 8168, 2005 U.S. Dist. LEXIS 1671 at * 5 (S.D.N.Y. Feb. 4, 2005)(Dismissing motion for default judgment where defendant's error occurred before pre-trial discovery had commenced and before the Court had convened a preliminary conference).

### POINT II

**MS. HOCHSTADT'S ACTIONS MERIT THE IMPOSITION OF SANCTIONS PURSUANT OT 28 U.S.C. 1927**

In an astonishing act of contempt, Ms. Hochstadt has re-filed the memorandum of law that was stricken by the Court on August 27, 2009. <u>See</u> Hochstadt Decl. n. 1, Exhibit 5. Ms. Hochstadt offers nothing more than her belief that the Court "erred" in striking the memorandum in an attempt to justify her the unauthorized filing. <u>See</u> <u>id.</u> at fn. 1. As discussed above, Ms. Hochstadt attempts to justify this contemptuous action by claiming that the memorandum is being "re-filed in response to the August 18, 2009 Motion by Defendant Mason." <u>Id.</u>

As discussed in Point I (B) above, Ms Hochstadt has not demonstrated any entitlement to reconsideration of the August 27th Order and has not been given leave by this Court to re-file the memorandum. Nor is the allegation that the memorandum was being "re-

- 13 -

filed" in opposition to Defendant Mason's motion credible.  By joining the motion previously filed by City defendants, Mr. Mason did not raise any new factual or legal arguments.  Indeed, when Mr. Mason filed a Notice of Motion, he did not file a memorandum of law or made any arguments concerning the merits of this action. Accordingly, plaintiff  was not entitled to file a reply memorandum and has offered no authority to the contrary.  Accordingly, Ms. Hochstadt has no excuse for her behavior which flaunts the authority of this Court.

Throughout the pendency of this case Ms. Hochstadt has demonstrated an inability to abide by the Federal Rules, Individual Rules and Orders of this Court. This has resulted in the needless and vexatious multiplication of the proceedings in this case. Indeed, the milestones of Ms. Hochstadt's troubling behavior are marked by:

- the dismissal of the Original Complaint;
- the dismissal of the First Amended Complaint;
- the striking of the memorandum of law in opposition to City defendants' motion to dismiss the original complaint as untimely;
- the filing of a frivolous "motion to strike" City defendants' motion to dismiss the Second Amended Complaint and;
- the striking of the most recent memorandum of law as an untimely and unauthorized sur-reply.

See Order dated May 1, 2009, Docket Entry 70; Endorsed Order, dated February 20, 2009, Docket Entry 18; Docket Entry 90; Order dated August 27, 2009, Docket Entry 102.  Ms. Hochstadt's behavior warrants dismissal of this case or, in the alternative, the imposition of sanctions in the form of payment of City defendants' reasonable attorneys' fees pursuant to 28 U.S.C. § 1927.

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To impose such costs, expenses, and fees, vexatious behavior is measured under an objective standard, and be

> harassing or annoying, regardless of whether it is intended to be so. Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under section 1927. The attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a serious and studied disregard for the orderly process of justice.

Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990); see also Beam v. Ipco Corp., 838 F.2d 242 (7th Cir. 1988) (Misrepresentations by counsel of controlling law in case postpones resolution of real issues causing unreasonable multiplication of proceedings and may evidence bad faith warranting sanctions under 28 U.S.C § 1927); Weaver v. Chrysler Corp., .No. 98 Civ. 9233, 2004 U.S. App. LEXIS 10466 at **331 (2d. Cir. 2004).

Based on Ms. Hochstadt's vexatious behavior exhibited since the filing of Second Amended Complaint, City defendants' respectfully request an order from the Court finding that plaintiff, has violated 28 U.S.C. § 1927, holding Ms. Hochstadt personally liable for reasonable attorneys' fees incurred.

Alternatively, Federal Rule 41(b) authorizes a district court to dismiss an action for failure of the plaintiff to comply with "any order of the court." See F.R.C.P. 41(b). In this case, Ms. Hochstadt's decision to re-file the stricken memorandum of law flies in the face of the authority of the Court and provides sufficient grounds for dismissal of the case. However, in

determining whether to terminate an action several factors should be considered, including whether a sanction less drastic than dismissal would be appropriate. See <u>Barreau v. N.Y. City Taxi and Limousine Comm.</u>, No. 99 Civ. 11645 (DAB)(KNF), 2001 U.S. Dist LEXIS 5897 * 5 (S.D.N.Y. May 9, 2001).   Accordingly, defendants respectfully request that, as an alternative to dismissal, the Court award City defendants the attorneys' fees they have incurred as a result of Ms. Hochstadt's vexatious and unreasonable conduct.

## **CONCLUSION**

**WHEREFORE**, City defendants respectfully request that plaintiff's Cross-Motion for Miscellaneous Relief be denied in its entirety, that their motion to dismiss be granted in all respects, that the Second Amended Complaint be dismissed in its entirety that the relief requested be denied in all respects, that the Court impose appropriate sanctions on plaintiff's counsel pursuant to 28 U.S.C. § 1927, that judgment be entered for City defendants, and that City defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            September 16, 2009

                                       **MICHAEL A. CARDOZO**
                                       Corporation Counsel of the
                                         City of New York
                                       Attorney for City Defendants
                                       100 Church Street, Room 2-314
                                       New York, New York 10007-2601
                                       (212) 227-3153
                                       lmartine@law.nyc.gov

                         By:         **ECF**            /s/
                                               Larry R. Martinez,
                                        Assistant Corporation Counsel

**KATHLEEN M. COMFREY,**
**LARRY R. MARTINEZ**
    *Of Counsel*