UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X  (ECF CASE)
DAVID PAKTER,
                                    Plaintiff,     : 08-cv-7673 (DAB)(KNF)
- against -

NEW YORK CITY DEPARTMENT OF EDUCATION f/k/a
  BOARD OF EDUCATION OF THE CITY SCHOOL
  DISTRICT OF THE CITY OF NEW YORK; et al

                                    Defendants.
----------------------------------------------------------------X

## DECLARATION OF JOY HOCHSTADT ESQ. IN SUPPORT OF PLAINTIFF'S PAKTER'S SEPT. 11th NOTICE OF CROSS MOTION FOR MISCELLANEOUS RELIEF AS REALTED TO DEFENDANT SCHUSTER

Joy Hochstadt, hereby declares and says:

1. I am plaintiff's counsel and I make this declaration in support of Plaintiff's Sept. 11, 2009 Notice of Cross Motion for Miscellaneous Relief including (i) an Order pursuant to FRCP Rules 16 and 42 consolidating the Motions by and all pleadings related to Defendant Schuster (Doc. # 95) with the Motions by NYC DOE and Klein (Doc. # 84) and Defendant Mason (Doc. # 100); (ii) An Order denying the Consolidated Motions by Defendant Schuster (Doc. # 95) and Defendants NYC DOE & Klein (Doc. # 84) and Defendant Mason (Doc. # 100); (iii) An Order granting limited jurisdictional discovery and (iv) for such other and further relief as the Court deems just and equitable.

2. I incorporate the statements made in my Sept. 1, 2009 Declaration filed in support of Plaintiffs Notice of Cross Motion filed as related to Defendants NYC DOE & Klein (Doc. # 84) and Defendant Mason (Doc. # 100) and seeking miscellaneous relief.

3. The Court should note that the Motion made by Defendant Schuster alleges the same facts, makes the same legal arguments and raises the same defenses as did the Motions of Defendants NYC DOE & Klein (Doc. # 84) and Defendant Mason (Doc. # 100).

1

4. The only differences between the two Motions and the issues as they relate to Defendant Schuster turns on factual issues (and following legal consequences) such as:
    a. At the time he was retained to conduct the evaluation of Plaintiff Pakter, was Defendant Schuster acting as an employer, contractor, agent and/or representative of Defendants NYC DOE & Klein;
    b. At the time he was retained to conduct the evaluation of Plaintiff Pakter, was Defendant Schuster taking orders and/or directions from Defendants Jacobson, Meyer and Garner;
    c. At the time he was retained to conduct the evaluation of Plaintiff Pakter, to what extent was Defendant Schuster free to exercise independent judgment, conduct objective tests and analysis, or was he simply a functioning as a "Rubber Stamp" for the NYC DOE & Klein;
    d. At the time he was retained to conduct the evaluation of Plaintiff Pakter, was Defendant Schuster allowed to engage in and/or conduct independent investigations related to the allegations being made against Plaintiff Pakter by Defendants NYC DOE, Klein, Garner, Jacobson, Meyer and others;
    e. At the time he was retained to conduct the evaluation of Plaintiff Pakter, what portion of his income and his practice was derived from his relationship with Defendant NYC DOE and its medical offices;
    f. At the time he was retained to conduct the evaluation of Plaintiff Pakter, did Defendant Schuster have an obligation to objectively report his findings even if they contradicted the findings that had already been made by Defendants NYC DOE and/or its medical department, including but not limited to Garner, Jacobson, Meyer and others;

g. At the time he was retained to conduct the evaluation of Plaintiff Pakter, what authority and basis did Defendant Schuster have for recommending treatment and medication to Plaintiff Pakter; and

h. During and after the evaluation what obligations did Defendant Schuster have to retain records and upon request provide Plaintiff Pakter with copies of all records, including examination materials, documents received and examined, notes, tape recordings, test results and findings, related to the evaluation performed by Defendant Schuster.

5. The answers relate both the factual and legal issues, including threshold jurisdictional issues and the statute of limitations defenses raised by Defendant Schuster.

6. To insure that the Court has the necessary facts upon which to analyze the legal issues in the case, Plaintiff Pakter submits that limited discovery on these issues is warranted.

7. By way of example,

   a. If Defendant Schuster is an employee, agent and/or actor of the Defendant NYC DOE and/or its medical department, then Plaintiffs Pakter's multiple filings of Notices of Claims cover him. In fact, the medical examination of Defendant Schuster was specifically referenced in one or more of Plaintiff Pakter's Notices of Claims;

   b. If Defendant Schuster is an not employee, agent and/or actor of the Defendant NYC DOE and its medical department, then he does not enjoy absolute immunity and where Plaintiff Pakter can show that Defendant Schuster's conduct was grossly negligent or could be considered ultra vires (by targeting Plaintiff Pakter and using the psychological evaluation to assist other Defendants in their

wrongful purposes), then Defendant Schuster can be held individually liable and he has no immunity;

    c. If Defendant Schuster is an not employee, agent and/or actor of the Defendant NYC DOE and its medical department, but conspired with Defendants NYC DOE and its medical department, such as Defendants Garner, Jacobson and Meyer, then he can be held liable for his part in the conspiracy to violate Plaintiff Pakter's rights through the use of the psychological evaluation for wrongful purposes); and

    d. If Defendant Schuster is truly an independent third party, then he can be held liable under the three-year statute of limitations which only began in late September 2005 and his complaint (as filed on Sept. 2, 2008) was then timely for his negligence, as well as his involvement in the conspiracy and fraud.

