08-CV-7673 (DAB)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID PAKTER,

                                                    Plaintiff,


                        -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION f/k/a BOARD OF EDUCATION OF
THE CITY SCHOOL DISTRICT OF NEW YORK;
and JOEL I KLEIN, as Chancellor of the CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK,

                                                    Defendants.


**CITY DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION**


# MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street, Room 2-314
New York, N.Y.  10007-2601


*Of Counsel:*    Larry R. Martinez
*Telephone:*     (212) 227-3153


Matter No. 2008-031238

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ..................................................................... 3

ARGUMENT ........................................................................................ 3

    POINT I .......................................................................................... 3

        PLAINTIFF'S MOTION IS PROCEDURALLY
        DEFECTIVE. .................................................................................. 3

        A.   Ms. Hochstadt Has Violated This Court's Pre-
             Motion Conference Requirement For the
             Fourth Time. ....................................................................... 3

        B.   Ms. Hochstadt Has Violated Local Civil Rule
             7.1 For The Third Time. ...................................................... 4

    POINT II ........................................................................................ 6

        PLAINTIFF'S MOTION FOR
        RECONSIDERATION MUST BE DENIED. .......................................... 6

        A.   Plaintiff's Motion Is Nothing More Than A
             Ruse Aimed At Circumventing The One-Page
             Limit Imposed By This Court In Its December
             7th Order. .......................................................................... 6

        B.   Plaintiff Has Failed To Meet The Standard For
             Reconsideration. ................................................................. 8

    POINT III ....................................................................................... 11

        PLAINTIFF IS NOT ENTITLED TO REMAIN AT
        HOME WITH FULL PAY. ................................................................. 11

    POINT IV ....................................................................................... 16

        MS. HOCHSTADT HAS VIOLATED A COURT
        ORDER FOR THE SECOND TIME AND, AS
        SUCH, HER ACTIONS MERIT THE
        IMPOSITION OF SANCTIONS PURSUANT OT
        28 U.S.C. § 1927 .......................................................................... 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

DAVID PAKTER,

                                 Plaintiff,     08-CV-7673 (DAB)(KNF)

                -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION f/k/a BOARD OF EDUCATION OF
THE CITY SCHOOL DISTRICT OF NEW YORK;
and JOEL I KLEIN, as Chancellor of the CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK,

                                Defendants.

--------------------------------------------------------------------------x

## CITY DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION.

### PRELIMINARY STATEMENT

        David Pakter ("Plaintiff") brings this "Motion for Reconsideration" pursuant to Local Civil Rule 6.3 seeking, *inter alia,* reconsideration of the Court's December 7, 2009 Order ("Dec. 7th Order"). Plaintiff allegedly seeks reconsideration of the portion of the Order which denied plaintiff's request for sanctions based on alleged "confirmed" instances of spoliation of evidence.  Plaintiff, through his attorney, Joy Hochstadt, also inappropriately interposes arguments related to plaintiff's payroll status claim which, to date, has not been decided by the Court. Moreover, Ms. Hochstadt interposes these arguments in a five-page letter brief which was filed in complete disregard for the one-page limit set by the Court in its Dec. 7th Order.  City

defendants now submit their opposition and respectfully request that the plaintiff's motion be denied in its entirety.

First, the motion must be denied as Ms. Hochstadt has violated, for the fourth time, the Court's pre-motion conference prior to the filing of the instant motion. Second, the motion must be denied because Ms. Hochstadt has, for the third time, violated the memorandum of law requirements prescribed by Local Civil Rule 7.1.

Third, the motion must be denied because it is nothing more than a ruse aimed at circumventing the one-page limit imposed by the Court in its December 7th Order as it relates to plaintiff's payroll claim. Indeed, because the Court has not decided this claim, it cannot form the basis of a motion for reconsideration pursuant to Local Civil Rule 6.3.

Fourth, assuming, _arguendo_, that plaintiff seeks reconsideration of the Court's decision regarding the spoliation claim, the instant motion fails to establish: (1) that there has been an intervening change in controlling law; (2) that new evidence exists that confirms plaintiff's spoliation claim; or (3) that any factual matters relating to the spoliation claim were overlooked by the Court.

