08-CV-7673 (DAB)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID PAKTER,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION f/k/a BOARD OF EDUCATION OF
THE CITY SCHOOL DISTRICT OF NEW YORK;
and JOEL I KLEIN, as Chancellor of the CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK, et al.,

Defendants.

## CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR REASONABLE ATTORNEYS FEES PURSUANT TO 28 U.S.C. § 1927

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street, Room 2-314
New York, N.Y.  10007-2601

*Of Counsel:*   Larry R. Martinez
*Telephone:*     (212) 227-3153

Matter No. 2008-031238

# TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ........................................................................................ 2

    A.   Plaintiff Files the Second Amended Complaint...................................... 2

    B.   Ms. Hochstadt Files an Unauthorized Sur-Reply. ................................. 3

    C.   Harold Mason Appears and Ms. Hochstadt Files
        The "Cross-Motion for Miscellaneous Relief." ..................................... 4

    D.   Work Performed for Which City Defendants
        Seek An Award of Reasonable Attorneys' Fees..................................... 6

        a.   Opposition to Plaintiff's Motion to Strike
            City Defendants' Motion to Dismiss. ................................. 6

        b.   Letters to the Court ............................................................ 6

        c.   Opposition to the Cross-Motion for
            Miscellaneous Relief..........................................................7

ARGUMENT

   POINT I

        CITY DEFENDANTS ARE ENTITLED TO
        $12,075.00 in REASONABLE ATTORNEY'S FEES. ................................ 7

    A.   Reasonable Hourly Rate ....................................................................... 8

    B.   Reasonable Hours. ............................................................................... 11

        a.   Opposition to Plaintiff's Motion to Strike
            City Defendants' Motion to Dismiss. .............................12

        b.   Letters to the Court ..........................................................12

        c.   Opposition to the Cross-Motion for
            Miscellaneous Relief..........................................................12

CONCLUSION............................................................................................................ 14

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                          <u>**Pages**</u>

<u>Adams v. N.Y. State Educ. Dep't.,</u>
   No. 08 Civ. 5996, 2009 U.S. Dist. LEXIS 37379 (S.D.N.Y. May 4, 2009) ..............................9

<u>Adorno v. Port Auth. of N.Y. & N.J.,</u>
   No. 06 Civ. 593, 2010 U.S. Dist. LEXIS 14692 ......................................................................10

<u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,</u>
   522 F.3d 182 (2d Cir. 2008)...................................................................................7, 8, 11

<u>Heng Chan v. Sung Yue Tung Corp.,</u>
   No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 33883 (S.D.N.Y. May 7, 2007) .............................11

<u>Imbeault v. Ricks Cabaret Int'l Inc.,</u>
   No. 08 Civ. 5458, 2009 U.S. Dist. LEXIS 71562 (S.D.N.Y. Aug. 13, 2009)............................7

<u>James v. AMTRAK,</u>
   No. 02 Civ. 3915, 2005 U.S. Dist. LEXIS 5401 (S.D.N.Y. Mar. 28, 2005).............................10

<u>LeBlanc-Sternberg v. Fletcher,</u>
   143 F.3d 748 (2d Cir. 1998).....................................................................................................8

<u>McDow v. Rosado,</u>
   657 F. Supp. 2d 463 (S.D.N.Y. 2009) ....................................................................................11

<u>Metrokane, Inc. v. Built NY, Inc.,</u>
   No. 06 Civ. 1447, 2009 U.S. Dist. LEXIS 27208 (S.D.N.Y. Mar. 5, 2009).............................8

<u>Morris v. Eversley,</u>
   343 F. Supp. 2d 234 (S.D.N.Y. 2004) ....................................................................................11

<u>N.Y. State Ass'n for Retarded Children, Inc.. v. Casey,</u>
   711 F.2d 1136 (2d Cir. 1983)..................................................................................................11

<u>Nam Yang v. ACBL Corp.,</u>
   No. 04 Civ. 8987, 2006 U.S. Dist. LEXIS 6919,
   2006 WL 435720 (S.D.N.Y. Feb. 22, 2006) ..........................................................................11

