**EMERGENCY STAY REQUESTED**

*Joy Hochstadt, P.C.*
*Attorneys at Law*
*300 Central Park West*
*New York, New York 10024*

USDC SDNY
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-14-10

June 14, 2010

The Honorable Deborah A. Batts
United States District Judge
Daniel P. Moynihan Federal Courthouse
500 Pearl Street–Rm 2510
New York, New York 10007

Re **Pakter v. DOE et al**, 08-cv-7673 (DAB)(KNF)

Dear Judge Batts:

MEMO ENDORSED

Denied /DAB/ 6-14-10

I am Counsel for the Plaintiff, David Pakter in the above matter.

I write to you for an immediate and emergency stay in the proceeding seeking legal fees, the motion for which I must oppose today.

Today at 3:00 PM is the CAMP conference in the Second Circuit pursuant to Pakter's Appeal of Your Honor's Order of March 22, 2010. I believe the case may be able to be settled based on Mr. Pakter's complete exoneration of all administrative charges brought against him in 2006. It has taken four horrendous years to arrive at this juncture: three years for the trial to begin and one year of the proceedings until the charges brought in 2006 were all dismissed on Thursday June 10, 2010.

MEMO ENDORSED

Additionally, on consent, Pakter's attendance record in the horrid "Rubber Room" was not reached as to whether it was constructive termination which he claims, or unauthorized absence which his payroll secretary says it was not, as she showed him on "paid leave" once his pension rate exceeded his salary rate;–that one issue was left for another forum at another time, should Mr. Pakter be claiming two years of back pay which he is claiming.

1.   Since the charges were brought in 2006, Pakter has been confined to a "rubber room." An audiotape recording Pakter made of a meeting he attended with his principal in 2006, was played at the hearings establishing that charges brought against him in 2006 were fabricated and that the Principal perjured herself at the hearings last year.

2.   The payroll secretary for his school was informed when she testified a few months ago that her Principal testified in an earlier set of charges (arbitrated in 2006), that the payroll secretary monitored Pakter's "punctuality" which she adamantly refuted stating that was "absolutely not true." Instead she had been given a paper with "arrival times" she was to enter into her computer, and was told that someone else had observed these arrivals but she should transcribe the latenesses into her computer; ergo the prior Principal perjured himself as well.

---

Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,   Telephone 212 580 9930   Facsimile: 212 580 9322
Admitted: Federal & State Bars of NJ & NY, 2ⁿᵈ Circuit & U.S. Supreme Court   e-mail joy.hochstadt.pc@gmail.com

3.  Your Honor will recall, Pakter was confined to the rubber room from 2004-to 2006 on the prior set of now also known to be fabricated charges. When the worst of the fabricated charges could not be substantiated by the Commissioner for Special investigation (that he had placed pornography on a classroom computer maintained for student use), he was subjected to psychological tests which despite the tests determining that his mental health showed no abnormalities, he was found to be not "fit for duty" and removed from the payroll. Demanding Medical Arbitration, he was eventually returned to the payroll (albeit with a year's procrastination), with backpay and interest and a brief letter that merely stated that the determination a year before "was in error."

4.  The arbitrator for the first set of charges, despite stating was going to dismiss the charges, fined Pakter, $15,000.00, (for punctuality) and despite witnesses to the contrary, in light of the fact that the Department of Education was pressuring for Pakter's termination.

5.  DOE's failure to terminate Pakter at that round, led DOE to seek out Principal Nieto (see #1 above); Pakter was sent but never officially assigned to her school but after 19 days, the charges that were the subject of the hearing that just concluded were brought and he was back to the Rubber Room within the same very month he was sent to a school..

What a loss to the students of the City of New York to be deprived of the unquestionably instructionally best and by far most talented art teacher to have ever worked in the NYC schools to be taken from them.

I believe that the evidence that this was a single continuous wrong that lasted seven years is much more apparent now that it has been shown to have all been perpetrated in bad faith, all because Pakter exercised his First Amendment right to speak out on important issues of public concern that were **not** part of his duties as an art teacher. To confine him to day "gulag," to prevent him from practicing his profession, to keep him on an ineligible/inquiry list that total chilled his ability to gain employment as a public school teacher anywhere in the U.S., all perpetrated under color of State Law, has been a most egregious abridgement of Pakter's civil rights guaranteed under the First and Fourteen Amendments, actionable under 42 USC 1983, and not at all time barred, as the continuing day-in-day out unlawful treatment that only ended four days ago.

I enclose an article (one of many) that blogers have gotten out immediately after Pakter'ss vindication

With hopes that the stay will be Ordered today, I thank Your Honor's Court for its concern, courtesies and efforts on Mr. Pakter's behalf.

Most respectfully submitted,

SO ORDERED

*Deborah A. Batts*
_____
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

---

Principal: Joy Hochstadt, PhD, JD, Dipl. Amer. Bd. Clin. Chem.,   Telephone 212 580 9930   Facsimile: 212 580 9322
Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court   e-mail joy.hochstadt.pc@gmail.com