**MEMO ENDORSED**





MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

LARRY R. MARTINEZ
Assistant Corporation Counsel
Phone: (212) 227-3153
Fax: (212) 788-0940
lmartinc@law.nyc.gov

June 17, 2010

**BY FACSIMILE**

Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2510
New York, New York 10007

        Re:    Pakter v. DOE. al.,
                08 Civ. 7673 (DAB) (KNF)
                Our Matter No. 2008-031238

Dear Magistrate Judge Fox:

      I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent City Defendants in above-referenced action. I write to seek the Court's guidance on how to proceed in responding to plaintiff's counsel, Joy Hochstadt's, purported opposition to City Defendant's motion for sanctions which was impermissibly filed two days after the twice extended, Court imposed deadline of June 14, 2010.

**A.**    **Background.**

      By order, dated March 22, 2010, the Honorable Deborah A. Batts, United States District Judge, Southern District of New York, granted, *inter alia,* City Defendants' motion for sanctions and referred this matter to Your Honor for a determination of the "costs, expenses and attorneys' fees reasonably incurred because of [plaintiff's counsel's] conduct." See order, dated March 22, 2010, Docket Entry 133.

      On April 6, 2010, this Court issued an order setting a briefing schedule under which City Defendants were required to file their supporting papers on April 20th with plaintiff's response due on May 5th, 1½ months ago. See order, dated April 6, 2010, Docket Entry 134.

**HONORABLE KEVIN N. FOX**
United States Magistrate Judge
Pakter v. DOE., et al.,
08 Civ. 7673(DAB) (KNF)
June 17, 2010
Page 2

On April 25, 2010, Ms. Hochstadt contacted this office and requested consent for a stay of the proceedings pending plaintiff's appeal to the Second Circuit or, in the alternative an extension of time to respond. City Defendants consented to a three-week extension and not to a stay pending appeal. Specifically, City Defendants informed Ms. Hochstadt that, to the extent no final order has been entered in this case by the Clerk of the Court, the appeal is premature and the Circuit lacks jurisdiction.

On April 30th, Ms. Hochstadt wrote to the Court seeking an adjournment "between three weeks and *sine die* pending [the] appeal." See Endorsed Letter, dated April 30, 2010, Docket Entry 139. As set forth above, this was not the agreement of the parties. By order dated May 3, 2010, this Court rejected plaintiff's request for a stay of the proceedings and granted plaintiff a three-week extension, until May 27, 2010, to file her opposition papers.

On May 23, 2010, Ms. Hochstadt wrote the Court seeking a second extension to file plaintiff's opposition papers. Ms. Hochstadt sought this second extension citing, *inter alia*, her intention to "move for a stay in these proceedings pending appeal." Plaintiff did not ask City Defendants' consent to this rather odd and unusual request. On May 25, 2010, City Defendants wrote to the Court indicating that while it did not oppose a second extension for two-weeks, City Defendants did not consent to a stay pending plaintiff's appeal. Also, on May 25, 2010, the Court granted Ms. Hochstadt a two-week extension and directed her to file her papers on or before June 10, 2010. See order, dated May 25, 2010, Docket Entry 140.

On June 10, 2010, Ms. Hochstadt wrote the Court seeking a third extension of time citing her "naive" belief that she could complete the opposition papers by the June 10th deadline. Plaintiff did not ask City Defendants' consent to this request. Ms. Hochstadt ultimately requested a two-day extension to file her papers. On June 11, 2010, the Court granted Ms. Hochstadt's third request indicating:

> On or before June 14th the plaintiff shall serve and file his opposition to defendants' outstanding motion. . . **No additional application by the plaintiff of this ilk will be entertained by the Court.**

See Order, dated June 11, 2010, Docket Entry 141 (emphasis added).

**B.  Ms. Hochstadt Fails to Prepare Her Opposition Papers.**

From June 11th, through June 14th, instead of using the extra time allotted by the Court to prepare her opposition papers, Ms. Hochstadt devoted her time to preparing various written submissions to Judge Batts concerning the merits of plaintiff's claims and seeking a stay of the March 22nd order granting, *inter alia*, sanctions. Specifically, on Saturday, June 12th, Ms. Hochstadt e-mailed Judge Batts' Clerk requesting an emergency "pre-motion conference" to

HONORABLE KEVIN N. FOX
United States Magistrate Judge
Pakter v. DOE., et al.,
08 Civ. 7673(DAB) (KNF)
June 17, 2010
Page 3

reopen the dismissal of plaintiff's complaint. See E-mail from Joy Hochstadt to the Court, dated June 12, 2010, which is annexed hereto as Exhibit "A."

