UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAVID PAKTER,

                Plaintiff,

     -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                Defendants.   :
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

08 Civ. 7673 (DAB)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE

## BACKGROUND

The plaintiff was represented in this action by attorney Joy Hoschstadt.  On March 22, 2010, your Honor granted the defendants' motion for costs and attorney's fees, pursuant to 28 U.S.C. § 1927,[1] and referred the matter to the undersigned magistrate judge to determine the costs and reasonable attorney's fees incurred, by the defendants, in responding to the plaintiff's: (i) motion to strike; (ii) unauthorized first reply memorandum of law; and (iii) unauthorized refiled first reply memorandum of law.  On April 6, 2010, the Court directed the defendants to serve and file, on or before April 20, 2010, a memorandum accompanied by supporting affidavits and exhibits, setting forth the excess costs, expenses, and attorney's fees reasonably incurred

---

[1] "Any attorney or any other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

because of the plaintiff's conduct, and directed the plaintiff to serve and file, on or before May 5,

2010, any opposing memorandum, affidavits and exhibits.  The defendants filed their

memorandum, declaration and exhibits on April 16, 2010.  On May 3, 2010, with the consent of

the defendants, the plaintiff's counsel requested and received an enlargement of time, until May

26, 2010, to file the opposition.  On May 23, 2010, the plaintiff's counsel sought an additional

enlargement of time to file the opposing papers.  On May 25, 2010, the defendants informed the

Court that they did not oppose the requested enlargement of time, and the Court directed the

plaintiff's counsel to file the opposing papers on or before June 10, 2010.  On June 10, 2010, the

plaintiff's counsel sought another enlargement of time to file the opposing papers.  The Court

granted the request, directed the plaintiff's counsel to file the opposing papers on or before June

14, 2010, and informed counsel that "[n]o additional application by the plaintiff, of this ilk, will

be entertained by the Court."  On June 17, 2010, the plaintiff's counsel again sought an

enlargement of time to file the opposing papers, which the Court denied.  Before the Court is the

defendants' unopposed request for attorney fees in the amount of $12,075.

## DISCUSSION

### *Legal Standard*

When exercising their discretion to determine the reasonableness of the attorney's fees,

courts in this Circuit use the "presumptively reasonable fee" standard.  Arbor Hill Concerned

Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  In

calculating the presumptively reasonable fee, a district court must

> bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have
> identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly
> rate.  The reasonable hourly rate is the rate a paying client would be willing to pay.  In

determining what rate a paying client would be willing to pay, the district court should consider, among others, the [Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)] factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.  The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case.  The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

Id.  The factors enumerated in Johnson are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 114 n.3

(2d Cir. 2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008) (citing Johnson, 488

F.2d at 717-19).  A fee application that is not supported by "contemporaneous time records

indicating, for each attorney, the date, the hours expended, and the nature of the work done"

should be denied.  New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136,

1154 (2d Cir. 1983).  The touchstone for calculating the attorney's fee to award, is what a paying

client would be willing to pay, not the nature of the attorney's employment.  See NLRB v. Local

3, Int'l Bhd. of Elec. Workers, 471 F.3d 399, 406 (2d Cir. 2006).

*Application of Legal Standard*

The defendants seek attorney's fees totaling $12,075.  They contend the assistant

corporation counsel assigned to this matter expended 69 hours researching, writing, preparing

and filing the opposition motions and correspondence, including: (a) 37 hours, between July 17

and 23, 2009, on the opposition to the plaintiff's motion to strike the defendants' motion to

dismiss; (b) 5 hours, between August 1 and 2, 2009, on the defendants' letter relating to the

plaintiff's filing an untimely and unauthorized sur-reply; and (c) 27 hours, between September 9

and 16, 2009, on the opposition to the plaintiff's cross-motion for miscellaneous relief.  The

defendants argue that the requested $175 hourly rate "is reasonable in light of the fact that they

are not seeking to recover [for] time spent by [] supervisors and paralegals or the costs related to

defending against the applications at issue in their motion."  They contend that an hourly rate of

$175 "is consistent with rates awarded in the Southern District of New York [for attorneys

whose] experience in the area of employment discrimination and civil rights law" is comparable

to that of their counsel.

The assistant corporation counsel, who expended the claimed hours: (i) is a May 2007

graduate of Union University's Albany Law School; (ii) is, as of January 2008, a member of the

New York bar, in good standing; (iii) has been employed with the New York City Law

Department, Office of the Corporation Counsel, since September 2007; (iv) serves in the Labor

and Employment Law Division, representing the City of New York in litigation arising out of the

City's role as an employer; (v) has litigated claims involving the First Amendment rights of

municipal employees, discrimination and retaliation under Title VII and the Fourteenth

Amendment, the Americans with Disabilities Act, the Age Discrimination in Employment Act,

the Fair Labor Standards Act and claims brought under city and state law, including the city and

state human rights laws; (vi) has been awarded the Legal Rookie of the Year award in 2008; and

(vii) has been assigned and directly responsible for litigating over 40 cases from commencement

to conclusion of the action.  The assigned assistant corporation counsel submitted

contemporaneous records, indicating the dates and hours expended and the nature of the work done, in connection with the plaintiff's meritless and unauthorized motions.  The time expended and the labor required to respond to these motions is reasonable.  There does not appear to be any novelty or difficulty involved in the work performed in connection with the plaintiff's motions.  Although the assistant corporation counsel had only one year of legal experience, since graduating from law school, when he appeared in this action, in September 2008, his focus on labor and employment law and the fact that, as a junior attorney, he has already been responsible for over 40 litigated cases in that field, indicate that he possesses the skills and experience required to perform the work at issue.  According to the defendants, the total time expended on this litigation, characterized by "incessant and frivolous applications," is 589 hours.  It appears that the 69 hours expended to address the motions at issue, were the minimum necessary to end this action effectively, because the plaintiff's counsel multiplied the proceedings, unreasonably and vexatiously, by filing baseless motions.  All the plaintiff's claims have been dismissed in this action: a favorable outcome for the defendants.

In the Southern District of New York, reasonable hourly rates for junior associates vary: (a) $275 for a junior associate at a well-regarded civil-rights law firm; (b) $250 for junior associates at a mid-size law firm specializing in civil rights employment law; (c) $225 for junior associates in their first-year of experience; and (d) $200 to a junior associate who was a first-year attorney during the bulk of the case. See LV v. New York City Dep't of Educ., 700 F. Supp. 2d 510, 519-20 (S.D.N.Y. 2010) (citations omitted); Auto. Club of N.Y., Inc. v. Dykstra, No. 04 Civ. 2576 (SHS), 2010 WL 3529235, at *3 (S.D.N.Y. Aug. 24, 2010) (finding an hourly rate of $200 for junior associates reasonable); Hallingby v. Hallingby, No. 06 Civ. 5059 (VM), 2010

WL 3853174, at *2 (S.D.N.Y. Sept. 7, 2010) (finding $200 and $260 per hour for associates and $160 per hour for a summer associate to be reasonable).  In light of all the pertinent factors considered, the Court finds that the assistant corporation counsel's $175 hourly fee and the number of hours expended by counsel, for the work performed in connection with the motions at issue here, are reasonable.

## RECOMMENDATION

I recommend that the defendants' application for $12,075, in reasonable attorney's fees, be granted and that a time certain be fixed for the plaintiff's counsel to reimburse the defendants.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Batts.  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York            Respectfully submitted,
       October 26, 2010


                                     _____
                                     KEVIN NATHANIEL FOX
                                     UNITED STATES MAGISTRATE JUDGE