08-CV-7673 (DAB)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID PAKTER,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION f/k/a BOARD OF EDUCATION OF
THE CITY SCHOOL DISTRICT OF NEW YORK;
and JOEL I KLEIN, as Chancellor of the CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK, et al.,

Defendants.

## CITY DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE KEVIN NATHANIAL FOX

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street, Room 2-184
New York, N.Y.  10007-2601

*Of Counsel:*   Larry R. Martinez
*Telephone:*    (212) 227-3153
Matter No. 2008-031238

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 1

       A.  Plaintiff Files the Second Amended Complaint.....................................1

       B.  Ms. Hochstadt Files an Unauthorized Sur-Reply...................................2

       C.  Ms. Hochstadt Files The "Cross-Motion for Miscellaneous Relief..........................................................................3

       D.  The District Court Grants Defendants' Motion to Dismiss and City Defendants' Motion for Sanctions........................................................................................4

       E.  Proceedings Before Magistrate Judge Kevin Nathanial Fox.........................................................................5

       F.  Magistrate Judge Fox Issues A Report & Recommendation .............................................................7

ARGUMENT

    POINT I

        THE REPORT AND RECOMMENDATION IS LEGALLY AND FACTUALLY SOUND, AND SHOULD BE ADOPTED IN ITS ENTIRETY........................................... 8

       A.  The Standard of Review........................................................8

       B.  Application of the Standard to this Case.................................9

    POINT II

        MS. HOCHSTADT MUST BE REQUIRED TO POST A BOND FOR THE FULL AMOUNT AWARDED TO CITY DEFENDANTS .................................... 12

       A.  Ms. Hochstadt's Financial Condition Favors A Requirement That She Post A Bond..................................13

**Page**

    B.  Ms. Hochstadt's Pattern Of Non-Compliance With Numerous Court Orders Favors A Requirement That She Post A Bond. ..................................................14

CONCLUSION.................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Adams et al. v. N.Y. State Dep't of Educ.,
    No. 08 Civ. 5996 (SDNY)(VM)(AJP) ............................................................................13, 14

Adams v. N.Y. State Educ. Dep't.,
    630 F. Supp. 2d 333 (S.D.N.Y. May 4, 2009) .......................................................................11

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,
    522 F.3d 182 (2d Cir. 2007)..................................................................................................10

Blanchard v. Bergeron,
    489 U.S. 87 (1989)................................................................................................................10

Blum v. Stenson,
    465 U.S. 886 (1984)..............................................................................................................11

Bressler v. Liebman,
    96 Civ. 9310, 1997 U.S. Dist. LEXIS 11963 (S.D.N.Y. Aug. 14, 1997) ...............................12

Chan Choi v. Jeong-Wha Kim,
    No. 04 Civ. 88490 2006 U.S. Dist. LEXIS 88490 (E.D.N.Y. Dec. 7, 2006)............................8

Indymac Bank, F.S.B. v. Nat'l Settlement Agency,
    No. 07 Civ. 6865, 2008 U.S. Dist. LEXIS 92267 (S.D.N.Y. Nov. 3, 2008) ............................9

Joza v. WW JFK LLC,
    07 Civ. 4153, 2010 U.S. Dist. LEXIS 94591 (E.D.N.Y. Sept. 10, 2010)..........................12, 13

Olivier v. Advanced Sterilization Prod. Services, Inc.,
    No. 05 Civ.  4001 2008 U.S. Dist. LEXIS 50782 (E.D.N.Y. July 1, 2008) ........................8, 9

NLRB v. Local 3, Int'l Bhd. of Elec. Workers,
    471 F.3d 399 (2d Cir. 2006)..................................................................................................11

Pakter v. DOE, et al.,
    08 Civ. 7673................................................................................................................................1

Pinkney v. Progressive Home Health Servs.,
    No. 06 Civ. 5023, 2008 U.S. Dist. LEXIS 55034 (S.D.N.Y. July 21, 200)..............................9

Shales v. General Chauffeurs, Sales Drivers & Helpers Local Union No. 330,
    557 F.3d 746 (7th Cir. 2009) ...............................................................................................13

