USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
DAVID PAKTER,

                    Plaintiff,

       -against-

NEW YORK CITY DEPARTMENT OF EDUCATION
f/k/a BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK;
JOEL I. KLEIN, as Chancellor of the
CITY SCHOOL DISTRICT OF THE CITY OF NEW
YORK, et al.

                    Defendants.
------------------------------------------X

08 Civ. 7673 (DAB)
MEMORANDUM & ORDER

DEBORAH A. BATTS, United States District Judge.

    This matter is before the Court upon a Report and Recommendation ("Report") of United States Magistrate Judge Kevin Nathaniel Fox, which was filed October 26, 2010 (the "Report"). The Report recommends that Defendants be awarded $12,075 in reasonable attorney's fees pursuant to 28 U.S.C. § 1927 in connection with time spent responding to (1) Plaintiff's motion to strike the Defendants' Motion to Dismiss; (2) Plaintiff's untimely and unauthorized sur-reply to Defendants' Motion to Dismiss, and (3) Plaintiff's cross-motion for miscellaneous relief. Although Magistrate Judge Fox granted Plaintiff's counsel three enlargements of time to file a response to Defendants' motion for attorney's fees, Plaintiff failed to respond in a timely fashion and the motion was considered unopposed. (Report, 2.)

According to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. Rule 72(b)(2) (stating that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations").

Plaintiff filed objections to the Report on November 9, 2010, arguing that Magistrate Judge Fox erred in calculating reasonable attorney's fees and that sanctions are inappropriate in this case. (See generally, Pl.'s Obj. Report.) This Court, however, awarded Defendants reasonable attorney's fees in an Order dated March 22, 2010. Accordingly, the appropriateness of attorney's fees was not an issue before Magistrate Judge Fox. This Court need not consider those objections. See Arista Records LLC v. Usenet.com, Inc., No. 07 Civ. 8822, 2010 WL 3629587, at *3 (S.D.N.Y. Sept. 16, 2010) (disregarding objections aimed at issues already decided by the district court).

Reviewing de novo Magistrate Judge Fox's calculation of reasonable attorney's fees in this case, this Court agrees with Magistrate Judge Fox that an award of $12,075 is appropriate. Magistrate Judge Fox was correct that reasonable hourly rates in

the Southern District of New York for attorneys of similar experience practicing in similar areas range from $200 to $275. (See Report, 5-6 (collecting cases).) There is simply no support for Plaintiff's contention that Defendants should receive no more than Plaintiff's counsel herself is paid. (Pl.'s Obj. Report 3.)

Equally without merit is Plaintiff's objection that a lower fee award is warranted because Defendants' attorneys are government employees. (Pl.'s Obj. Report, 3-4.) Market rate is appropriate regardless of whether Defendants' attorneys are private attorneys, non-profit attorneys, or government employees. See NLRB v. Local 3, Int'l Bhd. Of Elec. Workers, 471 F.3d 399, 406-409 (2d Cir. 2006) (noting that government salaries do not represent the actual expenses incurred in a case); Adams v. N.Y. State Educ. Dep't., 630 F. Supp. 2d 333, 348 (S.D.N.Y. 2009) (calculating fees for government attorneys at the prevailing market rate).

This Court has reviewed the remainder of the Report and has found no clear error on the face of the record. See 28 U.S.C. § 636(b)(1)(B).

Defendants, in their Memorandum of Law, ask this Court to require Plaintiff to post a bond for the full amount of the fee award pending final resolution of this action. (Defs.' Mem. L. Resp., 12-15.) Under Local Civil Rule 54.2, "[t]he court, on

3

motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." Local Civil Rule 54.2. Given that in its Order of March 22, 2010, this Court dismissed all of Plaintiff's federal claims and declined to exercise supplemental jurisdiction over Plaintiff's state law claims, proceedings before this Court have concluded. Accordingly, A bond for costs under Local Civil Rule 54.2 is unnecessary.

Similarly, as this Court has disposed of Plaintiff's claims, Plaintiff's Motion for Reconsideration of this Court's December 7, 2009 Order denying miscellaneous preliminary and injunctive relief is DENIED as moot.

It is hereby ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation, Docket Entry No. 148, of United States Magistrate Judge Kevin Nathaniel Fox, dated October 26, 2010, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety;

2. Plaintiff's counsel shall reimburse Defendants for reasonable attorney's fees in the amount of $12,075;

3. The Clerk of Court is directed to TERMINATE the motions

at docket numbers 119, 130, and 135, and CLOSE the docket in this case.

SO ORDERED.

Dated:   New York, New York
         January 31, 2011

*Deborah A. Batts*
Deborah A. Batts
United States District Judge