8. No matter whether he was acting as an agent for Defendants NYC DOE and its medical department or his is an independent third party, Plaintiff Pakter's complaint as filed on September 2, 2008 is timely.

## Additional Relevant Facts

9. As noted in my September 1, 2009 Declaration, one of the Defendants, specifically Defendant Judith Rivera, made certain admissions under oath and quite unexpectedly in early August 2009 during the ongoing disciplinary hearings to which Plaintiff has been subjected. Those admissions are relevant to the issues in this case and it is my intention to make a separate submission based on those admissions.

### Procedural Posture of Pending Motions & Parties Served, Related to Defendant Schuster Who Appeared and Defendant Medical Dep't Personnel Who Have Not Appeared and Not Filed Response to Plaintiff's 2nd Amended Complaint (Doc. # 72)

10. As noted in my Sept. 1, 2009 Declaration, the only parties who have had counsel make an appearance in this matter to date are Defendants NYC DOE, Klein, Mason and Schuster.

11. The only parties who have answered, moved or otherwise pleaded in response to Plaintiff's Second Amended Complaint (Doc. # 72) are Defendants NYC DOE, Klein, Mason and Schuster.

12. As to the facts and defenses raised or to be raised related to Defendant Schuster, the individual defendants from Defendant NYC DOE medical department have not responded to Plaintiff's 2nd Amended Complaint. Specifically:

    a. Defendant Garner was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 74). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Garner was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant Garner. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiffs' Second Amended Complaint was requested or granted; and

    b. Defendant Jacobson was served with an Amended Summons and Plaintiff's Second Amended Complaint on June 10, 2009 and a Certificate of Service was filed June 15, 2009 (Doc. # 82). The answer, motion or pleading in response to Plaintiff's Second Amended Complaint by Defendant Jacobson was due to be filed by July 10, 2009. However, no answer, no responsive pleadings, no motion to dismiss and no entry of appearance was filed on behalf of Defendant Jacobson. Also, no extension of time within which to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint was requested or granted.

13. Other Defendants — such as Defendant Lachky also involved with Defendant Schuster — were served but have failed to respond to Plaintiff's Second Amended Complaint.

## Similarity of Defendants' Motions, Factual Issues and Defenses Raised

14. The Motion by Defendants NYC DOE and Klein (Doc. # 84) and the Motion by Defendant Mason (Doc. # 100) are identical and raise the same factual and legal issues and alleged defenses.

15. The Motion by Defendant Schuster (Doc. # 100) raises the same factual and legal issues and alleged defenses as those raised in the Motion filed by Defendants NYC DOE and Klein (Doc. # 84) and Defendant Mason (Doc. # 100).

16. Each of the Motions raises jurisdictional defenses for which jurisdictional discovery should be granted, and for which a separate motion to permit this limited jurisdictional discovery related to the jurisdictional defenses raised by these Defendants is being filed.

17. Each of the Motions raises factual and legal issues and alleged defenses that are common to all the motions.

18. Plaintiff Pakter has already responded to the Motion by Defendant Mason – which although it was filed after the Motion by Defendant Schuster – the due date for the response came first.

19. Although the Motions and defenses are similar if not identical, Defendants NYC DOE, Klein and Mason on the one hand and Defendant Schuster on the other hand appear to be interested in engaging in piece-meal litigation and motion practice, rather than coordinated joint pleadings on similar issues, which would reduce the burden on the Court and the parties.

20. The Defendants' pending Motions (Docs. # 84, 95 and 100) and all pleadings in response or in opposition thereto, including but not limited to Plaintiff's Motion to Strike and Plaintiff's Motion for Limited Jurisdictional Discovery (to address the threshold jurisdictional issues raised by Defendants NYC DOE, Klein, Mason and Schuster) and

6

other relief that is being prepared and will be filed, should be consolidated as is the Court's power pursuant to FRCP 16 and 42 (a).

21. A consolidation of the Motions and opposition will promote judicial economy and orderly prosecution of the case, avoid burden on the Court, potentially inconsistent results from piece meal litigation or motion practice and will conserve judicial resources.