Fifth, plaintiff's motion must be denied as Ms. Hochstadt has failed to provide this Court with any evidence which supports her preposterous claim that plaintiff is entitled to receive full pay despite his failure to report to work. Indeed, most if not all, of plaintiff's claims are belied by the admissions made by plaintiff in the Original and Second Amended Complaints.

Finally, by virtue of the numerous frivolous motions filed by plaintiff, it has become overwhelmingly clear that plaintiff and his counsel are not deterred by the prescriptions set forth by the Federal Rules of Civil Procedure, Local Civil Rules, Individual Practice Rules, and Orders of this Court. Accordingly, City defendants renew their request that the Court

promptly issue a decision granting City Defendants' Motions to Dismiss and for Reasonable Attorney's Fees pursuant to 28 U.S.C. § 1927.

## STATEMENT OF FACTS

City defendants respectfully refer the Court to the Declaration of Assistant Corporation Counsel, Larry R. Martinez, filed on November 30, 2009 ("Martinez 11/30/09 Decl."), for their statement of facts.

## ARGUMENT

### POINT I

### PLAINTIFF'S MOTION IS PROCEDURALLY DEFECTIVE.

**A.    Ms. Hochstadt Has Violated This Court's Pre-Motion Conference Requirement For the Fourth Time.**

Plaintiff's motion is procedurally defective, as his counsel, Joy Hochstadt, has failed, for the fourth time, to request a pre–motion conference prior to the filing of the instant motion. Individual Practice Rule II, B, 1 sets forth the requirement for pre-motion conferences which clearly states:

> For motions other than discovery motions, a pre-motion conference with the Court is required before making any motion. . .

See Individual Practice Rules of the Honorable Deborah A. Batts, Rule II, B, 1.

As has been the case with every motion filed by Ms. Hochstadt since the inception of this case, no pre-motion conference was requested prior to the filing of this motion. Specifically, Ms. Hochstadt has filed four (4) motions for various forms of relief in violation of this Court's pre-motion conference requirement.  First, on July 16, 2009, Ms. Hochstadt filed a "Motion to Strike" City defendants' motion to dismiss. See Docket Entry 90.   Second, on September 2, 2009, Ms. Hochstadt filed a "Cross-Motion for Miscellaneous Relief." See Docket

- 3 -

Entry 103.   Third, on November 9, 2009, Ms. Hochstadt filed the second "Motion for

Miscellaneous Relief. <u>See</u> Docket Entry 119.   Finally, on December 21, 2009 Ms. Hochstadt

filed the instant motion which is styled as a motion for "Reconsideration of Certain Portions of

the December 7, 2009 Order" but, as discussed in Point II below, is nothing more than a five-

page rebuttal to City defendants' arguments related to plaintiff's payroll status. <u>See</u> <u>generally</u>

Docket Entry 130.   Moreover, because the Court has not issued a decision on the payroll status

issue, Ms. Hochstadt strains credulity by designating the instant motion as a "motion for

reconsideration."   Accordingly and in light of the one-page limit set forth by the Court, Ms.

Hochstadt was obligated to request a pre-motion conference before filing the instant motion.

Ultimately, each of these motions are examples of Ms. Hochstadt's contemptuous

and vexatious behavior which has needlessly multiplied the proceedings in this case. City

defendants once again urge the Court to take judicial notice that Ms. Hochstadt was recently

admonished by the Honorable Jed Rakoff, United States District Court Judge, for engaging in

similar behavior. <u>See</u> <u>Lavandeira v. Infuse, LLC</u>, No. 08 Civ. 11213, 2009 U.S. Dist. LEXIS

72887 (S.D.N.Y. Aug. 18, 2009)(Cautioning Ms. Hochstadt that any further motions that are

brought in violation of the pre-motion conference requirement imposed by Magistrate Judge

Freeman in this case would be summarily denied.).

**B.    Ms. Hochstadt Has Violated Local Civil Rule 7.1 For The <u>Third</u> Time.**

Ms. Hochstadt's motion must be denied because she has, for the third time, failed

to include a memorandum of law in violation of the Local Civil Rules and the Individual Practice

Rules of this Court.   First, Local Civil Rule 7.1(a) makes clear that:

> Except as otherwise permitted by the court, **all
> motions…shall be supported by a memorandum
> of law**, setting forth the points and authorities relied
> upon in support of…the motion…Willful failure to

- 4 -

comply with this rule may be deemed sufficient
cause for the denial of a motion…by default.