<u>NLRB v. Local 3, Int'l Bhd. of Elec. Workers,</u>
   471 F.3d 399 (2d Cir. 2006).....................................................................................................9

<u>Pakter v. DOE, et al.,</u>
   08 Civ. 7673 .............................................................................................................................1

**<u>Cases</u>**                                                                                                              **<u>Pages</u>**

Robinson v. City of New York,
   No. 05 Civ. 9545, 2009 U.S. Dist. LEXIS 89981 (S.D.N.Y. Sept. 29, 2009) ..........................8

U.S. v. Kirksey,
   639 F. Supp. 634 (S.D.N.Y. 1986) ..............................................................................................9

Yang v. ACBL Corp.,
   No. 04 Civ. 8987, 2006 U.S. Dist. LEXIS 6919 (S.D.N.Y. Feb. 22, 2006) ...........................10

**<u>Statutes</u>**

28 U.S.C. § 1927 ...............................................................................................................1, 5, 14

Fed. R. Civ. P. 12(f) ...................................................................................................................3

Local Rule 6.1(b) ........................................................................................................................2

## PRELIMINARY STATEMENT

The City of New York, the New York City Board of Education ("DOE"), Joel I. Klein, Audrey Jacobson, Judith Rivera, Michael LaForgia, Philip Crowe, Sonia Stewart, Alexis Penzell, Madeline Appell, Mary Ann Geist-Deninno, John Lachky, Hilda Nieto, Giovanni Raschilla, Ann Garner, Eliane Meyer, and Harold Mason (collectively "City defendants") in the above referenced action by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, submit this memorandum of law in support of their motion for an award of reasonable attorney's fees pursuant to 28 U.S.C. § 1927 for the unnecessary expenses they were obligated to incur in their defense of plaintiff's counsel, Joy Hochstadt's, various baseless motions and applications made to the Court from July 17th to September 16th, 2009.

On March 22, 2010, the Honorable Deborah A. Batts, District Judge of the Southern District of New York, issued a Decision and Order granting, *inter alia*, City defendants' motion for sanctions brought pursuant to 28 U.S.C. § 1927. Specifically, the Court found that: (1) "Plaintiff's July 16, 2009 'Motion to Strike' Defendants' Motion to Dismiss was completely meritless and in bad faith."; (2) Plaintiff's August 2, 2009 memorandum of law "was nothing more than a. . . belated and unauthorized" sur-reply; and (3) plaintiff's September 2, 2009 re-filing of the previously stricken sur-reply was made "in direct contravention of the Court's August 27, 2009 Order."

Accordingly, Judge Batts referred the matter to this Court "for an inquest for reasonable attorneys' [fees] and the costs to [City Defendants] [in] responding to Plaintiff's Motion to Strike, as well as responding to Plaintiff's unauthorized First Reply Memorandum and Plaintiff's unauthorized re-filing of the First Reply Memorandum."

As is readily apparent from the Docket Sheet maintained in Pakter v. DOE, et al., 08 Civ. 7673, City defendants were required to devote a considerable amount of time and

resources to the numerous applications and issues presented to the Court by Ms. Hochstadt during the year and a half period that Pakter v. DOE has been pending.  Indeed, Ms. Hochstatd's incessant and frivolous applications compelled City defendants to file the instant application for sanctions which seeks to recover reasonable fees for just a small fraction of the over 589 hours of attorney time that has been actually expended since the inception of this case.

Accordingly, as further discussed below, City defendants respectfully request that they be awarded $12,075.00 in reasonable attorney's fees incurred in connection with City defendants' defense of (1) Plaintiff's Motion to Strike; (2) Plaintiff's unauthorized First Reply Memorandum; and (3) Plaintiff's unauthorized re-filing of the First Reply Memorandum.

## STATEMENT OF FACTS [1]

### A.    Plaintiff Files the Second Amended Complaint.

On June 1, 2009, plaintiff filed the Second Amended Complaint raising ten causes of action against the DOE and fourteen individual defendants. See Docket Entry 72.