On June 14th, the date that the papers were due to Your Honor under the "emergency" extension granted plaintiff, Ms. Hochstadt wrote Judge Batts seeking an "emergency stay in the proceeding seeking legal fees." See letter from Joy Hochstadt to the Judge Batts, dated June 14, 2010, Docket Entry 142m at 1. In this letter, Ms. Hochstadt acknowledged that her papers were due that day, although she did not note that the deadline had been extended twice and that the last extension had been due to an alleged "emergency." Id. In any event, Ms. Hochstadt sought a stay based on an unfounded belief that "the case may be able to be settled" based on what she inaccurately stated was plaintiff's alleged "complete exoneration" of administrative disciplinary charges.[1] Id. On June 14th, Judge Batts denied Ms. Hochstadt's request in its entirety. See endorsed memorandum order, dated June 14, 2010, Docket Entry 142.

### C. Ms. Hochstadt Begins Piecemeal Filings Of Her Opposition Papers.

On June 14, 2010, Ms. Hochstadt elected to commence piecemeal filings of her opposition papers. See Docket Entries 143, and 144. Specifically, on June 14th, Ms. Hochstadt elected to file the first three pages of what would later become a 29 page declaration in opposition to City defendant's motion. See Declaration of Joy Hochstadt, filed June 14, 2010, Docket Entry 143.

On June 16, 2010, two days after her papers were due and without any authority from the Court, Ms. Hochstadt filed the remaining 26 pages of her declaration along with four exhibits all which are entirely unrelated to the issue before this Court. See Declaration of Joy Hochstadt, filed June 16, 2010, ("Hochstadt Decl.") Docket Entry 144. Nevertheless, Ms. Hochstadt brazenly requests that this Court accept her work "*nunc pro tunc*" for the following reasons:

- Ms. Hochstadt could not timely file her papers because she ". . .simply could not go on without sleep for about 5 hours." Hochstadt Decl., ¶ "53";

- Ms. Hochstadt's computer froze on June 15th causing her to lose her work. Id. ¶ "54."

- Ms. Hochstatd's dog was "abducted" on June 14th "interrupting [her] plan to get back to work." Id. ¶ "58."

---

[1] This is, at best, a grossly inaccurate characterization as the arbitrator has not issued a decision in the disciplinary case. That is, disciplinary charges against plaintiff have not been adjudicated, they are currently being litigated, and plaintiff's statement is based on an arbitrator's oral indication during hearings that he would dismiss some but not all of the charges.

HONORABLE KEVIN N. FOX
United States Magistrate Judge
<u>Pakter v. DOE., et al.,</u>
08 Civ. 7673(DAB) (KNF)
June 17, 2010
Page 4

In sum and in direct contravention of this Court's order, Ms. Hochstadt accreted to herself a further two-day extension, engendered not by any of the excuses proffered by Ms. Hochstadt but by her attempts to evade the Court's order through disingenuous requests to Judge Batts. She now requests that the Court excuse her contemptuous behavior and endorse the extension which she granted to herself, flaunting the Court's warning that "No additional application by the plaintiff of this ilk will be entertained by the Court." Order, dated June 11, 2010.

D.   **Relief Sought.**

Over the last two years of this litigation it has become overwhelmingly clear that Ms. Hochstadt is unable or unwilling to abide by the Federal Rules of Civil Procedure, the Local Civil Rules, Individual Practice Rules, and orders of the Court. It seems to us to have become a steady and consistent practice for plaintiff's counsel to do whatever she pleases, blatantly violating rules and orders, and to apologize for these flagrant abuses afterwards. Stated differently, through her conscious decision to flout the deadlines ordered by this Court and filing her papers two days late, Ms. Hochstadt continues to demonstrate a serious and studied disregard for the orderly process of justice. See <u>White v. American Airlines</u> 915 F.2d 1414 (10th Cir. 1990). It is precisely this kind of behavior that led to the decision by Judge Batts to grant City defendants' motion for sanctions pursuant to 28 U.S.C § 1927. It was this persistent pattern of conduct that led City Defendants to take the unusual step of requesting sanctions in the first instance and it is crystal clear that the imposition of sanctions in the abstract has not stemmed the tide of plaintiff's brazen disobedience of the Court's rules and orders.

For all of these reasons, and given the context of the case, City Defendants reluctantly and respectfully request that plaintiff's request for "*nunc pro tunc*" filing be denied, that Ms. Hochstadt's opposition papers be stricken in their entirety, and that sanctions be imposed in accordance with the Court's March 22nd order. In the event that the Court is inclined to grant Ms. Hochstadt's requests, City Defendants request until July 9, 2010, in which to file a reply.

City Defendants thank the Court for its time and consideration of this matter.

Respectfully submitted,

Larry R. Martinez
Assistant Corporation Counsel

[Handwritten order, 6/23/10:] The plaintiff's request, that his untimely filed opposition to the defendants' submission establishing the excess costs, expenses and attorneys' fees they incurred, because of misconduct by the plaintiff's attorney, is denied. "Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content the deadline must be enforced." <u>United States v. Locke</u>, 471 U.S. 84, 101 (1985).

SO ORDERED:
KEVIN NATHANIEL FOX, USMJ

Cc:   Joy Hochstadt
      (By Electronic Transmission)