**<u>Cases</u>**                                                                                          **<u>Pages</u>**

<u>Sheppard v. Beerman</u>,
   No. 91 Civ. 1349, 1999 U.S. Dist. LEXIS 16570 (E.D.N.Y. Sept. 23, 1999) ..........................8

<u>Thomas v. Arn.</u>,
   474 U.S. 140 (1985) .................................................................................................................9

<u>United States v. United States Gypsum Co.</u>,
   333 U.S. 364 (1948) ................................................................................................................9

<u>White v. American Airlines</u>,
   915 F.2d 1414 (10th Cir. 1990) ............................................................................................14

**<u>Statutes</u>**

28 U.S.C. § 1927 ..............................................................................................4, 12, 13, 14, 15

28 U.S.C. § 636 (b)(1)(C) .........................................................................................................8

Fed. R. Civ. P. 72(b)(3) .............................................................................................................8

Local Rule 6.1(b) .......................................................................................................................2

Local Rule 54.2 ........................................................................................................................12

## PRELIMINARY STATEMENT

The City of New York, the New York City Board of Education ("DOE"), Joel I. Klein, Audrey Jacobson, Judith Rivera, Michael LaForgia, Philip Crowe, Sonia Stewart, Alexis Penzell, Madeline Appell, Mary Ann Geist-Deninno, John Lachky, Hilda Nieto, Giovanni Raschilla, Ann Garner, Eliane Meyer, and Harold Mason (collectively "City defendants") in the above referenced action by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, submit this memorandum of law in response to plaintiff's counsel, Joy Hochstadt's, objections to the Report and Recommendation ("R&R") of Magistrate Judge Kevin Nathanial Fox.  In his Report, Magistrate Fox correctly found that: (a) the 69 hours expended in response to Ms. Hochstadt's frivolous applications; and (b)  the $175 hourly rate sought for the Assistant Corporation Counsel assigned to the matter was "reasonable."

As is readily apparent from the Docket Sheet maintained in Pakter v. DOE, et al., 08 Civ. 7673, City defendants were required to devote a considerable amount of time and resources to the numerous applications and issues presented to the Court by Ms. Hochstadt during two year period that Pakter v. DOE has been pending.  Accordingly, and as further discussed below, City defendants respectfully request that the Court adopt the R&R in its entirety, that Ms. Hochstadt be directed to pay $12,075 in reasonable attorney's fees, and that she be required to post a bond for said amount pending a final resolution of this matter.

## STATEMENT OF FACTS [1]

### A.    Plaintiff Files the Second Amended Complaint.

On June 1, 2009, plaintiff filed the Second Amended Complaint raising ten causes of action against the DOE and fourteen individual defendants.  See Docket Entry 72.

---

[1] As City defendants' motion for sanctions is based on procedural events occurring after June 1, 2009, this statement of facts begins with the filing of the Second Amended Complaint on June 1, 2009.

On July 1, 2009, the Office of the Corporation Counsel moved to dismiss the Second Amended Complaint on behalf of all the individually named defendants ("City defendants") with the exception of Harold Mason and Dr. Richard Shuster.  See Docket Sheet Entry 84.[2]  Pursuant to Local Rule 6.1(b), plaintiff's opposition to City defendants' motion was due on July 16, 2009, with defendants' reply due on July 23, 2009.  See Notice of Motion, Docket Entry 84.

On July 16th, instead of filing opposition papers in response to City Defendants' motion, Ms. Hochstadt filed a motion to strike the motion to dismiss.  See Docket Entry 90.  The motion to strike contained a declaration from the plaintiff as well as a five-page letter brief that supported the motion to strike and opposed City defendants' motion to dismiss.  Id.

On July 23, 2009, City defendants timely filed their "Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint and in Opposition to Plaintiff's Motion to Strike."  See Docket Entries 91 & 92.  Accordingly, City defendants' motion to dismiss was fully submitted on July 23, 2009.  All that remained was for plaintiff to file a reply to City defendants' opposition to the motion to strike by the July 30, 2009.