### Incorporation of Plaintiff's Prior Declarations and Memoranda of Law

22. In further support of Plaintiff's Notice of Cross Motion, Plaintiff is incorporating by reference and/or will be filing as Exhibits to this Declaration the following Declarations and Memoranda of Law:

    a. Doc. # 90 – July 16, 2009 Motion to Strike by Plaintiff Pakter;

    b. Exhibit 1 to Doc. # 90 - July 16, 2009 Declaration of Plaintiff Pakter;

    c. Doc. # ___ – July 16, 2009 Letter Memorandum of Law by Plaintiff Pakter;

    d. Docs. # 93 & 94 – July 31, 2009 Memorandum of Law by Plaintiff Pakter *(See Exhibit 5)* [1];

    e. Docs. # 21 – 43 and 59 – 68 – Appendices of Exhibits to Prior Second Amended Complaint all of which support the allegations of Plaintiff Pakter's Second

---

[1] As noted in my Sept. 1st Declaration, Plaintiff Pakter respectfully submits that the Court erred in striking the July 31, 2009 Memorandum because the Court believed that it was filed out of time or in violation of the Court's rules. The July 31, 2009 Memorandum of Law and supporting documents are relevant to the issues presented in this case – purportedly by all individual Defendants as purportedly represented by Corporation Counsel but who – as yet – other than Defendant Mason have yet to answer, plead or otherwise move in response to Plaintiff's Second Amended Complaint. The July 31, 2009 Memorandum of Law is therefore being re-filed in response to the August 18, 2009 Motion by Defendant Mason. The issues presented therein are relevant and common to all pending Motions as filed by Defendants NYC DOE, Klein, Mason and Schuster and should be considered by the Court to insure fair and complete adjudication of the issues based on the facts and applicable law.

7

Amended Complaint and the issues presented in Defendant Schuster's Motion as well as the Motions by Defendants NYC DOE, Klein and Mason [2] ; and

f. Doc. #s 103 & 104 - Sept. 1st, 2009 Notice of Cross Motion by Plaintiff Pakter, together with Hochstadt supporting Declaration and Memoranda of Law.

### Additional Considerations Based on Facts Discovered Sept. 8th Showing Spoliation / Concealment of Evidence by Defendants Affecting the *Status Quo* and These Claims

23. As noted in the accompanying Declaration of David Pakter, we have discovered that Defendant NYC DOE has engaged in spoliation of evidence.

24. Plaintiff Pakter continues to be subjected to 3020a disciplinary hearings (which Plaintiff submits are being conducted in violation of and as retaliation and harassment for the exercise of his Federal and state due process and constitutional rights and other rights). Defendant NYC DOE was ordered by the Arbitrator to preserve certain evidence, documents and things that the arbitrator wished to examine during a site inspection that was to be conducted in the context of the ongoing disciplinary hearings.

25. On Sept. 8, 2009, the site inspection occurred and the Arbitrator found that Defendant NYC DOE had destroyed, altered, concealed and/or engaged in spoliation of evidence, in violation of his direct Order.

26. I confirmed this spoliation with counsel for Plaintiff Pakter in the disciplinary hearings.

27. The destruction and/or spoliation of evidence also affects the issues presented in Defendant Schuster's Motion, this Cross Motion and therefore Plaintiff Pakter will be making an application for preservation of and limited production of evidence.

---

[2] These Appendices have already been filed with the Court and due to their volume, are not being re-filed. Copies were also previously delivered to the Honorable Deborah A. Batts USDJ for her individual consideration. Therefore, these Appendices are being incorporated by reference.

28. As relates to Defendant Schuster, I will submit a separate and specific list to include those documents and evidence that need to be produced (and which should exist) including but not limited to:
    a. Emails, faxes, documents (including ESI) and other correspondence between Defendant Schuster and Defendants Garner, Jacobson & Meyer, related to Plaintiff Pakter;
    b. Emails, faxes, documents (including ESI) and other correspondence between Defendant Schuster and any other of the named Defendants or employees, agents or representatives of Defendant NYC DOE related to Plaintiff Pakter;
    c. Notification given by Defendant NYC DOE to Defendant Schuster of Plaintiff Pakter's Notices of Claims;
    d. Examination materials, documents received and examined, notes, tape recordings, test results and findings, related to the evaluation performed by Defendant Schuster of Plaintiff Pakter;
    e. Drafts (hard copy and ESI) of the report by Defendant Schuster of Plaintiff Pakter;
    f. Hard copy and ESI of the raw data related to the tests allegedly given to Plaintiff Pakter; and
    g. Emails, Faxes, Communications and other ESI exchanged between Defendant Schuster and Charles Schwarz MD (who conducted the Medical Arbitration).
29. The documents and evidence is relevant to the pending Motions, need to be preserved and certain of the documents and evidence need to be produced as they relate to the status of Defendant Schuster and the defenses raised in his pending motion.

**Conclusion**

30. In view of the foregoing, Plaintiff prays that the relief sought in his Notice of Cross Motion be granted in its entirety.

Dated: New York, New York
September 11, 2009

/s/ electronically signed
Joy Hochstadt Esq. (JH-0935)
JOY HOCHSTADT, P.C.
300 Central Park West, Suite 2 - E
New York, New York 10024
Tel. (212) 580-9930
Plaintiff's Counsel