See Local Rule 7.1(a) (emphasis added); See also Burroughs v. Chase Manhattan Bank, No. 01

Civ. 1929, 2004 U.S. Dist. LEXIS 2765 at * 6 (S.D.N.Y. Feb. 25, 2004)(A declaration "alone

will not satisfy the requirements of Local Rule 7.1.").    Furthermore, motions for reconsideration

are governed by Local Civil Rule 6.3 which provides, *inter alia*, that a

> notice of motion for reconsideration…of a court
> order  .  .  .  **shall be served**  .  .  .  **with . . . a**
> **memorandum setting forth concisely the matters**
> **or controlling decisions which counsel believes**
> **the court has overlooked** . . . ."

Local Rule 6.3 (emphasis added); see also Bennet v. Watsion Wyatt & Co., 156 F.Supp. 2d 270,

273 (S.D.N.Y. 2001).   Furthermore, it is settled that the requirements of Local Rule 6.3  will be

"strictly construed." See United States v. Gross, No. 98 CR 0159, 2002 U.S. Dist. LEXIS 28159,

at * 3 (E.D.N.Y. Dec. 5, 2002).   Indeed, the Individual Practice Rules of this Court echo the

requirements of the Local Rules by requiring that all

> "Memoranda of Law in support of…motions [be]
> limited to 25 pages…"

See Individual Practice Rules of the Honorable Deborah A. Batts, Rule II, C.

Since the filing of City defendants' motion to dismiss in July 2009, Ms. Hochstadt

has filed three (3) motions for various forms of relief in violation of the memorandum of law

requirement set forth by the Local Civil Rules and Individual Practices Rules of this Court. First,

on September 2, 2009, Ms. Hochstadt filed a "Cross-Motion for Miscellaneous Relief" with no

memorandum of law. See Docket Entry 103.  Second, on November 9, 2009, Ms. Hochstadt filed

the second "Motion for Miscellaneous Relief" with no memorandum of law. See Docket Entry

119.   While Ms. Hochstadt did electronically file a document which she purported to be a

"memorandum of law" this document was, in fact, an eight page unauthorized letter brief. See

Docket Entry 120.  Finally, on December 21, 2009, Ms. Hochstadt filed the instant "Motion for Reconsideration," again, without an accompanying memorandum of law. <u>See</u> Docket Entry 130. Ms. Hochstadt's habitual failure to abide by this rule should not be tolerated.

Furthermore and as further discussed in Point II below, the Letter Brief that accompanies the instant motion for reconsideration, fails to "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked" as they relate to the spoliation claim. <u>See</u> Local Rule 6.3 (emphasis added).  It does not cite any controlling decisions which plaintiff contends the Court has overlooked and instead argues that "there is no credible 'evidence' opposing [plaintiff's] requested Relief." Letter Brief at 4.  For example, Ms. Hochstadt merely redirects the Court to the legal authority previously cited in plaintiff's "request for Preliminary and Injunctive Relief" and in plaintiff's response to the Dec. 7th Order.  <u>Id.</u> Furthermore, the majority of the Letter Brief is devoted to a recitation of facts relating to plaintiff's payroll claim, an issue not decided by the Dec. 7th Order, and in clear contravention of Rule 6.3's prohibition of the submission of affidavits.  <u>Id.</u> at 2-4.  While plaintiff argues in conclusory terms that "evidence and documents continue to be destroyed," he fails to identify a single fact which the Court overlooked that pertains to that argument.  <u>Id.</u> at 3, ¶ (viii). Accordingly, plaintiff's non-compliance with Local rules 6.3 and 7.1 warrant denial of plaintiff's motion in its entirety.

**POINT II**

**PLAINTIFF'S        MOTION        FOR RECONSIDERATION MUST BE DENIED.**

**A.    Plaintiff's Motion Is Nothing More Than A Ruse Aimed At Circumventing The One-Page Limit Imposed By This Court In Its December 7th Order.**

Ms. Hochstadt filed the instant motion allegedly seeking reconsideration of that portion of the December 7th Order which denied her request for the imposition of sanctions based

on alleged spoliation of evidence. <u>See</u> <u>generally</u> Notice of Motion, Docket Entry 130.  However, Ms. Hochstadt fails to provide any substantive discussion to the spoliation claim.  Instead, she has directed the bulk of this "motion" to rebutting City defendants' arguments regarding plaintiff's payroll status claim. <u>See</u> <u>generally</u> Hochstadt 12/21/09 Letter.  In its December 7th Order the Court made clear that, as to the payroll status claim, Ms. Hochstadt had:

> 10 days [to] submit a **one page** letter citing authority, whether legal, administrative, or contractual, supporting [plaintiff's] request for an Order directing that Defendant's paychecks not be withheld and that his status not be changed during the pendency of this litigation.