On July 1, 2009, the Office of the Corporation Counsel moved to dismiss the Second Amended Complaint on behalf of all the individually named defendants ("City defendants") with the exception of Harold Mason and Dr. Richard Shuster.  See Docket Sheet Entry 84. [2]  Pursuant to Local Rule 6.1(b), plaintiff's opposition to City defendants' motion was due on July 16, 2009, with defendants' reply due on July 23, 2009.  See Notice of Motion, Docket Entry 84.

---

[1] As City defendants' motion for sanctions is based on procedural events occurring after June 1, 2009, this statement of facts begins with the filing of the Second Amended Complaint on June 1, 2009.

[2] At all times herein, Dr. Richard Shuster was represented by private counsel.

On July 16th, instead of filing an opposition to City Defendants' motion, Ms. Hochstadt filed a motion to strike the motion to dismiss pursuant to Fed. R. Civ. P. 12(f).  See, Docket Entry 90.  The motion to strike contained a declaration from the plaintiff as well as a five-page letter brief that addressed both the motion to strike and opposed City defendants' motion to dismiss.  Id.

On July 23, 2009, City defendants timely filed their "Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint and in Opposition to Plaintiff's Motion to Strike."  See Docket Entries 91 & 92.  Accordingly, City defendants' motion to dismiss was fully submitted on July 23, 2009.  All that remained was for plaintiff to file a reply to City defendants' opposition to the motion to strike by the July 30, 2009.

**B.     Ms. Hochstadt Files an Unauthorized Sur-Reply.**

On August 2, 2009, more than one week after City defendants' motion was fully submitted, and more than three days after the July 30th return date on the motion to strike, Ms. Hochstadt filed a "Memorandum of Law in Opposition to Defendants' Motion to Dismiss" ("Plaintiff's Memorandum").  See Docket Entry 93.  On August 3, 2009, City defendants moved to strike Plaintiff's Memorandum as an untimely, unauthorized sur-reply.  See Letter from Assistant Corporation Counsel, Larry Martinez to the Honorable Deborah A. Batts, United States District Judge, dated August 3, 2009, Martinez Decl., Ex. B.[3]

On August 27, 2009, the Court issued an Order, *inter alia,* striking plaintiff's memorandum "as an un-authorized sur-reply and for violations of the Local Rules and the Court's Individual Practice Rules."  See Order, Dated August 27, 2009, Docket Entry 102.

---

[3] References to all exhibits are to those annexed to the Declaration of Larry R. Martinez, dated April 20, 2010 ("Martinez Decl.") submitted by City defendants in support of the instant motion.

**C.      Harold Mason Appears and Ms. Hochstadt Files The "Cross-Motion for Miscellaneous Relief."**

On August 18, 2009, the Office of the Corporation Counsel was retained as counsel for Defendant Harold Mason and filed a notice of appearance on his behalf.  See Docket Entry 99.   Mr. Mason also asked "to join the Motion to Dismiss the Second Amended Complaint" that was filed by City defendants on July 1, 2009 ("Me Too Motion").  See Docket Entry 102.  Mr. Mason did not raise any new arguments in his application to join the City defendants' motion.  Id.

On September 1, 2009, Ms. Hochstadt filed a Notice of Motion seeking "miscellaneous relief" including: (1) reconsideration of the Court's August 27th Order; (2) an Order "consolidating" the motions to dismiss filed by City Defendants and Dr. Shuster; (3) an order denying the parties motions to dismiss and; (4) an order entering "[d]efault against Individual Defendants Garner, Rivera, Raschilla, Penzell, Nieto, LaForgia, Lachky, Jacobson, and Geist-Deninno."  See Docket Entry 103.