**B.      Ms. Hochstadt Files an Unauthorized Sur-Reply.**

On August 2, 2009, more than one week after City defendants' motion was fully submitted, and more than three days after the July 30th return date on the motion to strike, Ms. Hochstadt filed a "Memorandum of Law in Opposition to Defendants' Motion to Dismiss" ("Plaintiff's Memorandum").  See Docket Entry 93.  On August 3, 2009, City defendants moved to strike Plaintiff's Memorandum as an untimely and unauthorized sur-reply.  See Docket Entry 136-1, Letter from Assistant Corporation Counsel Larry Martinez to the Honorable Deborah A.

---

[2] At all times herein, Dr. Richard Shuster, who is not a City employee, has been represented by private counsel.

Batts, United States District Judge, dated August 3, 2009, which is annexed to the Declaration of Larry R. Martinez, dated April 20, 2010, ("Martinez 4/20/10 Decl.") as Exhibit B.

On August 27, 2009, the Court issued an Order, *inter alia,* striking Plaintiff's Memorandum "as an un-authorized sur-reply and for violations of the Local Rules and the Court's Individual Practice Rules." <u>See</u> Order, Dated August 27, 2009, Docket Entry 102.

## C.    Ms. Hochstadt Files The "Cross-Motion for Miscellaneous Relief."

On August 18, 2009, the Office of the Corporation Counsel was retained as counsel for Defendant Harold Mason and filed a notice of appearance on his behalf. <u>See</u> Docket Entry 99.   Mr. Mason also asked "to join the Motion to Dismiss the Second Amended Complaint" that was filed by the other City defendants on July 1, 2009 ("Me Too Motion").   <u>See</u> Docket Entry 102.  Mr. Mason did not raise any new arguments in his application to join the City defendants' motion. <u>Id.</u>

On September 1, 2009, Ms. Hochstadt filed a Notice of Motion seeking "miscellaneous relief" which included: (1) reconsideration of the Court's August 27th Order; (2) an Order "consolidating" the motions to dismiss filed by City Defendants and Dr. Shuster; (3) an order denying the parties' motions to dismiss and; (4) an order entering "[d]efault against Individual Defendants Garner, Rivera, Raschilla, Penzell, Nieto, LaForgia, Lachky, Jacobson, and Geist-Deninno." <u>See</u> Docket Entry 103.

On September 2, 2009, Ms. Hochstadt filed a declaration in support of her Cross-Motion. <u>See</u> Declaration of Joy Hochstadt, filed September 2, 2009 ("Hochstadt Decl."), Docket Entry 104.  Without the Court's authorization, Ms. Hochstadt <u>re-filed</u> the Memorandum of Law which the Court struck on August 27th as an Exhibit to her declaration.  <u>See</u> Hochstadt Decl., Exhibit 5 n. 1.  Ms. Hochstadt attempted to excuse this contemptuous action with the following statement which she buried in a footnote: "The July 31, 2009 Memorandum of Law is therefore

being re-filed in response to the August 18, 2009 ["Me Too"] Motion by Defendant Mason."  Id.

In the same footnote, she argued that the "Court erred in striking" the memorandum, but did not

identify what matters or controlling decisions she believed the Court had overlooked.  See Id. at

fn. 1.

On September 16, 2009, City defendants filed their opposition to plaintiff's

motion and sought an Order from the Court finding that Ms. Hochstadt had violated 28 U.S.C. §

1927's prohibition against "unreasonably and vexatiously" multiplying the proceedings in this

case.  As a result, City defendants sought reasonable attorney's fees for the time spent in

responding to, inter alia, Ms. Hochstadt's:  (1) July 16, 2009 "Motion to Strike"; (2) the August

2, 2009 unauthorized Plaintiff's Memorandum; and (3) the September 2, 2009 unauthorized re-

filing of Plaintiff's Memorandum which had been previously stricken by the Court on August

27th.