<u>See</u> Order, dated December 7, 2009, Docket Entry 129.  On December 17th, Ms. Hochstadt served the Court with the one-page letter citing the authorities she believed were responsive to the Court's Order. <u>See</u> Letter from Joy Hochstadt, dated December 17, 2009 ("Hochstadt 12/17/09 Letter").  However, in her letter, Ms. Hochstadt also brazenly indicated that, despite the one-page limit set by the Court, she intended to file

> additional evidence [she] believe[s] is necessary and prudent under the circumstances of this case. . . And, this letter should also be construed as a request for a brief extension until December 24, 2009 by which to file additional papers.

<u>See</u> <u>id.</u>

      Without any authority and in yet another example of her blatant disregard for the orders of this Court, Ms. Hochstadt filed the instant "motion for reconsideration" which is dedicated exclusively to plaintiff's payroll issue.  However, because the Court has not decided this issue, it cannot form the basis of a motion for reconsideration. <u>See</u> <u>generally</u> Local Civil Rule 6.3 (Unless otherwise provided by statute or rule. . . a notice of motion for reconsideration. . . of a court order determining a motion shall be served within  fourteen (14) days after the entry

of the court's determination of the original motion. . .). In short, plaintiff's Motion for Reconsideration is nothing more than an attempted unilateral grant of a five page extension to the one page limit set by this Court on the payroll issue.  As discussed in Point III below, Ms. Hochstadt's continual flouting of this Court's authority merits the imposition of sanctions, if not, complete dismissal of this case pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**B.      Plaintiff Has Failed To Meet The Standard For Reconsideration.**

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Health Mgmt. Sys. Inc. Sec. Litg., 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000) (citations and quotation omitted). A request for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters put before the court in its decision in the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Local Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party … plugging the gaps of a lost motion with additional matters.'" S.E.C. v. Ashbury Capital Partners, No. 00 Civ. 7898, 2001 U.S. Dist. LEXIS 7094, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (internal citations omitted). Finally, it is well settled that a court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment. See Montanile v. Nat'l Broad Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

Assuming, arguendo, that plaintiff seeks reconsideration of the Court's decision regarding the spoliation claim, the instant motion fails to establish: (1) that there has been an intervening change in controlling law; (2) that new evidence exists that confirms plaintiff's

- 8 -

spoliation claim; or (3) that any factual matters relating to the spoliation claim were overlooked by the Court. Indeed, all that plaintiff devotes to his claim is a one sentence regurgitation of the same bald allegations made in his original moving papers. Specifically, plaintiff alleges that after conducting a "fact investigation" he discovered that "evidence and documents continue to be destroyed and [are] at risk of destruction." <u>See</u> Hochstadt 12/21/09 Letter, at 3, ¶ (viii). Plaintiff's conjecture falls woefully short of meeting the standard for reconsideration.

It need only be noted that this constitutes the <u>third time</u> that plaintiff has raised baseless allegations regarding "confirmed" instances of spoliation, and each time, plaintiff has been called to task by City defendants to come forward and provide <u>any</u> evidence to substantiate his claim.

First, on September 25th, Ms. Hochstadt filed a declaration that indicated that she:

> . . . discovered that Defendant NYC DOE has engaged in spoliation of evidence….Defendant NYC DOE was ordered by the [3020-a hearing] Arbitrator to preserve certain evidence, documents and things [pending] a site inspection. **On Sept. 8, 2009, the site inspection occurred and the Arbitrator found that Defendant NYC DOE had destroyed, altered, concealed and/or engaged in spoliation of evidence in violation of his direct Order.** I confirmed this spoliation with counsel for Plaintiff Pakter in the disciplinary hearings.

<u>See</u> Hochstadt Declaration, filed September 25, 2009, Docket Entry 112, ¶¶ "23" – "26" (emphasis added).