On September 2, 2009, Ms. Hochstadt filed a declaration in support of her Cross-Motion.  See Declaration of Joy Hochstadt, filed September 2, 2009 ("Hochstadt Decl."), Docket Entry 104.  Without any authorization from the Court, Ms. Hochstadt re-filed the Memorandum of Law which was stricken by the Court on August 27th as an Exhibit to her declaration.  See Hochstadt Decl., Exhibit 5 n. 1.  Ms. Hochstadt attempted to excuse this contemptuous action with the following statement which she buried in a footnote: "The July 31, 2009 Memorandum of Law is therefore being re-filed in response to the August 18, 2009 ["Me Too"] Motion by Defendant Mason."  Id.  In the same footnote, she argued that the "Court erred in striking" the memorandum, but did not identify what matters or controlling decisions she believed the Court had overlooked. See Id. at fn. 1.

On September 16, 2009, City defendants filed their opposition to plaintiff's motion and sought an Order from the Court finding that Ms. Hochstadt had violated 28 U.S.C. § 1927's prohibition against "unreasonably and vexatiously" multiplying the proceedings in this case.  As a result, City defendants sought reasonable attorney's fees for the time spent in responding to, *inter alia*, Ms. Hochstadt's (1) July 16, 2009 "Motion to Strike" (2) the August 2, 2009 unauthorized Plaintiff's Memorandum; and (3) the September 2, 2009 unauthorized re-filing of Plaintiff's Memorandum which had been previously stricken by the Court on August 27th.

On March 22, 2010, Judge Batts issued a Decision and Order granting City defendants' motion to dismiss as well as their motion for sanctions brought pursuant to 28 U.S.C. § 1927.  See generally Decision and Order, dated March 22, 2010 ("Order"), Ex. C.  Specifically, the Court found that: (1) "Plaintiff's July 16, 2009 'Motion to Strike' Defendants' Motion to Dismiss was completely meritless and in bad faith."; (2) Plaintiff's August 2, 2009 memorandum "was nothing more than a . . .  belated and unauthorized" sur-reply; and (3) the September 2, 2009 re-filing of the previously stricken sur-reply was made "in direct contravention of the Court's August 27, 2009 Order."  See Order, Ex. C at 12, 25-27.

Accordingly, Judge Batts referred this matter "to the Honorable Kevin N. Fox for an inquest for reasonable attorneys' [fees] and the costs to [City] Defendant[s] [in] responding to Plaintiff's Motion to Strike, as well as responding to Plaintiff's unauthorized First Reply Memorandum and Plaintiff's unauthorized re-filing of the First Reply Memorandum." Id.

**D.     Work Performed for Which City Defendants Seek An Award of Reasonable Attorneys' Fees.**

      **a.   Opposition to Plaintiff's Motion to Strike City Defendants' Motion to Dismiss.**

On July 16th, instead of filing an opposition to City Defendants' motion, Ms. Hochstadt filed a motion to strike the motion to dismiss.  <u>See</u> Docket Entry 90.  The motion to strike contained a declaration from the plaintiff as well as a five-page letter brief that addressed both the motion to strike and opposed City defendants' motion to dismiss.  <u>Id.</u>

On July 23, 2009, City defendants filed a declaration and "Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint and in Opposition to Plaintiff's Motion to Strike."  <u>See</u> Docket Entries 91 & 92.  Counsel for City defendants expended 37 hours in the research, writing, preparation and filing of their opposition to the motion. <u>See</u> Law Manager Time Record for period from July 17, 2009 to September 16, 2009 ("Time-sheet"), Martinez Decl., Ex. A, at entries dated July 17th through July 23, 2009.

      **Total attorney Time:**  37  hours

      **b.  Letters to the Court**

City defendants seek fees in connection with the letter submitted to Court relating to plaintiff's counsel's August 1, 2009 filing of an untimely and unauthorized sur-reply.  A copy of City defendants' letter dated August 3, 2009 is annexed hereto as Exhibit B.  City defendants seek fees for a total of 5 hours in connection with the research, writing and preparation of the identified correspondence.  <u>See</u> Time-sheet, Martinez Decl., Ex. A, at entries dated August 1st through August 2nd, 2009.