**D.       The District Court Grants Defendants' Motion to Dismiss and City Defendants'
           Motion for Sanctions.**

On March 22, 2010, the Honorable Deborah Batts issued a Decision and Order

granting City defendants' motion to dismiss as well as their motion for sanctions brought

pursuant to 28 U.S.C. § 1927.  See generally Decision and Order, dated March 22, 2010

("Order"), Docket Entry 133.  Specifically, the Court found that: (1) "Plaintiff's July 16, 2009

'Motion to Strike' Defendants' Motion to Dismiss was completely meritless and [made] in bad

faith."; (2) Plaintiff's August 2, 2009 memorandum "was nothing more than a . . . belated and

unauthorized" sur-reply; and (3) the September 2, 2009 re-filing of the previously stricken sur-

reply was made "in direct contravention of the Court's August 27, 2009 Order."  See Order, at

12, 25-27.

4

Accordingly, Judge Batts referred this matter "to the Honorable Kevin N. Fox for an inquest for reasonable attorneys' [fees] and the costs to [City] Defendant[s] [in] responding to Plaintiff's Motion to Strike, as well as responding to Plaintiff's unauthorized First Reply Memorandum and Plaintiff's unauthorized re-filing of the First Reply Memorandum." Id.

**E.      Proceedings Before Magistrate Judge Kevin Nathanial Fox.**

On April 6, 2010, Magistrate Judge Fox issued an order setting a briefing schedule under which City Defendants were required to file papers in support of their application for attorney's fees on April 20th with Ms. Hochstadt's response due on May 5, 2010  See Order, dated April 6, 2010, Docket Entry 134.  On April 16, 2010, City defendants timely filed their papers which sought $12,075 in attorney's fees.   See Docket Entries 135-137. The amount reflected a total of 69 hours of attorney time at a rate of $175 an hour.

On April 30th, Ms. Hochstadt wrote to the Court seeking an adjournment "between three weeks and *sine die* pending [the] appeal [of plaintiff's underlying case]." See Endorsed Letter, dated April 30, 2010, Docket Entry 139.  By order dated May 3, 2010, the Court rejected Ms. Hochstadt's request for a stay of the proceedings and granted plaintiff a three-week extension, until May 27, 2010, to file her opposition papers.  Id.

On May 23, 2010, Ms. Hochstadt wrote the Court seeking a second extension to file plaintiff's opposition papers.  See Memo Endorsed, dated May 25, 2010, Docket Entry 140. Ms. Hochstadt sought this second extension citing, *inter alia*, her intention to "move for a stay in these proceedings pending appeal."  On May 25, 2010, the Court granted Ms. Hochstadt a two-week extension and directed her to file her papers on or before June 10, 2010.  See id.

On June 10, 2010, Ms. Hochstadt wrote the Court seeking a third extension of time citing her "naive" belief that she could complete the opposition papers by the June 10th deadline.  See Memo Endorsed, dated June 11, 2010, Docket Entry 141.  Ms. Hochstadt

requested an additional two-day extension to file her papers. On June 11, 2010, the Court granted Ms. Hochstadt's third request with an explicit warning that no additional extensions would be granted:

> On or before June 14th the plaintiff shall serve and file his opposition to defendants' outstanding motion. . . **No additional application by the plaintiff of this ilk will be entertained by the Court.**

See id. (emphasis added).

On June 14th, the date that the papers were due, Ms. Hochstadt wrote Judge Batts seeking an "emergency stay in the proceeding seeking legal fees." See letter from Joy Hochstadt to the Judge Batts, dated June 14, 2010, Docket Entry 142, at 1. On June 14th, Judge Batts denied Ms. Hochstadt's request in its entirety. See Endorsed Memorandum Order, dated June 14, 2010, Docket Entry 142.

On June 14, 2010, Ms. Hochstadt elected to commence piecemeal filings of her opposition papers. See Docket Entries 143 and 144. Specifically, on June 14th, Ms. Hochstadt filed the first three pages of what would later become a 29 page declaration in opposition to City defendant's application for attorney's fees. See Declaration of Joy Hochstadt, filed June 14, 2010, Docket Entry 143.