On October 5th, defendants responded to Ms. Hochstadt's allegations by providing the Court with the relevant portions of the 3020-a hearing transcript, which confirmed that Ms. Hochstadt's allegations were patently false as no order of spoliation had been issued by Arbitrator Bantle. <u>See</u> Letter from Assistant Corporation Counsel Larry R. Martinez to the Court,

dated October 5, 2009. Tellingly, Ms. Hochstadt never rebutted City defendants' position and, to date, has not provided the Court with the alleged Order issued by Arbitrator Bantle.

Second, on November 9, 2009, Ms. Hochstadt filed her second "motion for miscellaneous relief" seeking sanctions against City defendants based on "confirmed and/or admitted spoliation." See Letter Brief from Joy Hochstadt, dated November 4, 2009, Docket Entry 120 at 2. In this motion Ms. Hochstadt alleged "Defendant Harold Mason shredded evidence before he left Defendant NYC DOE's employ." Id. This time, Ms. Hochstadt purported to provide the Court with "evidence" that confirmed plaintiff's spoliation claim. Specifically, Ms. Hochstadt proffered a hearsay statement allegedly made by an unidentified DOE employee who indicated during a telephone call on an unknown date that "there had been a great deal of paper shredding going on, especially when Defendant Mason left Defendant NYC DOE's employ." See Pakter Decl., ¶ 16 (g), n. 6.

On November 30, 2009, City defendants responded once again to plaintiff's baseless allegations, and once again, Ms. Hochstadt failed to substantiate her preposterous claims. See City Defendants' Memorandum of Law in Opposition To Plaintiff's Motion For Miscellaneous Relief, filed November 30, 2009, Docket Entry 128 at 15-18. Now, for the third time since the inception of this case, Ms. Hochstadt has levied a baseless allegation regarding yet another "discovery" which confirms that evidence in this case has been destroyed. Much like the last two "confirmed" instances of spoliation, plaintiff has not only failed to substantiate his claim but also has failed to meet the standard for reconsideration. Accordingly, plaintiff's motion must be denied in its entirety.

<u>**POINT III**</u>

**PLAINTIFF IS NOT ENTITLED TO REMAIN
AT HOME WITH FULL PAY.**

As discussed above, the instant motion is dedicated exclusively to plaintiff's payroll claim. Specifically, plaintiff contends that he is not "required" to report to the reassignment center as a condition to the receipt of a paycheck because his current payroll status indicates he is on a "leave with pay." <u>See</u> Hochstadt 12/21/09 Letter, at 2.

First, and as discussed on Point II (A) above, plaintiff's arguments concerning his payroll status do not properly form the basis of the instant "motion for reconsideration." The Court has not decided this issue and, therefore, there is nothing to reconsider. Even assuming that the Court had decided this issue, Ms. Hochstadt's injection of new facts and theories fall woefully short of meeting the standard for reconsideration. <u>See</u> <u>Shrader</u>, 70 F.3d at 257 (A request for reconsideration under Local Rule 6.3 must demonstrate controlling law or factual matters <u>put before the court in the underlying motion</u> that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court.)(emphasis added); <u>see</u> <u>also</u> <u>Montanile</u>, 216 F. Supp. 2d at 342 (Motion for reconsideration pursuant to Local Rule 6.3 is not to be used to advance different theories not previously argued, or as a substitute for appealing a final judgment.).

Second, plaintiff's "motion" is devoted almost exclusively to raising a hearsay challenge to City defendants' arguments concerning the payroll issue. Specifically, Ms. Hochstadt claims that "no credible evidence" supports City defendants' position that plaintiff is not entitled to a paycheck. Ms. Hochstadt's hearsay arguments are misplaced because City defendants relied, in part, on the same evidence used by the plaintiff to make his arguments regarding the payroll issue. That is, City defendants' relied on: (1) the <u>complete</u> transcript of

Judith Rivera's 3020-a hearing testimony; (2) the complete transcript of Darlene Alba-Hart's 3020-a hearing testimony; and (3) Chancellor's Regulation C-700.