**Total Attorney Time**:  5 hours

**c.  Opposition to the Cross-Motion for Miscellaneous Relief.**

25.     In connection with City defendants' opposition to plaintiff's Cross-Motion for Miscellaneous Relief, City defendants filed a declaration and memorandum of law.  Counsel for City defendants expended 27 hours in the research, writing, preparation and filing of their opposition to the motion.  <u>See</u> Time-sheet, Martinez Decl., Ex. A, at entries dated September 9th through September 16, 2009.

**Total Attorney Time:**  27 hours

<u>**Total Hours Expended:**</u> 69 Hours

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

**CITY DEFENDANTS ARE ENTITLED TO $12,075.00 IN REASONABLE ATTORNEY'S FEES.**

The starting point for calculating reasonable attorney's fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  <u>See</u> <u>Imbeault v. Ricks Cabaret Int'l Inc.</u>, No. 08 Civ. 5458, 2009 U.S. Dist LEXIS 71562, at *1 (S.D.N.Y. Aug. 13, 2009).  The Second Circuit has held that the resulting figure is known as the "presumptively reasonable fee."  <u>See</u> <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v.</u> <u>County of Albany</u>, 522 F.3d 182, 183 (2d Cir. 2008).

As set forth more fully herein, and in the Declaration of Larry R. Martinez in support of their motion for reasonable attorney's fees, counsel for City defendants dedicated over 69 hours to the defense of various frivolous motions and applications made to the Court made by plaintiff's counsel from July 17, 2009 to September 16, 2009.  City defendants seek an award of fees for just a fraction of the 589 hours of attorney time that has been expended since the

inception of this case.   Specifically, City defendants only seek reasonable attorney's fees for the hours expended by the Assistant Corporation Counsel defending against: (1)  Plaintiff's July 16, 2009 'Motion to Strike' Defendants' Motion to Dismiss; (2) Plaintiff's August 2, 2009 Memorandum; and (3) responding to Ms. Hochstadt's unauthorized re-filing of Plaintiff's August 2, 2009 Memorandum.

This application does not seek reimbursement for the additional time spent by supervising attorneys and paralegals who worked on this matter. Similarly, City defendants do not seek reimbursement for the costs incurred in responding to Ms. Hochstadt's various applications. Accordingly, for the reasons discussed below, City defendants seek an award of $12,075 in attorney's fees.

## A.    Reasonable Hourly Rate

A reasonably hourly rate is the rate a "paying client would be willing to pay." Arbor Hill, 522 F.3d at 190. In determining the rate, courts should consider (1) the prevailing hourly rate charged by attorneys of reasonably comparable skill, experience, and reputation in the District where the District Court sits; and (2) the case-specific variables identified in Arbor Hill which include, *inter alia*,: the complexity and difficulty of the case, the resources required to prosecute the case effectively, and the timing demands of the case.  See, Arbor Hill, at 522 F.3d at 112; see also Metrokane, Inc. v. Built NY, Inc., No. 06 Civ. 1447, 2009 U.S. Dist. LEXIS 27208 at *5 (S.D.N.Y. Mar. 5, 2009).   Nevertheless, courts may also rely on their own knowledge of comparable rates charged by lawyers in the district.  See Robinson v. City of New York, No. 05 Civ. 9545, 2009 U.S. Dist. LEXIS 89981, at *4 (S.D.N.Y. Sept. 29, 2009). Moreover, the Second Circuit has made clear that "[c]urrent rates, rather than historical rates, should be applied" in determining a reasonable hourly rate.  See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998).  Finally, it is well settled that counsel's status as a government

attorney "should not change the analysis of what rate a paying client would be willing to pay, and thus the rate should be the same whether private counsel, non-profit organization counsel or a government attorney performs the work." See Adams v. N.Y. State Educ. Dep't., No. 08 Civ. 5996, 2009 U.S. Dist. LEXIS 37379 (S.D.N.Y. May 4, 2009) citing NLRB v. Local 3, Int'l Bhd. of Elec. Workers, 471 F.3d 399, 406-409 (2d Cir. 2006), U.S. v. Kirksey, 639 F.Supp. 634, 637 (S.D.N.Y. 1986).