On June 16, 2010, two days after her papers were due and without any authority from the Court, Ms. Hochstadt filed the remaining 26 pages of her declaration along with four exhibits all of which are entirely unrelated to the issue before Magistrate Judge Fox. See Declaration of Joy Hochstadt, filed June 16, 2010 ("Hochstadt Decl."), Docket Entry 144. Ms. Hochstadt brazenly requested that the Court accept her work "*nunc pro tunc*" because: (1) she ". . .simply could not go on without sleep for about 5 hours.";  (2) Ms. Hochstadt's computer froze

on June 15th causing her to lose her work; and (3) Ms. Hochstadt's dog was "abducted" on June 14th "interrupting [her] plan to get back to work." See Hochstadt Decl., ¶¶ 53, 54, 58.

On June 17, 2010, City defendants wrote to the Court requesting that Ms. Hochstadtt's request for *nunc pro tunc* treatment be denied and that her opposition papers be stricken as untimely.  See Letter from Assistant Corporation Counsel Larry R. Martinez, dated June 17, 2010, Docket Entry 146.  On June 23, 2010, the Court issued an order denying Ms. Hochstadt's request. Specifically, Magistrate Judge Fox stated:

> The plaintiff's request. . . is denied. 'Filing deadlines, like statues of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content the deadlines must be enforced.

See id. (internal citation omitted).

## F.    Magistrate Judge Fox Issues A Report & Recommendation

On October 26, 2010, Magistrate Judge Fox issued a Report & Recommendation granting City defendants' request for $12,075 in attorney's fees.  See R&R, Docket Entry 148. Specifically, the Court found that: (a) the 69 hours expended in response to Ms. Hochstadt's frivolous applications and (b) the $175 hourly rate sought for the Assistant Corporation Counsel assigned to the matter was "reasonable."  Id. at 5.  Indeed, the Court found that, in light of the 589 hours expended on the case, the "69 hours expended to address the motions at issue, were the minimum necessary to end this action effectively, because the plaintiff's counsel multiplied the proceedings, unreasonably and vexatiously, by filing baseless motions." Id.

On November 10, 2010, Ms. Hochstadt filed purported objections to the R&R. See  "Plaintiff's Objections To Report And Recommendations Of His Honor Kevin N. Fox," ("Hochstadt Opp."), Docket Entry 149.  City defendants now reply.

**ARGUMENT**

**POINT I**

**THE REPORT AND RECOMMENDATION IS LEGALLY AND FACTUALLY SOUND, AND SHOULD BE ADOPTED IN ITS ENTIRETY**

**A.    The Standard of Review**

Any party may serve and file written objections to the proposed findings and recommendations of a Magistrate Judge.  See 28 U.S.C. § 636 (b)(1)(C).  Any portion of a report and recommendation, to which a timely objection has been made, is subject to a de novo review. See id.; see also Fed. R. Civ. P. 72(b)(3).  However, the Court is "not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed."  See Thomas v. Arn., 474 U.S. 140, 150 (1985).  Specifically, where the objecting party makes general or conclusory objections to the report and recommendation without specifying which issues in the report she is objecting to, "a de novo review is unwarranted."  See Chan Choi v. Jeong-Wha Kim, No. 04 Civ. 88490 at *4-5, 2006 U.S. Dist. LEXIS 88490 (E.D.N.Y. Dec. 7, 2006).  Instead, the report and recommendation is to be reviewed by the district judge for clear error.  Id.

A party seeking to overturn a ruling under the clear error standard bears a "heavy burden."  Sheppard v. Beerman, No. 91 Civ. 1349, 1999 U.S. Dist. LEXIS 16570, 1 at *2 (E.D.N.Y. Sept. 23, 1999).  A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that mistake has been committed."  See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); see also Olivier v. Advanced Sterilization Prod. Services, Inc., No. 05 Civ. 4001 at *2-3, 2008 U.S. Dist LEXIS 50782 (E.D.N.Y. July 1, 2008) (finding that "the district judge need only be satisfied that there is no clear error on the face of the record.")