As to the testimony of the two witnesses, plaintiff has adopted their testimony and therefore this evidence exempted from the rule against hearsay. See Fed. R. Evid. 801(d)(2)(B) (A statement is not hearsay if the statement is offered against a party and it is a statement of which that party has manifested an adoption or belief in its truth.). Furthermore, to the extent Ms. Hochstadt chose to submit barely four pages of testimony, City defendants were entitled to submit the omitted parts of the transcript "to explain the admitted portion, to place the admitted portion in context, or. . . to ensure fair and impartial understanding of the admitted portion." See U.S. v Castro, 813 F2d 571, 575-576 (2d Cir. 1987); see also Fed. R. Evid 106.

Third, City defendants' also provided the Court with plaintiff's time-sheet which indicated that plaintiff had been absent from work for the entire month of September 2009. See Martinez Decl., Docket Entry 127, Exhibit "E."[1] Curiously, Ms. Hochstadt alleges that the time-sheet submitted by City defendants is "false fabricated and [] created for use in this litigation" as plaintiff was: (1) "never required to report to a Temporary Reassignment Center..." and (2) "never required to sign time sheets for the 2008-2009 or 2009-2010 [school years]" See Hochstadt 12/21/09 letter, at 3. As discussed below, this argument is flatly contradicted by prior representations made to this Court by plaintiff and his attorney. Moreover, plaintiff's numerous absences form the basis of the current 3020-a disciplinary charges which are currently being tried before Arbitrator Bantle. See Disciplinary Charges, dated October 26, 2007 which are annexed as Exhibit "U" to the Declaration of Assistant Corporation Counsel, Larry R. Martinez, filed July

---

[1] At the Court's request, City defendants will submit plaintiff's time-sheets from late 2007 through December 2009, some of which were signed by plaintiff himself.

1, 2009 ("Martinez 7/1/09 Decl.) Docket Entry 85.  Specifically, "Specification 7" of the disciplinary charges states that despite being directed to report to a reassignment center:

> During the 2006-2007 school year, [plaintiff] was
> absent ninety-eight (98) times from work. . .

Id. at 2-4; see also Letter from Philip Crowe, Human Resources Director, dated November 22, 2006, which is annexed as Exhibit "A" to the Martinez 11/30/09 Decl., Docket Entry 127; Letter from Theresa Europe, Deputy Counsel to the Chancellor, to Plaintiff, dated October 26, 2007, Martinez 7/1/09 Decl., Exhibit "U," Docket Entry 85, p. 643.  Accordingly, Ms. Hochstadt's arguments regarding the requirement that plaintiff report to the reassignment center are patently without merit.

Equally without merit is Ms. Hochstadt's claim that plaintiff "was never directed to 'report' to a Temporary Reassignment Center for the school year 2008-2009 or 2009-2010." See Hochstadt 12/21/09 letter, at 3.  Ms. Hochstadt's allegations are belied by various admissions she made on behalf of her client in this action and in a recently filed action in the United States District Court for the Eastern District of New York ("Eastern District").

Specifically, in this action, Ms. Hochstadt conceded that, as of September 2008, plaintiff was required to report to the reassignment center:

> In March of 2007 [plaintiff was] removed to the
> rubber room **to await the above charges**
>
> *  *  *
>
> **Plaintiff must return to the daily detention of
> seven hours per day at the reassignment center**
> with other teachers also gloomily awaiting their
> 3020-a determinations to also await a "hearing" on
> such spurious and nonsensical, retaliatory and
> illegal charges as cited above.

- 13 -

<u>See</u> Original Complaint, Docket Entry 1, ¶¶ "121" – "124" (emphasis added).  Furthermore, Ms. Hochstadt admitted that, as of June 2009, plaintiff was required to report to the reassignment center by indicating that:

> Plaintiff is and has been officially assigned to HAS&D as a teacher of commercial art since 1971, however. . .**plaintiff has been . . . sent for discipline to the rubber room and has not been returned to his duties at HAS&D.**

<u>See</u> Second Amended Complaint, Docket Entry 72, ¶ "141."