City defendants submit that an hourly rate of $175 an hour for the work of their counsel is consistent with rates awarded in the Southern District of New York with his level of experience in the area of employment discrimination and civil rights law.

Specifically, I received my J.D., *cum laude*, from Albany Law School of Union University in May 2007.  Based on my law school achievements, I was offered membership to the Justinian Society and the National Order of Barristers.  In January 2008, I was admitted to, and am a member in good standing, of the bar of the State of New York.  I am also a member of the bar of the United States District Court of the Southern District of New York, and the United States District Court for the Eastern District of New York.

I commenced employment with the New York City Law Department, Office of the Corporation Counsel, in September 2007.  The Law Department serves as the attorney and counsel for the City of New York and its agencies, and is their representative in virtually all lawsuits brought for and against the City.  The Law Department employs approximately 600 attorneys, and as such is the second largest public law office, in one place, in the country.

I serve as an Assistant Corporation Counsel in the Labor and Employment Law Division.  The Labor and Employment Division, which is currently staffed by over 45 attorneys, represents the City in litigation arising out of the City's role as the employer of more than a

quarter-million workers.  The claims raised in the federal cases I have litigated include First Amendment rights of municipal employees; claims of discrimination and retaliation under Title VII and the Fourteenth Amendment; the Americans with Disabilities Act; the Age Discrimination in Employment Act; the Fair Labor Standards Act; and claims brought under City and State law, including the City and State Human Rights Laws.

In December 2008, I was awarded the "Legal Rookie of the Year" award.  The award recognizes the outstanding performance, promise and dedication exhibited during the first year of practice of law at the New York City Law Department.  In the course of my employment with the Law Department, I have been assigned and am directly responsible for the litigation of over 40 actively litigated cases from commencement to conclusion of the action.  I have appeared in both Federal and State Courts as well as before the New York State Division of Human Rights.

Based on my experience in the area of employment and civil rights law, City defendants seek $175.00 as a reasonable hourly rate for my services.  City defendants respectfully submit that the hourly rate sought is consistent with the prevailing rate for labor and employment law attorneys with counsel's experience in the legal community practicing in the Southern District of New York.  See Adorno v. Port Auth. of N.Y. & N.J., No. 06 Civ. 593, 2010 U.S. Dist. LEXIS 14692, at *14 (awarding hourly rate of $200 to 2008 law school graduate in employment discrimination case); see also Yang v. ACBL Corp., No. 04 Civ. 8987,  2006 U.S. Dist. LEXIS 6919 at *8 (S.D.N.Y. Feb. 22, 2006) (hourly rate of $175 found to be reasonable for an attorney with less than two years of experience in FLSA case); James v. AMTRAK, No. 02 Civ. 3915, 2005 U.S. Dist LEXIS 5401 at *51 (S.D.N.Y. Mar. 28, 2005) (awarding $175 for associates, regardless of whether they were billed by "senior" or "junior" associates in

employment discrimination case); <u>Heng Chan v. Sung Yue Tung Corp.</u>, No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 33883 at *4 (S.D.N.Y. May 7, 2007) (awarding $200 to associate with two years experience in employment discrimination case); <u>Morris v. Eversley</u>, 343 F. Supp. 2d 234, 247 (S.D.N.Y. 2004) (finding $ 200 per hour appropriate for associates at large firms with one to three years' experience); <u>Nam Yang v. ACBL Corp.</u>, No. 04 Civ. 8987, 2006 U.S. Dist. LEXIS 6919, 2006 WL 435720, at *3 (S.D.N.Y. Feb. 22, 2006) (finding $ 175 a reasonable hourly rate for an attorney with less than two years' experience, but noting that awards of $ 200 were common).  City defendants contend that this rate is reasonable in light of the fact that they are not seeking to recover time spent by my supervisors and paralegal or the costs related to defending against the applications at issue in their motion.  Accordingly, City defendants seek an award of $175 per hour as a reasonable hourly fee for their counsel.