**B.     Application of the Standard to this Case**

As an initial matter, <u>de novo</u> review is unwarranted in this case for three reasons. First, Ms. Hochstadt's objections were untimely.  Second, most of Ms. Hochstadt's purported objections are not aimed at the particular findings in the RR.   Rather, her objections challenge the District Court's decision that granted, *inter alia,* City defendants' motion for sanctions.  <u>See generally</u> Hochstadt Opp., Docket Entry 149.  Third, a review of Ms. Hochstadt's objections reveals that they are nothing more than a re-filing of her opposition to City Defendants' fee application which was rejected by Magistrate Fox as untimely.  <u>Compare</u> Declaration of Joy Hochstadt, filed June 16, 2010, Docket Entry 144, <u>with</u> Hochstadt Opp., Docket Entry 149. Ultimately, because Ms. Hochstadt's papers seek to relitigate her previously rejected arguments, the Court should review the Report under the "clear error" standard. <u>See</u> <u>Pinkney v. Progressive Home Health Servs.</u>, No. 06 Civ. 5023, 2008 U.S. Dist LEXIS 55034, at *1 (S.D.N.Y. July 21, 200*)("[O]bjections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."); <u>see also</u> <u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency</u>, No. 07 Civ. 6865, 2008 U.S. Dist. LEXIS 92267, at *1 (S.D.N.Y. Nov. 3, 2008).  ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.").

Under this standard, Ms. Hochstadt cannot establish that a clear error is apparent from the face of the record because Magistrate Judge Fox's report was based on a sound analysis of the applicable law and facts.

First, the Court correctly found that the $12,075 sought by City defendants was reasonable in light of the time and effort expended in defending against Ms. Hochstadt's

frivolous motions.  In challenging this amount, Ms. Hochstadt misstates the "presumptively reasonable fee" standard that controls the computation of fees in this case.  Specifically, Ms. Hochstadt baldly argues that the fees in this case should be based on what a client is willing to pay her according to the fees set in her retainer agreements.  See Hochstadt Opp, Docket Entry 149 at 3.  To this end, Ms. Hochstadt argues that since she is "paid $0 dollars/hr on the willing client basis. . . why should [City defendants] get more[?]"  Id.

Ms. Hochstadt's arguments are meritless.  It is well settled in this Circuit that the prevailing market rate is the appropriate rate for calculating the presumptively reasonable fee for a fee applicant.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 192 (2d Cir. 2007)("[O]ur holding honors the Supreme Court's emphasis on the need to use the approximate market rate for an attorney's services in calculating the presumptively reasonable fee.") (internal citations omitted).  Nothing in the case law suggests that a fee applicant's rate should be reduced by: (1) what the non-movant claims to have been paid; or (2) by the non-movant's private contingency fee agreements.  To the contrary, courts have consistently held that contingency fee arrangements do not limit the fees payable to counsel for a prevailing party.  See e.g., Blanchard v. Bergeron, 489 U.S. 87 (1989)(contract between plaintiff and plaintiff's counsel does not govern the attorneys fees).  Accordingly, Ms. Hochstadt's argument should be rejected in its entirety.

Second and equally unavailing is Ms. Hochstadt's argument that the attorney's fees award in this case should be mitigated by City defendant's status as a government attorney and fixed salaries earned by its attorneys.  See Hochstadt Opp. at 3-4.  Specifically, Ms. Hochstadt argues, without any legal support, that the "Law Department is a non-profit, modestly billing organization", speculates that it "bills out its non-supervising attorneys at $40.00 or less

10

per hour" and contends based on that rate, the City defendants are entitled to only $2,492.28 in fees. Id.

It is well settled that counsel's status as a government attorney "should not change the analysis of what rate a paying client would be willing to pay, and thus the rate should be the same whether private counsel, non-profit organization counsel or a government attorney performs the work." See Adams v. N.Y. State Educ. Dep't., 630 F.Supp 333, 348 (S.D.N.Y. May 4, 2009) citing NLRB v. Local 3, Int'l Bhd. of Elec. Workers, 471 F.3d 399, 406-409 (2d Cir. 2006); Blum v. Stenson, 465 U.S. 886, 894 (1984)("Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization.").