On November 23, 2009, David Pakter and several other teachers, represented by Ms. Hochstadt, filed a class action in the Eastern District on behalf of teachers "unfairly brought up on 3020-a Disciplinary Charges" who have been "subjected to unlawful confinement in Teacher Reassignment Centers a/k/a Rubber Rooms."  <u>Thomas v. New York City Department of Education</u>, No. 09 Civ. 5167 (E.D.N.Y. Nov. 23, 2009)(quoted language appears in caption).  In that complaint, Ms. Hochstadt described the putative class plaintiffs, including David Pakter, as follows:  "Each was sent to a Teacher Reassignment Center ("TRC"), to await commencement of the New York State Education Law § 3020-a ("3020-a") process."  <u>Id.</u> at ¶ 10.  Even more astounding, given plaintiff's current claim that he is not required to report to a Reassignment Center, is the fact that one of the forms of relief sought in the Eastern District litigation is the elimination of that requirement.  Paragraph 11 of the Prayer for Relief seeks:

> Ending daily reporting requirements to rubber room or teacher reassignment centers of tenured  educators awaiting hearings . . . .

<u>Id.</u> at 28, ¶ 11.

Accordingly, any claim that plaintiff was not required to report to the reassignment center as a condition to his receiving his salary must be dismissed as plaintiff is bound by the admissions made in the aforementioned pleadings. <u>See</u> <u>Gibbs ex rel. Estate of Gibbs v. CIGNA</u>

- 14 -

<u>Corp.</u>, 440 F.3d 571, 578 (2d Cir. 2006)(Facts admitted by a party "are judicial admissions that bind th[at] [party] throughout th[e] litigation."); <u>see also</u>  <u>Hoodho v. Holder</u>, 558 F.3d 184, 191 (2d Cir. 2009);<u>Oscanyan v. Arms Co.</u>, 103 U.S. 261, (1881) ("The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced.").

Ultimately, Ms. Hochstadt's latest round of baseless accusations are simply yet another attempt to divert the Court's attention away from the fact that she has been unable to come forward with a shred of authority, whether factual or legal, to support the claim that plaintiff should continue to receive a salary despite his admitted failure to report to work. Indeed, in its December 7th Order the Court made clear that Ms. Hochstadt had:

> 10 days [to] submit a **one page** letter citing authority, whether legal, administrative, or contractual, supporting [plaintiff's] request for an Order directing that Defendant's paychecks not be withheld and that his status not be changed during the pendency of this litigation.

<u>See</u> Order, dated December 7, 2009, Docket Entry 129 (emphasis added).  On December 17th, Ms. Hochstadt served the Court with a one-page letter citing authorities which clearly do not support plaintiff's claim. <u>See</u> Letter from Joy Hochstadt, dated December 17, 2009 ("Hochstadt 12/17/09 Letter").  Specifically, Ms. Hochstadt pointed to Article 6 of the New York State Labor Law and New York Penal Law § 155.05 to support plaintiff's claim.

Section 155.05 of the Penal Law, which criminalizes the unlawful withholding of "property" from its owner, is inapplicable here.  In a summary order, the Second Circuit affirmed the dismissal of a  civil litigant's claim based on this penal code provision "because larceny is a criminal charge that cannot be prosecuted by a private citizen." <u>Scott v. AOL Time Warner</u>,  No.

04 Civ. 33, 2004 U.S App. LEXIS 20623 at **5 (2d Cir. 2004). Accordingly, Ms. Hochstadt's reliance on the penal law is misplaced.

Equally misplaced is Ms. Hochstadt's reliance on Article 6 of the New State Labor Law because it is well settled that the DOE, as a state agency, is exempt, from the provisions of Article VI. <u>See</u> N.Y. Lab. Law § 190(3); <u>see also</u> <u>Mancuso v Crew</u>, 255 A.D.2d 295 (2d Dep't 1998) <u>cited by</u> <u>Hamilton v. City of New York</u>, No. 06 Civ. 15405 (DC), 2009 U.S. Dist LEXIS 85480, *44-45, (S.D.N.Y. Sept. 18, 2009). Accordingly, because Ms. Hochstadt has failed to provide the Court with any authority to support the claim that plaintiff is entitled to remain home with full pay, the instant motion must be denied in its entirety.

### POINT IV

**MS. HOCHSTADT HAS VIOLATED A COURT ORDER FOR THE SECOND TIME AND, AS SUCH, HER ACTIONS MERIT THE IMPOSITION OF SANCTIONS PURSUANT OT 28 U.S.C. § 1927**

In an astonishing act of contempt, Ms. Hochstadt has filed the instant five-page motion despite being directed by the Court to limit her arguments to a one-page recitation of applicable authorities supporting plaintiff's payroll claim.  This is the <u>second</u> time that Ms. Hochstadt has violated a Court Order. On September 2, 2009, Ms. Hochstadt re-filed a memorandum of law that was stricken by the Court on August 27, 2009. <u>See</u> Hochstadt Decl. n. 1, Exhibit 5.  In both instances, Ms. Hochstadt offers no excuse for behavior which clearly flouts the authority of the Court.