## B.      Reasonable Hours.

The second prong of the presumptively reasonable fee is the number of hours reasonably expended on the matter.  <u>See</u> <u>Arbor Hill</u>, 552 F.3d at 189-90.  To determine the reasonableness of the hours expended, the moving party is required to summit contemporaneous time records that specify "the date, the hours expended, and the nature of the work done."  <u>See</u> <u>N.Y. State Ass'n for Retarded Children, Inc.. v. Casey</u>, 711 F.2d 1136, 1148 (2d Cir. 1983).  It is not necessary to report "the exact number of minutes spent on each activity."  <u>See</u> <u>McDow v. Rosado</u>, 657 F. Supp. 2d 463, 467 (S.D.N.Y. 2009).  In this case, City defendants submit contemporaneous time records which indicate that counsel for City defendants dedicated more than 69 hours in defending against: (a)  Plaintiff's July 16, 2009 'Motion to Strike' Defendants' Motion to Dismiss; (b) Plaintiff's August 2, 2009 Memorandum; and (c) responding to Ms. Hochstadt's unauthorized re-filing of Plaintiff's August 2, 2009 Memorandum.  City defendants contend that the hours expended are reasonable as counsel for City defendants ensured the most

efficient and expedient use of his time in responding the numerous applications made by plaintiff's counsel in this case.

### a.   Opposition to Plaintiff's Motion to Strike City Defendants' Motion to Dismiss.

On July 16th, instead of filing an opposition to City Defendants' motion, Ms. Hochstadt filed a motion to strike the motion to dismiss. <u>See</u> Docket Entry 90. The motion to strike contained a declaration from the plaintiff as well as a five-page letter brief that addressed both the motion to strike and opposed City defendants' motion to dismiss. <u>Id.</u>

On July 23, 2009, City defendants filed a declaration and "Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint and in Opposition to Plaintiff's Motion to Strike." <u>See</u> Docket Entries 91 & 92. Counsel for City defendants expended 37 hours in the research, writing, preparation and filing of their opposition to the motion. <u>See</u> Law Manager Time Record for period from July 17, 2009 to September 16, 2009 ("Time-sheet"), Martinez Decl., Ex. A, at entries dated July 17th through July 23, 2009.

**Total attorney Time:** 37 hours

### b.   Letters to the Court

City defendants seek fees in connection with the letter submitted to Court relating to plaintiff's counsel's August 1, 2009 filing of an untimely and unauthorized sur-reply. A copy of City defendants' letter dated August 3, 2009 is annexed hereto as Exhibit B. City defendants seek fees for a total of 5 hours in connection with the this correspondence. <u>See</u> Time-sheet, Martinez Decl., Ex. A, at entries dated August 1st through August 2nd, 2009.

**Total Attorney Time**: 5 hours

### c.   Opposition to the Cross-Motion for Miscellaneous Relief.

In connection with City defendants' opposition to plaintiff's Cross-Motion for Miscellaneous Relief, City defendants filed a declaration and memorandum of law. Counsel for

City defendants expended 27 hours in the research, writing, preparation and filing of their opposition to the motion.  See Time-sheet, Martinez Decl., Ex. A, at entries dated September 9th through September 16, 2009.

**Total Attorney Time:**  27 hours

**<u>Total Hours Expended:</u>** 69 Hours

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein and in the Declaration of Larry R. Martinez in support of their motion for fees pursuant 28 U.S.C. § 1927, City Defendants respectfully request that the Court grant the instant application in its entirety and direct that Ms. Hochstadt personally pay the City $12,075.00 for attorneys' fees reasonably incurred in defending against these frivolous matters.

Dated:          New York, New York
                April 20, 2010


                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for City Defendants
                                        100 Church Street, Room 2-314
                                        New York, New York 10007-2601
                                        (212) 227-3153
                                        lmartine@law.nyc.gov


                            By:     **ECF**              /s/
                                          Larry R. Martinez,
                                        Assistant Corporation Counsel


**KATHLEEN M. COMFREY,**
**LARRY R. MARTINEZ**
        *Of Counsel*

- 14 -