Finally, Ms. Hochstadt's contention that she has been denied due process throughout this proceeding is nothing short of preposterous.  On April 6, 2010, Magistrate Judge Fox issued an order setting a briefing schedule under which City defendants were required to file papers in support of their application for attorney's fees on April 20th with Ms. Hochstadt's response due on May 5, 2010  See Order, dated April 6, 2010, Docket Entry 134.  After City defendants timely filed their papers, Ms. Hochstadt sought, and received, no less than three extensions of time to file her opposition papers.  On June 11, 2010, in granting Ms. Hochstadt a third and final extension, Magistrate Judge Fox made clear that no further extensions would be granted.  See Order, dated June 11, 2010, Docket Entry 141.

Despite this warning, Ms. Hochstadt failed to file a timely opposition to City defendants' fee application.  Indeed, on June 16, 2010, two days after her papers were due and without any authority from the Court,  Ms. Hochstadt filed her complete opposition papers.  See Docket Entry 144.  Ms. Hochstadt requested that the papers be accepted "*nunc pro tunc*" and

offered the following preposterous excuses: (1) she ". . .simply could not go on without sleep for about 5 hours.";  (2) her computer froze on June 15[th,] the day after her papers were due, causing her to lose her work; and (3) Ms. Hochstadt's dog was "abducted" on June 14th "interrupting [her] plan to get back to work." <u>See</u> Hochstadt Decl., ¶¶ 53, 54, 58.  By Order dated June 23, 2010, the Court rejected Ms. Hochstadt's papers as untimely.  <u>See</u> Memo Endorsed, Docket Entry 146.  Accordingly and for aforementioned reasons, City defendants respectfully request that  Magistrate Judge Fox's Report & Recommendation be adopted in its entirety.

**POINT II**

**MS. HOCHSTADT MUST BE REQUIRED TO POST A BOND FOR THE FULL AMOUNT AWARDED TO CITY DEFENDANTS**

Ms. Hochstadt must be required to post a bond for $12,075 pending final resolution of this action. Local Civil Rule 54.2 states that:

> The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate.

<u>See</u> Loc. Civ. R. 54.2.  Costs for which a bond may be ordered under this Rule includes attorney's fees awarded pursuant to 28 U.S.C. § 1927.  <u>See</u> <u>Bressler v. Liebman</u>, 96 Civ. 9310, 1997 U.S Dist. LEXIS 11963, at *8 (S.D.N.Y. Aug. 14, 1997); <u>see</u> <u>also</u> <u>Joza v. WW JFK LLC</u>, 07 Civ. 4153, 2010 U.S. Dist. LEXIS 94591 at *16 (E.D.N.Y. Sept. 10, 2010).  The Court considers various factors in making an individualized determination as to whether the positing of a bond is warranted.  These factors include, *inter alia*,: (1) the financial condition and ability to pay of the party at issue; and (2) the party's compliance with prior court orders.  <u>See</u> <u>Joza</u>, 2010 U.S. Dist LEXIS 94591 at *16.

12

**A.      Ms. Hochstadt's Financial Condition Favors A Requirement That She Post A Bond.**

Ms. Hochstadt has indicated that she is unable or unwilling to pay City defendants' attorney's fees because such a requirement would cause her to "lose her ability to practice to the great detriment of numerous clients." <u>See</u> Hochstadt Opp., at 4-5.  Such an argument should be of no consequence.  At least one federal court has held that a violation of 28 U.S.C. § 1927 "is a form of intentional tort.  And there is no principle in tort law that damages depend on a tortfeasor's assets.  Quite the contrary, damages depend on the victim's loss, not the wrongdoer's resources." <u>See</u> <u>Shales v. General Chauffeurs, Sales Drivers & Helpers Local Union No. 330</u>, 557 F.3d 746, 748-750 (7th Cir. 2009).  Here, City defendants have been required to expend its scare resources in defending the numerous, frivolous and baseless motions filed by Ms. Hochstadt.  In these dire fiscal times, the City should not be required to expend valuable time and resources defending the ill conceived whims of attorneys like Ms. Hochstadt.  Accordingly, Ms. Hochstadt's argument should be rejected in its entirety.