Throughout the pendency of this case Ms. Hochstadt has demonstrated an inability to abide by the Federal Rules, Individual Rules and Orders of this Court. This has resulted in the needless and vexatious multiplication of the proceedings in this case. Indeed, the milestones of Ms. Hochstadt's troubling behavior are marked by:

- The dismissal of the Original Complaint;

- The dismissal of the First Amended Complaint;

- The striking of the memorandum of law in opposition to City defendants' motion to dismiss the original complaint as untimely;

- The filing of 4 frivolous motions in violation of the Court's pre-motion conference requirement;

- The filing of 3 frivolous motions in violation of the memorandum of law requirements;

- The striking of plaintiff's memorandum of law in opposition to City Defendants' Motion to Dismiss the Second Amended Complaint as an untimely and unauthorized sur-reply.

- The denial of plaintiff's latest motion relating to spoliation of evidence.

See Order dated May 1, 2009, Docket Entry 70; Endorsed Order, dated February 20, 2009, Docket Entry 18; Docket Entry 90; Order dated August 27, 2009, Docket Entry 102, 103, 119, Order dated December 7, 2009, Docket Entry 130.  Ms. Hochstadt's behavior warrants dismissal of this case or, in the alternative, the imposition of sanctions in the form of payment of City defendants' reasonable attorneys' fees pursuant to 28 U.S.C. § 1927.

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  To impose such costs, expenses, and fees, vexatious behavior is measured under an objective standard, and must be

> harassing or annoying, regardless of whether it is intended to be so. Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under section 1927. The attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a serious and studied disregard for the orderly process of justice.

Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990); see also Beam v. Ipco Corp., 838 F.2d 242 (7th Cir. 1988) (Misrepresentations by counsel of controlling law in case postpones resolution of real issues causing unreasonable multiplication of proceedings and may evidence bad faith warranting sanctions under 28 U.S.C § 1927); Weaver v. Chrysler Corp., .No. 98 Civ. 9233, 2004 U.S. App. LEXIS 10466 at **331 (2d. Cir. 2004).

Based on Ms. Hochstadt's vexatious behavior, City defendants' respectfully renew their request for an order from the Court finding that plaintiff, has violated 28 U.S.C. § 1927, holding Ms. Hochstadt personally liable for reasonable attorneys' fees incurred.

Alternatively, Federal Rule 41(b) authorizes a district court to dismiss an action for failure of the plaintiff to comply with "any order of the court." See F.R.C.P. 41(b). In this case, **Ms. Hochstadt's decision to defy two Court Orders** provides sufficient grounds for dismissal of the case. However, in determining whether to terminate an action several factors should be considered, including whether a sanction less drastic than dismissal would be appropriate. See Barreau v. N.Y. City Taxi and Limousine Comm., No. 99 Civ. 11645 (DAB)(KNF), 2001 U.S. Dist LEXIS 5897 * 5 (S.D.N.Y. May 9, 2001). Accordingly, City defendants respectfully request that, as an alternative to dismissal, the Court award City defendants the attorneys' fees they have incurred as a result of Ms. Hochstadt's vexatious and unreasonable conduct.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein and in City defendants'
Memorandum of Law in Opposition to the Motion for Miscellaneous Relief, City Defendants
respectfully request that plaintiff's Motion for Reconsideration be denied, defendants motion to
dismiss the Second Amended Complaint be granted, and that the City defendants be awarded
costs, fees, and disbursements, together with such other and further relief as this Court may deem
just and proper.

Dated:          New York, New York
                December 30, 2009


                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney of for Defendants
                                        100 Church Street, Room 2-314
                                        New York, New York 10007-2601
                                        (212) 227-3153
                                        lmartine@law.nyc.gov


                        By:     _____/s/_____
                                        Larry R. Martinez,
                                        Assistant Corporation Counsel




**KATHLEEN M. COMFREY,**
**LARRY R. MARTINEZ**
        *Of Counsel*