Moreover, Ms. Hochstadt should be required to post a bond to the extent that she is currently the subject of <u>two</u> motions for sanctions which are pending before District Judge Victor Marrero and Magistrate Judge Andrew Peck in <u>Adams et al. v. N.Y. State Dep't of Educa</u>. <u>See</u> <u>generally</u> <u>Adams et al. v. N.Y. State Dep't of Educ.</u>, No. 08 Civ. 5996 (SDNY)(VM)(AJP) ("Adams case").

Specifically, on August 6, 2010, Magistrate Peck sanctioned Ms. Hochstadt in the amount of $5,000 based on numerous instances of "willful non-compliance" with Court orders in the <u>Adams</u> case.  <u>See</u> Decision & Order, dated September 22, 2010, which is annexed hereto as Appendix A at 1.

On or about September 22, 2010, District Judge Victor Marrero issued an Order indicating that the Court "was persuaded that the sanction imposed against Ms. Hochstadt is

warranted…However, taking into account that Hochstadt's conduct in other aspects of this litigation is the subject of additional sanctions proceedings now pending before Magistrate Peck, the Court modifies the Order to reduce the amount of the penalty to $1,000." See id. at 4. To date it is unclear whether Ms. Hochstadt has paid this sanction despite being ordered to do so.

On or about October 22, 2010, the City of New York and the New York State Education Department filed a joint motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in the Adams case.  See Adams, No. 08 Civ. 5996, Docket Entries 271-274. The parties seek more than $14,000 in attorney's fees to be imposed against, *inter alia*, Ms. Hochstadt.  Id.  Similar to her behavior in this case, Ms. Hochstadt failed to file a timely opposition to the Rule 11 motions and, by Order dated November 2, 2010, Magistrate Peck entered a default judgment against Ms. Hochstadt.  See Adams, No. 08 Civ. 5996, Docket Entry 276.  Accordingly, and given her claims that she does not have cash or cash equivalents in the amount of $12,000, City defendants respectfully request that Ms. Hochstadt be required to submit a bond in the full amount awarded by this Court. See Hochstadt Opp., at 5, 12.

**B.    Ms. Hochstadt's Pattern Of Non-Compliance With Numerous Court Orders Favors A Requirement That She Post A Bond.**

Over the last two years of this litigation it has become overwhelmingly clear that Ms. Hochstadt is unable or unwilling to abide by the Federal Rules of Civil Procedure, the Local Civil Rules, Individual Practice Rules, and orders of the Court.  Ms. Hochstadt has repeatedly violated court orders and offered preposterous excuses for her contemptuous behavior.  Stated differently, through her conscious decision to flout the deadlines ordered by both Judge Batts and Magistrate Judge Fox and their orders striking her papers, Ms. Hochstadt continues to demonstrate a serious and studied disregard for the orderly process of justice.  See White v. American Airlines 915 F.2d 1414 (10th Cir. 1990).  It is precisely this kind of behavior that led to

the grant of sanctions pursuant to 28 U.S.C § 1927.  This persistent pattern of misconduct led City defendants to take the unusual step of requesting sanctions in the first instance and it is crystal clear that the imposition of sanctions in the abstract has not deterred plaintiff from disobeying the Court's rules and orders.

For the reasons set forth in Points I and II above, City defendants respectfully request that Magistrate Judge Fox's Report be adopted in its entirety and that Ms. Hochstadt be required to file a bond in the amount of $12,075 pending the final resolution of this case.

## CONCLUSION

**WHEREFORE**, City defendants respectfully request that the Court issue an order adopting the October 26, 2010 Report and Recommendation of Magistrate Judge Kevin Nathanial Fox, directing that Ms. Hochstadt personally pay the City $12,075.00, and directing Ms. Hochstadt to post a bond in said amount pending final resolution of this matter.

Dated:          New York, New York
                November 24, 2010


                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the
                                    City of New York
                                   Attorney of for the City Defendants
                                   100 Church Street, Room 2-184
                                   New York, New York 10007-2601
                                   (212) 227-3153
                                   lmartine@law.nyc.gov


                          By:   **ECF**          /s/
                                   Larry R. Martinez,
                                   Assistant Corporation Counsel